# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br>v.<br><br>COMSCORE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:11-cv-05807<br><br>Hon. James F. Holderman |

## PLAINTIFF MIKE HARRIS'S FIRST SET OF INTERROGATORIES TO DEFENDANT COMSCORE, INC.

Plaintiff, Mike Harris, pursuant to Fed. R. Civ. P. 33, request that Defendant comScore, Inc. answer the following interrogatories within the time ordered by the Court.

### I. Definitions

1. "BUNDLED" means the association of one software program, script or application with a second software program, script or application into a single installation program package, whereby both software programs, scripts or applications are installed during the same installation process.

2. "BUNDLED SOFTWARE" means any software developed and/or designed by YOU that is BUNDLED with software which is used to collect and transmit data about USERS to YOU, including but not limited to: RelevantKnowledge, OpinionSpy, Premier Opinion, OpinionSquare, PermissionResearch, and MarketScore.

3. "COMMUNICATION" means or refers to the transmittal of information, facts or ideas including, but not limited to, communications in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting telephone conversation, letter,

1

correspondence, note, memorandum, e-mail message, telegram, advertisement or other form of exchange of words, whether oral or written.

4.   "COMPLAINT" means the Class Action Complaint filed in this action (Dkt. No. 1).

5.   "COMPUTER" means all data processing equipment, including but not limited to, central processing units (CPUs), whether contained in a server, free standing computer, or laptop.

6.   "DATE" means the exact year, month and date, if known, or, if not known, YOUR best approximation thereof.

7.   "DESCRIBE" when used in relation to any process, policy, act or event means explain the process, policy, act or event in complete and reasonable detail, stating the time, date, and location, identifying all PERSONS participating or present, and identifying all documents relating thereto.

8.   "DOCUMENTS" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data, data records or data compilations—stored in or on any medium from which information can be obtained."

9.   "ELECTRONICALLY STORED INFORMATION" means or refers to computer generated information or data, of any kind, stored on COMPUTERS, file servers, disks, tape or other devices or media, or otherwise evidenced by recording on some storage media, whether real virtual, or cloud based.

10.   "IDENTIFY," when used with respect to a COMMUNICATION, means to state the type of COMMUNICATION (i.e., telephone discussion, email, face-to-face, etc.), the name and present address of each person present during the COMMUNICATION, or who otherwise

observed or heard the COMMUNICATION and to state the subject matter of the COMMUNICATION and the DATE upon which it occurred. If the COMMUNICATION was in writing, IDENTIFY all DOCUMENTS that relate or are RELATED TO the COMMUNICATION in the manner provided above.

11. "IDENTIFY," when used with respect to a natural person, means to state the person's full name, present or last known business affiliation and position, past and present home address and past position and business affiliation, if any, with any of the parties herein.

12. "IDENTIFY," when used with respect to a company or other business entity, means to state the company's legal name, the names under which it does business, its form (e.g., partnership, corporation, etc.), the address of its principal place of business, and to IDENTIFY its principal proprietors, officers or directors.

13. "IDENTIFY," when used with respect to a DOCUMENT, means to state the date(s) prepared, drafted or generated, the author(s), intended and actual recipient(s), type of DOCUMENT (e.g., "letter," "Terms of Service" or "email"), and to IDENTIFY its last known custodian or location.

14. "IDENTIFY," when used in reference to an event, transaction, or occurrence, means to DESCRIBE the act in complete and reasonable detail; state the time, DATE, location; IDENTIFY all PERSONS participating or present; and IDENTIFY all DOCUMENTS relating thereto.

15. "INCLUDING" means "including, but not limited to;" "includes" means "includes, but not limited to."

16. "NETWORK USER" refers to any PERSON using or operating a computer that shares or has shared network drives with a USER, as well as any PERSON that uses or has used

or operated a COMPUTER on a wireless network within reachable proximity (i.e., capable of having wireless network traffic intercepted) of a USER.

17. "PERSON" means or refers to any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

18. "PLAINTIFF" means or refers to Plaintiff Mike Harris.

19. "RELATING TO," including its various forms such as "relates to," means to consist of, concern, discuss, mention, regard, refer to, reflect, relied upon, used, or reference the matter described.

20. "RELEVANT TIME PERIOD" means two (2) years prior to the date the COMPLAINT was filed until the present.

21. "UNAUTHORIZED CONSUMER DATA" means information or data collected from a USER through the BUNDLED SOFTWARE.

22. "USER" refers to any PERSON who uses or has used or operated a COMPUTER with BUNDLED SOFTWARE running on it during the relevant time period.

23. "YOU" and "YOUR" means or refers to Defendant comScore, Inc. and related PERSONS, as well as their respective officers, agents, and employees.

## *II. Instructions*

1. If YOU object or otherwise refuses to respond to any portion of any Interrogatory, YOU shall (1) state the nature and basis of the objection or reason for such refusal in sufficient fashion to permit the Court to rule on the validity of the objection; and (2) answer all portions of such Interrogatory that are not claimed to be objectionable.

2. If YOU object to answering all or any part of any Interrogatory on the grounds of privilege or work product, YOU are required to identify the privileged document(s) or

4

communication(s), and with respect to each such privileged document or communication state:

    (a)    the date appearing on such document, or if no date appears, the date on which such document or ESI was prepared;

    (b)    ESI metadata creation, revision, transmission, receipt, and last access dates;

    (c)    the name of each person to whom such document or ESI was addressed;

    (d)    the name of each person, other than the addressee(s) identified in subparagraph (b) above, to whom such document or ESI, or copy thereof was sent, or with whom such document was discussed;

    (e)    the name of each person who signed such document or ESI, if not signed, the name of each person who prepared it;

    (e)    the name of each person making any contribution to the authorship of such document or ESI;

    (f)    the job title or position of each person identified in subparagraph (b), (c), (d), and (e) above;

    (g)    the date such document or ESI was received or discussed by each person identified in subparagraphs (b) or (c) above;

    (h)    the general nature or description of such document or ESI, and, where applicable, its number of pages;

    (i)    the name of each person who currently has custody of such document or ESI; and

    (j)    the specific ground(s) upon which the privilege or work product rests. Each demand herein shall be construed independently and shall not be

limited by reference to any other demand.

3. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Interrogatory most broad.

4. As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

5. As used herein, the present tense shall also include the past tense.

6. "And" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to make each Interrogatory inclusive rather than exclusive.

7. "Each" shall be construed to include and encompass "all."

8. When these interrogatories refer to a "specific location," they contemplate a level of detail that would allow counsel to independently locate an item without significant assistance. Thus, when these interrogatories request the specific location of digital media, an acceptable answer might be "in Bill Johnson's office, at 123 Main Street, Suite 100, New York, NY 10000."

9. For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these requests shall be resolved so as to construe these requests as broadly as possible.

### *III. Interrogatories*

**INTERROGATORY NO. 1**

IDENTIFY each PERSON who has or has had access to the UNAUTHORIZED CONSUMER DATA during the RELEVANT TIME PERIOD. YOU may bifurcate your answer into two categories: (1) each PERSON who has or has had access to UNAUTHORIZED CONSUMER DATA collected from USERS and (2) each PERSON who has or has had access to UNAUTHORIZED CONSUMER DATA collected from NETWORK USERS.

**INTERROGATORY NO. 2**

IDENTIFY each PERSON to whom you intend, whether by obligation, agreement, commitment, contract, or otherwise, to provide future access to UNAUTHORIZED CONSUMER DATA, and explain the extent of that obligation and any relevant time frames.

**INTERROGATORY NO. 3**

IDENTIFY and DESCRIBE any and all policies and procedures, whether written or oral, RELATING TO the retention, protection and maintenance of UNAUTHORIZED CONSUMER DATA.

Dated: September 13, 2011　　　　　　　　　　RESPECTFULLY SUBMITTED,

　　　　　　　　　　　　　　　　　　　　　　MIKE HARRIS, INDIVIDUALLY AND ON BEHALF
　　　　　　　　　　　　　　　　　　　　　　OF A CLASS OF SIMILARLY SITUATED
　　　　　　　　　　　　　　　　　　　　　　INDIVIDUALS,

　　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　　　　　One of his attorneys

Jay Edelson
Steven W. Teppler
William C. Gray
Ari J. Scharg
EDELSON MCGUIRE, LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
jedelson@edelson.com
steppler@edelson.com
wgray@edelson.com
ascharg@edelson.com

*Attorneys for Plaintiff Mike Harris and the Putative Class*

7