**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>COMSCORE, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 1:11-5807<br><br>Hon. James F. Holderman |

**PLAINTIFFS MIKE HARRIS'S AND JEFF DUNSTAN'S
MOTION TO STRIKE DEFENDANT COMSCORE, INC.'S
MOTION TO DISMISS UNDER RULES 12(b)(1) AND 12(b)(6)**

Plaintiffs Mike Harris and Jeff Dunstan, through their counsel, Edelson McGuire LLC, respectfully move to strike Defendant, comScore, Inc.'s, Motion to Dismiss under Rule 12(b)(1) and 12(b)(6). In support of their motion, Plaintiffs state as follows:

**I.    INTRODUCTION**

Just weeks after its *first* motion to dismiss under Rule 12(b)(3) was denied, Defendant comScore, Inc. ("comScore") now tries to delay answering the Complaint by filing a *second* motion to dismiss—this time arguing that Plaintiffs' claims should be dismissed under Rule 12(b)(6) and Rule 12(b)(1). Putting aside that these latest arguments lack merit, comScore waived its *pre-answer* opportunity to raise a Rule 12(b)(6) failure to state a claim defense by failing to raise it in its *first* motion to dismiss.

Tacitly understanding that its Rule 12(b)(6) motion is improper, comScore tries to recast one of its arguments as a Rule 12(b)(1) attack on standing. comScore's attempt to manipulate the Federal Rules of Civil Procedure is both transparent and unconvincing. A party may not get a

1

second bite at the apple by intentionally mislabeling an argument that should have been brought earlier. Both of comScore's newly raised arguments actually arise under Rule 12(b)(6) and, given that they were not raised in its previous motion to dismiss, have been forfeited. Thus, comScore's newly filed motion is procedurally improper and should be stricken, and comScore should be ordered to immediately answer the Complaint.

II.     ARGUMENT

    A.     **comScore's *Second* Motion to Dismiss Is Procedurally Improper Because It Raises Rule 12(b)(6) Arguments That comScore Failed To Raise In Its *First* Motion to Dismiss.**

comScore waived its pre-answer opportunity to raise a failure to state a claim defense under Rule 12(b)(6) by failing to raise it in its *first* motion to dismiss. Under Rule 12(g)(2), "a party that makes a motion under [Rule 12] must not make another motion under this Rule raising a defense ... that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Instead, all pre-answer defenses are required to be raised in a single motion. This well-established principle prevents litigants from taking a "second bite at [the] apple." *Simmons v. Catton*, 2009 WL 4923063, at *2 (C.D. Ill. Dec. 8, 2009). Accordingly, comScore's attempt to raise its failure to assert a claim defense through a *second* Rule 12(b) motion to dismiss is procedurally improper and should be stricken.

The purpose of Rule 12(g) is to "prevent litigants from interposing defenses in a piecemeal fashion and eliminate unnecessary delay at the pleading stage." *Donnelli v. Peters Securities Co.*, 2002 WL 2003217, at *3 (N.D. Ill. Aug. 29, 2002). As such, a failure to state a claim defense is waived—at the pleadings stage—if the defense was available at the time of the defendant's earlier motion. Fed. R. Civ. P. 12(g)(2); *See Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 2008 WL 2178150, at *3 (N.D. Ill. May 22, 2008) (denying Rule 12(b)(6) motion because

the failure to state a claim defense could have been raised in defendant's earlier Ruler 12(b) motion); s*ee also 766347 Ontario, Ltd. v. Zurich Capital Mkts., Inc.*, 274 F.Supp.2d 926, 930 (N.D. Ill. 2003) ("Rule 12(g) generally precludes a defendant from bringing successive motions to dismiss raising arguments that the defendant failed to raise at the first available opportunity"); *see also Simmons,* 2009 WL 4923063, at *2 (denying defendants' second Rule 12(b)(6) motion because they "waived their opportunity to make the arguments" in a Rule 12(b) motion by failing to raise them in their first motion).

Here, comScore filed its first Motion to Dismiss under Rule 12(b)(3) on September 28, 2011. (Dkt. No. 15.) That motion was denied on October 7, 2011. (Dkt. No. 31.) Plaintiffs did not file any new pleadings in this lawsuit—comScore's first motion to dismiss under Rule 12(b)(3) attacked the exact same Complaint that its second motion to dismiss now challenges. Indeed, comScore's motion even rehashes many of the same arguments it made—and lost—in its first motion to dismiss. *See* Dkt. No. 42-1, pp. 13-14 (arguing, for the *second* time, that "the Complaint shows that the Plaintiffs actually consented to the conduct at issue"). As such, comScore's second motion to dismiss under Rule 12(b)(6) raises arguments that were available to comScore when it filed its first motion to dismiss. Therefore, comScore's pending motion to dismiss is barred by Rule 12(g)(2) and should be stricken.[1]

> **B.     comScore's "Rule 12(b)(1)" Standing Argument Should Be Construed As A Motion To Dismiss Under Rule 12(b)(6) And Stricken As Procedurally Improper.**

Apparently recognizing that its Rule 12(b)(6) arguments have been waived, comScore

---

[1] comScore may still raise its failure to state a claim defense in its answer, through a Rule 12(c) motion for judgment on the pleadings, through summary judgment, or at trial. Fed. R. Civ. P. 12(h)(2). Rule 12(g)(2) simply prohibits it from filing successive pre-answer motions to dismiss under 12(b). *Makor Issues & Rights, Ltd.*, 2008 WL 2178150, at *3.

attempts to disguise one of its failure to state a claim arguments as a Rule 12(b)(1) challenge to standing. In this way, comScore argues that Plaintiffs lack Article III standing because the allegations do not—on their face—allege that they were *monetarily* injured. (Dkt. No. 42-1, pp. 18-22.) Aside from the fact that Plaintiffs did allege monetary damages,[2] this argument ignores that Plaintiffs' claims arise partially out of comScore's violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq*. ("SCA") and the Electronic Communications Privacy Act 18 U.S.C. § 2510, *et seq*. ("ECPA"). Contrary to comScore's assertions that Plaintiffs must allege monetary damages to establish Article III standing, it is comScore's violation of these statutes that "creates standing even though no injury would exist" without them. *Warth v. Seldin*, 422 U.S. 490, 500 (1975); *See Kyles v. J.K. Guardian Security Servs. Inc.*, 222 F.3d 289, 294 (7th Cir. 2000) (an individual may establish Article III standing for a statutory violation if she suffers an injury in a form that "the statute was intended to guard against" even if "she has not been harmed apart from the statutory violation"). Thus, the "statutory standing" inquiry turns on whether Plaintiffs have adequately alleged that they are entitled to statutory relief—an issue analyzed under Rule 12(b)(6) instead of Rule 12(b)(1).

Numerous courts across the country have specifically held that a motion for lack of statutory standing is properly evaluated under Rule 12(b)(6). *See Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir.1992) ("If a defendant's Rule 12(b)(1) motion is an indirect attack on the

---

[2] Plaintiff Dunstan alleges, for example, that comScore's spyware caused damage to his computer and that he spent $40.00 to fix it. (Dkt. No. 1, ¶73.) Further, both Plaintiffs allege that comScore sold their personal information to third party companies without their consent. (Dkt. No. 1, ¶¶2, 7, 46, 118, 121, 123); *See Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 861 (N.D. Cal. 2011) (holding that "allegations of *unauthorized disclosure of personal information* were sufficient to plead injury in fact" under Article III) (emphasis added). Thus, by alleging that comScore sold Plaintiffs' personal information without consent, Plaintiffs have sufficiently alleged an injury and, by extension, Article III standing.

merits of the plaintiff's claim, the court may treat the motion as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted"); *Beam v. Mukasey*, 2008 WL 4614324 (N.D. Ill. Oct. 15, 2008); *D.G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law, LLC*, 791 F. Supp. 2d 622 (N.D. Ill. 2011); *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n. 2 (5th Cir. 2011); *Simmonds v. Credit Suisse Sec. (USA) LLC*, 638 F.3d 1072, 1087 n. 6 (9th Cir. 2011). The statutory standing requirements "are rather undemanding." *Askin v. Quaker Oats Co.*, 2011 WL 4840704, at *2 (N.D. Ill. Oct. 12, 2011) (quoting *Family & Children's Center, Inc. v. School City of Mishawaka*, 13 F.3d 1052, 1058 (7th Cir.1994)).

Here, comScore's so-called challenge to standing under Rule 12(b)(1) is misguided—it focuses on Plaintiffs' supposed lack of monetary injury despite the fact that Plaintiffs are not required to allege that they suffered a monetary injury under the SCA or ECPA. Instead, Plaintiffs are only required to allege facts sufficient to support a reasonable inference that the statute was violated—a Rule 12(b)(6) inquiry. As such, comScore's purported "Rule 12(b)(1)" motion to dismiss is just a thinly disguised motion for failure to state a claim under Rule 12(b)(6), and should be denied as procedurally improper for the reasons stated above.

### III. CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court to enter an Order: (i) striking comScore's motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) (Dkt. No. 42-1); (ii) compelling comScore to answer the Complaint by November 11, 2011; and (iii) granting such other and further relief that the Court deems equitable and just.

Dated: November 8, 2011 Respectfully submitted,


By: /s/ Ari J. Scharg


Jay Edelson
Steven W. Teppler
William C. Gray
Ari J. Scharg
Edelson McGuire LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
jedelson@edelson.com
steppler@edelson.com
wgray@edelson.com
ascharg@edelson.com

## CERTIFICATE OF SERVICE

      I, Ari J. Scharg, an attorney, certify that on November 8, 2011, I caused the above and foregoing ***Plaintiffs Mike Harris' and Jeff Dunstan's Motion to Strike Defendant comScore, Inc.'s Motion to Dismiss Under Rule 12(b)(1) and Rule 12(b)(6)*** by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 8th day of November, 2011.

                                              /s/ Ari J. Scharg