**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, Individually and on behalf of a class of similarly Situated individuals, ) ) ) ) | |
| Plaintiffs, ) | Case No. 1:11-5807 |
| v. ) | Hon. James F. Holderman |
| COMSCORE, INC., a Delaware corporation, ) ) ) | |
| Defendant. ) ) | |

**DEFENDANT COMSCORE'S OPPOSITION IN RESPONSE**

**TO PLAINTIFFS' MOTION TO STRIKE**

I.  **INTRODUCTION**

Plaintiffs' Motion to Strike presents no valid reason why comScore's prior motion to transfer venue should be used as an excuse for Plaintiffs to defer consideration of comScore's pending motion raising entirely independent arguments under Rules 12(b)(1) and 12(b)(6). As an initial matter, Plaintiffs' counsel specifically agreed, following the Court's ruling on comScore's venue motion, that comScore could (in their words) "respond to the complaint" by November 4, 2011. They entered into that agreement without ever taking the position, as they do now, that comScore was required to file an answer before making its first substantive challenge in response to the Complaint. That agreement (which Plaintiffs never mention to the Court) is sufficient grounds in itself to deny Plaintiffs' Motion to Strike.

Moreover, it is unclear what Plaintiffs' Motion to Strike is intended to accomplish other than to delay the consideration of comScore's Motion. Plaintiffs acknowledge (as they must) that a 12(b)(1) motion to address standing and other jurisdictional issues can be brought "at any time." *See* Fed. R. Civ. P. 12(g)(2), (h)(3). Plaintiffs further acknowledge (as they must) that a motion to dismiss for failure to state a claim is never waived regardless of any prior motion practice. Yet they ask this Court to defer consideration of comScore's Motion, which raises precisely these issues, and to compel comScore to file an answer *before* the sufficiency of their Complaint has even been tested for the first time. Plaintiffs' Motion to Strike offers no persuasive basis for imposing this unnecessary procedural hurdle, which serves no useful purpose.

First, Plaintiffs ask the Court to defer comScore's 12(b)(1) motion—not because there is any procedural basis for such a delay—but because they disagree with comScore's arguments on the merits. If anything, Plaintiffs' merits-based attack confirms that comScore's Article III arguments raise legitimate standing issues that should be resolved in the context of comScore's 12(b)(1) motion, not in the context of a procedural motion to strike.

Further, Plaintiffs' own authorities confirm that the Court can properly consider comScore's motion to dismiss for failure to state a claim as a Rule 12(b)(6) motion without

1


requiring a prior answer. Notably, the cases on which Plaintiffs rely all involve multiple Rule 12(b)(6) motions, where a party withholds arguments from an initial Rule 12(b)(6) motion so that it can attack the plaintiff's pleading in piecemeal fashion for purposes of delay. In contrast, where (as here) an initial Rule 12 motion challenging venue or jurisdictional issues is followed by a Rule 12(b)(6) motion that raises a failure to state a claim for the first time, courts routinely consider the subsequent motion without requiring a prior answer. Given the consistent line of authority in this regard, it is not surprising that Plaintiffs cannot identify a single case where a court refused to entertain a Rule 12(b)(1) or 12(b)(6) motion based on a prior motion to challenge venue. Indeed, such a holding would directly undermine the judicial goal of timely and efficient adjudication of lawsuits, which is the single common denominator among the cases plaintiffs *do* cite. Requiring comScore to file an answer before its first substantive challenges to the Complaint are resolved would undercut the goal of judicial efficiency by imposing a premature procedural burden that would be entirely unnecessary in the event the court grants comScore's motion in whole or in part.[1]

For these reasons, comScore's respectfully requests that the Court deny Plaintiffs' Motion to Strike and consider comScore's Rule 12(b)(1) and Rule 12(b)(6) motion on the merits without requiring a prior answer to the Complaint.

## II. ARGUMENT

### A. The parties agreed that comScore would "respond to the complaint" by November 4, 2011.

After the Court ruled on comScore's venue motion, Plaintiffs' counsel agreed, in writing, that comScore would have until November 4, 2011 to "respond to the complaint." (Declaration of Ray Sardo ("Sardo Decl."), ¶ 4.) Plaintiffs' counsel never took the position, as they do now, that the only permissible way for comScore to "respond to the complaint" would be to file an answer before making its first substantive challenge to the Complaint. (*Id*.) Indeed, Plaintiffs'

---

[1] Incidentally, the Motion to Strike, if successful, will cause waste and undue delay because it will postpone resolution of deficient claims or amendment to the pleadings (if any such amendment is allowed), until after comScore files an answer that it might otherwise have never been required to file.

counsel's current position is directly contrary to the position it has taken in other cases involving these same two law firms. (*Id.*, ¶ 5.) For example, in other agreements between these firms, the parties have agreed to a date for a defendant "to answer or otherwise respond to" the Complaint—reflecting their mutual understanding that "respond[ing]" to a complaint is not limited to filing an answer. (*Id.*, ¶ 5, Exhs. B, C, D, and E.) In accordance with those agreements, Cooley, LLP has thereafter moved under Rule 12, on behalf of its clients, without filing a prior answer and without incident or objection from Plaintiffs' counsel. (*Id.*, ¶ 5.) Plaintiffs' decision to take a different position here is nothing more than gamesmanship.

      **B.    A Rule 12(b)(1) motion can be heard at any time, even if a party has brought a previous motion under Rule 12.**

A defendant may bring a Rule 12(b)(1) motion to raise jurisdictional challenges at any time, regardless of any prior motions and regardless of whether or not a party has answered a complaint. Fed. R. Civ. P. 12(g)(2), (h)(3); *see also N. Am. Cold Storage Co. v. Cook County*, 531 F. Supp. 1003, 1005 (N.D. Ill. Jan. 19, 1982) (Rule 12(h)(3) "permits a defendant to raise the issue that a court lacks subject matter jurisdiction at any time during the proceedings.") (citation omitted).[2] Given this black letter rule, Plaintiffs do not, and cannot, challenge comScore's ability to bring a 12(b)(1) motion at this point in the proceedings to address their lack of standing under Article III.

Instead, Plaintiffs argue that comScore's challenge to Plaintiffs' constitutional standing under Rule 12(b)(1) is a "thinly disguised" motion under Rule 12(b)(6) for failure to state a claim. (Pls.'s Mtn. to Strike at 5.) The entire thrust of comScore's Rule 12(b)(1) argument, however, is that Article III imposes a constitutional requirement of an "injury-in-fact" that applies over and above the elements needed to state a claim under the particular statutes at issue—an argument that by definition goes beyond the scope of Rule 12(b)(6). Plaintiffs, not

---

[2] *See also Lee v. Deloitte & Touche, LLP*, 428 F. Supp. 2d 825, 829 (N.D. Ill. 2006) ("Because issues of Article III standing relate to a court's subject matter jurisdiction over a matter, they must be addressed whenever they are present."); *Bollig v. Christian Community Homes & Servs., Inc.*, No. 02-C-532-C, 2003 WL 23200362, at *2 (W.D. Wis. July 10, 2003) (Article III challenge "can be raised at any time").

surprisingly, disagree with comScore's argument and contend that constitutional standing can be shown merely by alleging the violation of a statute.[3] But Plaintiffs' procedural motion to strike should not be used as a vehicle to prejudge this important substantive issue,[4] which warrants full briefing and consideration.

Plaintiffs next attack comScore's constitutional standing arguments, again on the merits, by inaccurately portraying them as limited to whether Plaintiffs' alleged a monetary injury when, in fact, comScore plainly argues that Plaintiffs have not alleged any injury at all, whether monetary, emotional, or otherwise. If anything, Plaintiffs' attack on comScore's arguments shows that the parties have a substantial dispute over the application of Article III's constitutional standing requirements, which should be resolved in the context of comScore's 12(b)(1) motion and not in a procedural motion to strike.

      **C.**      **The Court can and should consider the 12(b)(6) component of comScore's current motion, regardless of the prior venue motion, which raised separate issues.**

In any case, even if comScore's motion had been brought entirely under Rule 12(b)(6), that would not undermine the Court's ability to consider the motion on the merits at this time. Under established precedent, comScore's prior motion to transfer venue in no way precludes the Court from considering a subsequent pre-answer motion that raises an independent argument for failure to state a claim under Rule 12(b)(6). Indeed, Plaintiffs' own cited authority confirms as much in closely analogous circumstances. In *Donnelli v. Peters Securities Corporation*, No. 02-C-0691, 2002 WL 2003217, at *3-4 (N.D. Ill. Aug. 29, 2002), the defendant brought an initial venue motion under Rule 12(b)(3) and then filed a second motion for failure to state a claim under Rule 12(b)(6). *Id*. As here, the plaintiffs argued that defendant could not proceed under Rule 12(b)(6) because it had already raised a prior Rule 12 motion challenging venue. *Id*. The

---

[3] Plaintiffs make this argument with respect to two of their claims, but say nothing about their remaining claims. (Pls.'s Mtn. to Strike at 3-5.)

[4] Indeed, this is the precise issue now before the Supreme Court in *First Am. Fin. Corp. v. Edwards*, No. 10-708, 2011 WL 2437037 (U.S. June 20, 2011). (*See* comScore's Mem. P. & A., at 13, n. 11 (Docket No. 42).)

4

court rejected this argument and addressed the defendants' Rule 12(b)(6) motion on the merits without requiring the filing of an answer because the motion was "not filed for the purpose of delay . . . ." *Id*. at *4. The court reasoned that because the defense of failure to state a claim "is so basic and is not waived," adjudication of such a claim when it is ripe for review would expedite its resolution. *Id*. at *3 (citation omitted).

Numerous courts have applied this common-sense rationale in considering Rule 12(b)(6) motions that were filed following a prior Rule 12 motion addressing independent venue or jurisdictional issues. For example, in *Adams v. Tennessee*, No. 3:04-cv-00346, 2011 WL 3236609, at *3 (M.D. Tenn. July 29, 2011), the respondent argued that the Court could not entertain the petitioner's 12(b)(6) motion for failure to state a claim because it had previously brought a Rule 12 motion on jurisdictional grounds. 2011 WL 3236609, at *3. The court disagreed, "conclud[ing] that Respondent's second pre-answer motion to dismiss was not made for the purpose of delaying litigation, particularly given that the initial motion argued only jurisdiction. Accordingly, in the interest of promoting efficiency, the Court will exercise its discretion and review the merits of Respondent's motion." *Id*. *See also Davis v. City of Dearborn*, No. 2:09-CV-14892, 2010 WL 3476242, at *5 (E.D. Mich. Sept. 2, 2010) ("It cannot be said that the motion was intended for purposes of delay and harassment, particularly in light of the fact that the initial Rule 12 motion . . . challenged only jurisdiction and venue.").[5]

In these circumstances, courts have recognized that requiring the defendant to file an answer before resolving a substantive motion attacking the sufficiency of the complaint would

---

[5] *See also Hayes v. Invigorate Int'l*, No. Civ. A. 04-1577, 2004 WL 2203732, at *3 (E.D. Pa. Sept. 24, 2004) (addressing defendant's Rule 12(b)(6) motion and finding that there was an "absence of bad faith" where its first Rule 12 motion only challenged personal jurisdiction and its successive Rule 12 motion was ripe for adjudication); *New York City Dep't of Social Services v. Bethea*, 523 F. Supp. 1193, 1196 n.1 (S.D.N.Y. 1981) (addressing defendant's Rule 12(b)(6) motion where defendant previously filed a Rule 12(b)(3) motion challenging only venue, the motion was not intended to delay the proceedings, and its consideration would expedite the disposition of the case on the merits); *Federal Express Corp. v. U.S. Postal Serv.*, 40 F. Supp. 2d 943, 949 (W.D. Tenn. 1999) ("allowing Defendant to file this motion will not create an unjust delay or facilitate an abuse in motion practice. Therefore, this court will proceed to address the merits of Defendant's motion to dismiss."); *FTC v. Innovative Mktg., Inc.*, 654 F. Supp. 2d 378, 384 (D. Md. 2009) (proceeding to the merits of a successive pre-answer 12(b)(6) motion because there was no indication that it was filed in order to delay the proceedings or inconvenience the plaintiff).

5

serve little purpose.[6] *See In re Westinghouse Securities Litig.*, No. Civ. A. 91-354, 1998 WL 119554, at *6 (W.D. Pa. Mar. 12, 1998) ("There is simply no reason to put the defendant to the time and expense of filing an answer, or both defendant and plaintiff to the time and expense of addressing an issue to be raised later in a motion for judgment on the pleadings, when that issue can easily be resolved now."); *Hayes*, 2004 WL 2203732, at *3 ("[B]ecause the defense of failure to state a claim is preserved, delaying resolution of a successive Rule 12(b)(6) motion to dismiss that is ripe for adjudication generates an unnecessary waste of time and expense.").[7]

The circumstances here are no different. As in *Donnelli*, comScore filed an initial 12(b)(3) motion because it believed in good faith that the correct venue lay in another court and did not want to burden this Court with additional 12(b)(6) defenses that it expected to be adjudicated in another jurisdiction. *See, e.g.*, *Donnelli*, 2002 WL 2003217 (considering Rule 12(b)(6) arguments that the defendant had not raised in its initial venue motion because it "felt that there was no reason to burden the . . . court"). And like *Donnelli*, there is no basis here to conclude (and Plaintiffs provide none) that comScore's 12(b)(6) motion is being filed for purposes of delay. In fact, comScore's actions demonstrate the opposite. Among other things, comScore agreed to accept service on August 23, 2011 without interposing the procedural steps it could have insisted on. (Sardo Decl., ¶ 2.) Had comScore elected to treat its voluntary acceptance of service as a formal waiver under Rule 4, it would have had sixty days—or until October 22, 2011—to respond to the complaint. Fed. R. Civ. P. 4(d)(3). Instead, comScore agreed to an earlier October 3, 2011 response date and then filed its venue motion even sooner, on September 28, 2011. (Sardo Decl., ¶ 3.) Notably, comScore's venue motion sought transfer of this case to the Eastern District of Virginia, known for its so-called "Rocket Docket" in which

---

[6] This Court has also recognized that the interests of judicial efficiency sometimes compel a more permissive interpretation of Rule 12 to allow successive motions. *Sharpe v. Jefferson Distributing Corporation, Inc.*, No. 940C07523, 1996 WL 680244, at *2 (N.D. Ill. Nov. 21, 1996) (Holderman, J.) (noting that "[t]he spirit of Rule 12(h) is to expedite and simplify the proceedings in federal court," and finding that waiver of a venue defense would delay speedy disposition of the case).

[7] *See also Davis*, 2010 WL 3476242, at *5 (choosing to "exercise its discretion" and address the defendants' successive motion to dismiss where its "adjudication would expedite the resolution of the dispute," and noting that "[t]he general spirit of Rule 12(g) (and the Federal Rules of Civil procedure in general) compels this result.").

6

the average time from filing to trial is just over nine months. (*See* comScore's Mem. P. & A. In Supp. Mot. To Dismiss, September 28, 2011, Docket No. 15, at 13.) comScore noted the Eastern District of Virginia's speedy docket in its motion, which Plaintiffs opposed. (Declaration of Ray Sardo, Sept. 28, 2011, Docket No. 16, ¶ 7.) comScore then worked out an agreement with Plaintiffs to "respond to the complaint" by November 4, 2011, as mentioned above, and it complied with that agreement by timely filing the Motion now in dispute.

Under these circumstances, the Court can and should consider comScore's Rule 12(b)(6) arguments without requiring a prior answer to the Complaint. As recognized in the authorities above, requiring an answer at this time would be a premature and potentially wasteful exercise, when the Complaint has yet to be tested for the first time to determine the scope of the claims (if any) that can properly proceed as a matter of law. Indeed, requiring an answer before considering comScore's motion on the merits would be particularly awkward given comScore's independent Rule 12(b)(1) arguments, which can be raised "at any time" and which Plaintiffs have offered no procedural basis to delay by requiring a prior answer to the Complaint. Instead of addressing comScore's constitutional standing arguments under Rule 12(b)(1) in piecemeal fashion from comScore's Rule 12(b)(6) arguments, the Court should consider comScore's Motion in its entirety, rather than saving a portion of it until after answer is filed.

**D.    The cases upon which Plaintiffs rely are inapposite because they involve a defendant's filing of serial 12(b)(6) motions, a circumstance not present here.**

The cases upon which Plaintiffs rely are inapposite because they involve defendants who filed multiple Rule 12(b)(6) motions—raising multiple arguments for failure to state a claim that could have been brought in a single Rule 12(b)(6) motion—in order to delay the proceedings. *See, e.g.*, *766347 Ontario Ltd. v. Zurich Capital Markets, Inc.*, 274 F. Supp. 2d 926, 930 (N.D. Ill. 2003); *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, No. 02-C-4356, 2008 WL 2178150, at *3 (N.D. Ill. May 22, 2008); *Simmons v. Catton*, No. 08-1337, 2009 WL 4923063, at *2 (C.D. Ill. Dec. 8, 2009). In these cases, the court correctly refused to consider the defendants' motions to

7

dismiss because it would have resulted in delay and "piecemeal" consideration of the case. *Id*. These circumstances are not present here for all the reasons stated above.

Moreover, Plaintiffs' authorities, while inapposite to this case, do not represent a consensus among courts to prohibit multiple Rule 12(b)(6) motions. To the contrary, multiple courts have exercised their discretion to consider serial 12(b)(6) motions because, although Rule 12(g) "specifically precludes successive Rule 12 motions . . . a motion to dismiss for failure to state a claim is made non-waiveable by Rule 12(h)."[8] *Brown v. Dixie Carriers, Inc.*, No. 84-C-4892, 1986 WL 10368, at *1 n.1 (N.D. Ill. Sept. 15, 1986). Thus, "the Rules would appear to allow successive motions to dismiss for failure to state a claim." *Id*; *see also Express Cos. v. Lifeguard Med. Solutions, LLC*, No. 10-cv-178-WQH-WMc, 2010 U.S. Dist. LEXIS 91381, at *13-14 (S.D. Cal. Sept. 1, 2010) ("Courts have interpreted Rule 12(g) as allowing successive motions to dismiss for failure to state a claim, but not successive Rule 12(f) or 12(b)(2)-(5) motions."); *In re Parmalat Sec. Litig.*, 497 F. Supp. 2d 526, 530 (S.D.N.Y. 2007) ("The plain language of [Rule 12(h)] thus contemplates that successive motions to dismiss for failure to state a claim may be filed.").

Indeed, as noted above, the court *should* hear a successive Rule 12(b)(6) motion unless it was brought in bad faith solely to delay the proceedings, and where its adjudication would expedite resolution of the case. *See Muhammad v. Vill. of Bolingbrook*, No. 02-C-3770, 2004 WL 1557958, at *1 (N.D. Ill. July 8, 2004) (addressing defendant's successive Rule 12(b)(6) motion where it was not filed to delay proceedings, its adjudication would "narrow the issues before the court" and allow it "to resolve this matter more quickly," and where failure to address the merits of the motion "would result only in unnecessary delay, expense, and inconvenience for all parties"); *Strandell v. Jackson Cty., Ill.*, 648 F. Supp. 126, 129 (S.D. Ill. 1986) (same); *Doe v. White*, No. 08-1287, 2010 WL 323510, at *2 (C.D. Ill. Jan. 20, 2010) ("There is a substantial

---

[8] Rule 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion," "[e]xcept as provided in Rule 12(h)(2) or (3)." Fed. R. Civ. P. 12(g)(2). Rule 12(h)(2) provides that the [f]ailure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2).

8

amount of case law which provides that successive Rule 12(b)(6) motions may be considered where they have not been filed for the purpose of delay, where entertaining the motion would expedite the case, and where the motion would narrow the issues involved.").

In any case, the Court need not weigh in on this issue of serial Rule 12(b)(6) motions because comScore's 12(b)(6) motion is the first such motion in this case to raise a substantive challenge to Plaintiffs' pleading. Under these circumstances, comScore cannot be said to be attempting "two bites at the apple" and comScore's prior Rule 12(b)(3) motion to transfer venue in no way undermines the Court's ability to consider the pending motion on the merits. *Simmons*, 2009 WL 4923063, at *2. *See, e.g.*, *White*, 2010 WL 323510, at *2 (noting the court in *Campbell-El* used its discretion to address the merits of the defendants' "renewed" motion to dismiss in order to "avoid undue delay," and where "the defendants were not repeating arguments on which the court had already substantively ruled") (citing *Campbell-El v. Dist. of Columbia*, 881 F. Supp. 42, 43 (D.D.C. 1995)).

### IV. CONCLUSION

For all of the reasons above, Plaintiffs' Motion to Strike should be denied.

Dated: November 14, 2011

                                                  Respectfully submitted,

By: /s/ Whitty Somvichian
Michael G. Rhodes (*admitted pro hac vice*)
Whitty Somvichian (*admitted pro hac vice*)
Ray Sardo (*admitted pro hac vice*)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
rhodesmg@cooley.com
wsomvichian@cooley.com
rsardo@cooley.com

David Z. Smith (ARDC #6256687)
Leonard E. Hudson (ARDC # 6293044)
REED SMITH LLP
10 South Wacker Drive

9

                                              Chicago, IL 60606-7507
                                              Telephone: (312) 207-1000
                                              Facsimile: (312) 207-6400

                                              Attorneys for Defendant comScore, Inc.

1242733 /SF

## Certificate of Service

I hereby certify that on November 14, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notifications of such filings to the following:

**Attorneys for Plaintiffs**
Jay Edelson
William Charles Gray
Steven W. Teppler
Ari Jonathan Scharg
EDELSON McGUIRE, LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Telephone : (312)589-6370
jedelson@edelson.com
wgray@edelson.com
ascharg@edelson.com
steppler@edelson.com

    Respectfully submitted,

    By: /s/ Whitty Somvichian
    Michael G. Rhodes,(*admitted pro hac vice*)
    Whitty Somvichian, (*admitted pro hac vice*)
    Ray Sardo,(*admitted pro hac vice*)
    COOLEY LLP
    101 California Street, 5th Floor
    San Francisco, CA 94111
    Telephone: (415) 693-2000
    mrhodesmg@cooley.com
    wsomvichian@cooley.com
    rsardo@cooley.com

    David Z. Smith (ARDC #6256687)
    Leonard E. Hudson (ARDC # 6293044)
    REED SMITH LLP
    10 South Wacker Drive
    Chicago, IL 60606-7507
    Telephone: (312) 207-1000
    Facsimile: (312) 207-6400

    Attorneys for Defendant comScore, Inc.