**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 11-cv-5807 |
| v. | ) ) | |
| | ) | Hon. James F. Holderman |
| COMSCORE, INC., a Delaware corporation, | ) ) | |
| *Defendant*. | ) | |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. **The following persons participated in a telephonic Rule 26(f) conference on October 28, 2011, and have continued to collaborate via e-mail and telephone:**

    For Plaintiffs Mike Harris and Jeff Dunstan (collectively, the "Plaintiffs"): Ari J. Scharg, William C. Gray, and Chandler R. Givens of Edelson McGuire, LLC.

    For Defendant comScore, Inc. ("comScore" or "Defendant"): Whitty Somvichian and Ray Sardo of Cooley LLP.

2. **Initial Disclosures**.

    The Parties exchanged their Fed. R. Civ. P. 26(a)(1) disclosures on December 7, 2011.

3. **Discovery Plan**. The Parties propose the following discovery plans:

    Plaintiffs' Proposal: Plaintiffs oppose bifurcation of discovery given the significant overlapping of issues and that bifurcation would only lead to delay and unnecessary discovery disputes over whether an issue is "premature." Plaintiffs propose instead that class and merits discovery commence simultaneously and begin immediately.

    Defendant's Proposal: comScore agrees that initial discovery will include production of the following, per the discussions of the parties: (1) comScore's Windows-based source code as it existed on September 17, 2009; (2) documents explaining the purpose of thirteen updates to the Windows-based source; (3) the single version of the Mac Panel software's source code; and (4)

the source code for each version of RK Verify used in the last two years (RK Verify is software designed to ensure that prospective Panelists are shown, and acknowledge agreeing to, comScore's Terms of Service before they are allowed to install the comScore software). (See "Phase 1" of Source Code Discovery Plan Plaintiffs reference below and attach to this Statement as Exhibit "A"). Beyond the above discovery, comScore proposes that (i) discovery initially be limited to matters relevant to class certification issues, and (ii) discovery on issues relevant only to merits issues be deferred until the Court rules on Plaintiffs' anticipated class certification motion.

**(a) Subjects on Which Discovery Will be Needed:**

Plaintiffs anticipate taking discovery on the following non-exhaustive list of topics: (1) Defendant's development, design, creation, capabilities, and functionality of the software at issue ("Panelist Software"), (2) Defendant's implementation, deployment, and maintenance of the Panelist Software, (3) the circumstances surrounding the manner in which Plaintiffs and the Classes downloaded the Panelist Software, including issues involving consent, (4) the manner in which the Panelist Software operates and functions, (5) the effect that the Panelist Software had on the Plaintiffs' and the Classes' computers, (6) the manner in which the Panelist Software transmitted information to Defendant, (7) the relationship between Defendant and its third-party bundling partners, (8) the Mac Panel, including the scope of information collected through panelists, the investigation, and ensuing termination, (9) Defendant's retention of consumers personally identifiable information ("PII"), (10) the total number of consumers that have downloaded Panelist Software, (11) Defendant's use of its panelists' PII, and (12) Defendant's use and disclosure to third parties of its panelists' PII.

Defendant anticipates taking discovery on the following non-exhaustive list of topics: (1) class certification issues, including, among other things, ascertainability, numerosity, typicality, commonality, adequacy, predominance, and superiority; (2) the "multiple digital forensic firms" Plaintiffs refer to in the press, and the "dozens of independent tests" allegedly conducted by

these firms; (3) Plaintiffs' and putative class members' experience with comScore's software; (4) Plaintiffs' and putative class members download and installation of comScore's software; (5) Plaintiffs' and putative class members' alleged damages; and (6) Plaintiffs' press releases and contacts with the press that relate to comScore or this lawsuit

**(b)** **Date for Commencing Discovery:**

The Parties agree to an initial phase of discovery as set forth in the source code discovery plan attached hereto as Exhibit A. The parties will meet and confer further on the other proposed phases of source code discovery referenced in Exhibit A.

Plaintiff proposes that discovery on class and merits issues commence simultaneously and immediately (given that the Parties have already conducted their Rule 26(f) conference).

comScore proposes, beyond the initial phase of discovery, (i) that discovery on class certification issues begin upon the Court's entry of a scheduling order, and (ii) that discovery pertaining only to merits begin after the Court rules on Plaintiffs' anticipated motion for class certification.

**(c)** **Date for Completing Discovery:**

Plaintiffs' position is that class and merits-based discovery should proceed simultaneously and immediately, and therefore, propose that discovery closes on October 19, 2012.

comScore's position is that class discovery should be completed by the July 2, 2012 date that the parties have agreed upon for Plaintiffs to file their class certification motion. comScore proposes that merits discovery should be completed within four months of the Court's ruling on Plaintiffs anticipated class certification motion, so that the total length of the discovery period under comScore's proposal would be 10 months, or approximately the same total length of the discovery period proposed by Plaintiffs.

**(d)** **Maximum Number of Interrogatories:**

Plaintiffs' Proposal. Plaintiffs Harris and Dunstan each expect to use a maximum of 25

3

interrogatories, as allowed by the Federal Rules of Civil Procedure.

comScore's Proposal. comScore proposes that the parties abide by the interrogatory limit set forth in the Federal Rules of Civil Procedure and that the parties will meet and confer as needed in the event Plaintiffs believe there is a good faith need for additional interrogatories under the circumstances. comScore disagrees that each individual Plaintiff is entitled to serve 25 interrogatories directed to comScore.

The Parties agree that responses to interrogatories shall be due in accordance with the Federal Rules of Civil Procedure.

(e) **Maximum Number of Requests for Admissions:**

Plaintiffs' Proposal. Plaintiffs anticipate that they will need 30 requests for admissions.

comScore's Proposal. comScore proposes that the parties abide by the limit on the number of requests for admission set forth in the Federal Rules of Civil Procedure and that the parties will meet and confer as needed in the event Plaintiffs believe there is a good faith need for additional requests for admissions under the circumstances.

The Parties agree that responses to requests for admissions shall be due in accordance with the Federal Rules of Civil Procedure.

(f) **Maximum Number of Depositions:**

Plaintiffs currently expect that they will need a maximum of 10 depositions.

comScore currently expects that it will need to take the depositions of Plaintiffs and Plaintiffs' experts, including the persons referenced in Plaintiffs' counsel's press releases as having tested the comScore software.

(g) **Hours Needed for Depositions:**

The Parties anticipate that they will require 7 hours to take each deposition.

(h) **Deadlines for Exchanging Reports of Expert Witnesses:**

The Parties propose that Plaintiffs submit their class-related expert reports two months

before the deadline for Plaintiffs to file their class certification motion. The Parties propose that comScore submit its class-related expert reports one month before the deadline for Plaintiffs to file their class certification motion. The Parties agree that depositions of class-related experts will be completed before the deadline for Plaintiffs to file their class certification motion.

The Parties propose that Plaintiffs submit their merits expert reports within one month of the close of discovery. The Parties propose that comScore submits its merit expert reports within one month of Plaintiffs' submission of their merit expert reports.

**(i)** **Dates for Supplementations Under Fed. R. Civ. P. 26(e):**

The Parties agree to supplement their discovery responses in a timely manner, as required by Fed. R. Civ. P. 26(e).

Beyond that required by the Federal Rules, Plaintiff proposes that supplementation should be completed by the close of discovery (i.e., October 19, 2012).

Beyond that required by the Federal Rules, Defendant proposes that supplementation should be completed by the close of discovery (four months after class certification under comScore's proposal).

**4.** **Other Items:**

**(a)** **A Date if the Parties Ask to Meet With the Court Before a Scheduling Order:**
The Parties do not currently contemplate requesting a meeting with the Court before entry of a scheduling order.

**(b)** **Requested Dates for Pretrial Conferences:**

Plaintiffs propose January 28, 2013.

Defendant proposes the date three months after comScore's proposed close of discovery.

**(c)** **Final Dates for the Plaintiffs to Amend Pleadings of to Join Parties:**

April 20, 2012.

5

**(d)     Final Dates for the Defendant to Amend Pleadings or to Join Parties:**

May 21, 2012.

**(e)     Final Dates to file Dispositive Motions:**

Plaintiffs propose November 19, 2012.

Defendant proposes 30 days after the close of merits discovery (which comScore proposed to close four months after a ruling on class certification). In general, comScore's proposed dates are intended to approximate the time periods proposed by Plaintiffs, with the difference being Plaintiffs' dates are based on an October 19, 2012 close of discovery and comScore's dates are based on a close of discovery four months after a ruling on class certification.

**(f)     State the Prospects for Settlement:**

comScore believes Plaintiffs' claims are factually inaccurate and without merit and intends to vigorously defend this lawsuit.

**(g)     Identify any Alternative Dispute Resolution Procedure that may Enhance Settlement Prospects:**

Plaintiffs believe that the Parties would benefit from private mediation.

**(h)     Final Dates for Submitting Fed. R. Civ. P. 26(a)(3) Witness Lists, Designations of Witnesses Whose Testimony will be Presented by Deposition, and Exhibit Lists:**

Plaintiffs propose February 28, 2013.

Defendant proposes the date four months after comScore's proposed close of discovery.

**(i)     Final Dates to File Objections Under Fed. R. Civ. P. 26(a)(3):**

Plaintiffs propose March 15, 2013

Defendant proposes the date five months after comScore's proposed close of discovery..
.

**(j)** **Suggested Trial Date and Estimate of Trial Length:**

Plaintiffs propose May 1, 2013

Defendant proposes the date six months after comScore's proposed close of discovery. The Parties estimate that trial will last five (5) days.

**(k)** **Deadline for Plaintiffs to File Their Supplemental Motion for Class Certification:**

The Parties propose that Plaintiffs will file their Supplemental Motion for Class Certification on or by July 2, 2012.

**(l)** **Other Matters:**

There are no other matters to be reported to the Court at this time. For the convenience of the Court, all proposed deadlines are set forth in the table below.

| Plaintiffs' Proposed Date | Defendant's Proposed Date | Event |
|---|---|---|
| April 20, 2012 | Plaintiff: Same<br><br>comScore: May 21, 2012 | Final Dates for Parties to Amend the Pleadings or Join Parties |
| May 1, 2012 | Same | Deadline for Plaintiffs' Expert Reports on Class Certification Issues |
| June 1, 2012 | Same | Deadline for comScore's Expert Reports on Class Certification Issues |
| July 2, 2012 | same | Deadline for Plaintiffs to File Supplemental Motion for Class Certification |
| August 17, 2012 | two months before comScore's proposed close of discovery. | Deadlines for Plaintiff to Disclose Merits-Based Expert Reports |

| September 19, 2012 | one month before comScore's proposed close of merits discovery | Deadlines for Defendant to Disclose Merits-Based Expert Reports |
|---|---|---|
| October 19, 2012 | Class-related discovery: By July 2, 2012 Merits discovery: within four months of the Court's ruling on Plaintiffs' class certification motion | Date for Completing Discovery |
| November 19, 2012 | 30 days after the close of discovery under comScore's proposal | Deadline to File Dispositive Motions |
| January 28, 2013 | Three months after comScore's proposed close of discovery | Requested Date for Pretrial Conferences |
| February 28, 2013 | Four months after comScore's proposed close of discovery | Final Dates for Submitting Fed. R. Civ. P. 26(a)(3) Witness Lists, Designations of Witnesses Whose Testimony will be Presented by Deposition, and Exhibit Lists |
| March 15, 2013 | Five months after comScore's proposed close of discovery | Final Dates to File Objections Under Fed. R. Civ. P. 26(a)(3) |
| April 15, 2013 | Six months after comScore's proposed close of discovery proposal | Suggested Trial Date |

8

Date: December 15, 2011              Respectfully submitted,

**Edelson McGuire LLC**

/s/ Ari J. Scharg
Jay Edelson
William C. Gray
Ari J. Scharg
Chandler R. Givens
Edelson McGuire, LLC
350 N. LaSalle St., Suite 1300
Chicago, IL 60654
Tel: (312) 589-6370
jedelson@edelson.com
wgray@edelson.com
ascharg@edelson.com


Date: December 15, 2011              **Cooley LLP**

/s/ WhittySomvichian
Michael G. Rhodes,(admitted pro hac vice)
Whitty Somvichian, (admitted pro hac vice)
Ray Sardo,(admitted pro hac vice)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
mrhodesmg@cooley.com
wsomvichian@cooley.com
rsardo@cooley.com