**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MIKE HARRIS and JEFF DUNSTAN,** | ) | |
| **individually and on behalf of a class of** | ) | **Case No. 11 CV 5807** |
| **similarly situated individuals** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **COMSCORE, INC.,** | ) | |
| **a Delaware Corporation,** | ) | |
| | ) | **January 20, 2012** |
| **Defendant.** | ) | |

**STIPULATED PROTECTIVE ORDER REGARDING**
**CONFIDENTIALITY OF DISCOVERY MATERIALS**

Whereas, the Parties having stipulated that certain discovery material be treated as confidential, and having shown good cause, IT IS HEREBY ORDERED:

**<u>Proceedings and Information Governed</u>**

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information (including electronically stored information), or other thing furnished by any Party, to any other Party, and includes non-parties who receive a subpoena and who produce discovery responses or testimony in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, compiled or un-compiled source code, and other records or writings or things produced, given, or filed in this action that are designated by a Party as "Confidential," "CONFIDENTIAL–ATTORNEYS' Eyes Only," or "Highly

Confidential–Source Code," in accordance with the terms of this Protective Order, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information ("Discovery Materials"). Plaintiffs and Defendant, as well as their officers, directors, employees, agents, and legal counsel, are referred to as the "Parties" for the purposes of this Protective Order. Plaintiffs' source code reviewing expert, The Sylint Group, Inc., is referred to as "The Sylint Group," a copy of its curriculum vitae is attached hereto as Exhibit B, and signed Acknowledgment and Agreement to be Bound is attached hereto as Exhibit C.

**Designation and Maintenance of Discovery Materials as Confidential**

2. For purposes of this Protective Order: (a) the "Confidential" designation may be used when Discovery Materials contain or constitute sensitive personal information; trade secrets; commercial research, development, or information; pricing and financial information, contractual obligations/agreements, lists or names of vendors and business plans or other information required by law or agreement to be kept confidential; (b) the "CONFIDENTIAL–ATTORNEYS' Eyes Only" designation may be used when Discovery Materials contain or constitute information the producing Party deems especially sensitive; and (c) the "Highly Confidential–Source Code" designation may be used when Discovery Materials contain or constitute highly confidential source code.

3. Discovery Materials produced or disclosed during the course of this litigation within the scope of paragraph 2 may be designated by the producing Party as containing

2

confidential information by placing on each page and each thing, in a manner that will not interfere with its legibility, the legend: "CONFIDENTIAL," "CONFIDENTIAL–ATTORNEYS' EYES ONLY," or "Highly Confidential–Source Code." In certain circumstances involving print outs of source code, more fully described in Paragraph 20 of this Protective Order, the Receiving Party shall designate, by placing on each page and each thing, in a manner that will not interfere with its legibility, the legend: "Highly Confidential–Source Code."

4.    Except for documents produced for inspection, designation of confidential Discovery Materials shall be made before, or at the time of, production or disclosure. In the event that documents are produced for inspection, such documents may be produced for inspection before being marked "CONFIDENTIAL," "CONFIDENTIAL–ATTORNEYS' EYES ONLY," or "Highly Confidential–Source Code." Once specific documents have been designated for copying, any documents containing confidential information will then be marked "CONFIDENTIAL," "CONFIDENTIAL–ATTORNEYS' EYES ONLY," or "Highly Confidential–Source Code" after copying but before delivery to the Party who inspected and designated the documents (due to its differing production protocol, source code may be subject to different requirements, as described in Paragraphs 14-24 of this Protective Order).  There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked "CONFIDENTIAL," "CONFIDENTIAL–ATTORNEYS' EYES ONLY," or "Highly Confidential–Source Code," pursuant to this procedure.

3

5. A Party may designate information disclosed at a deposition as "CONFIDENTIAL," "CONFIDENTIAL–ATTORNEYS' EYES ONLY," or "Highly Confidential–Source Code" by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any Party may thereafter designate the deposition or portions thereof as "CONFIDENTIAL," "CONFIDENTIAL–ATTORNEYS' EYES ONLY," or "Highly Confidential–Source Code" as long as such designation is made in writing and presented to the other Parties and to the court reporter within a reasonable time. Each Party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody, or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order. Any testimony that describes a document that has been designated as "CONFIDENTIAL," "CONFIDENTIAL–ATTORNEYS' EYES ONLY," or "Highly Confidential–Source Code" shall also be deemed to be designated as such.

### Inadvertent Failure to Designate

6. The inadvertent failure to designate Discovery Materials as "CONFIDENTIAL," "CONFIDENTIAL–ATTORNEYS' EYES ONLY," or "Highly Confidential–Source Code" will not be deemed to waive a later claim as to their confidential nature, or to stop the producing Party from so designating such Discovery Materials at a later date in writing and with particularity. Notwithstanding anything herein to the contrary, any Discovery Materials

4

received by a Party that have not been designated as confidential shall not be considered confidential until such time as the receiving Party receives notice in writing from the producing Party within a reasonable time of the change in the designation.

**Disclosure and Use of Confidential Discovery Materials**

7.  All Discovery Materials produced in this litigation may only be used for purposes of this lawsuit and not used for any other purpose. Discovery Materials designated as "CONFIDENTIAL," "CONFIDENTIAL–ATTORNEYS' EYES ONLY," or "Highly Confidential–Source Code" may only be shown to others as set forth in this Protective Order.

8.  The Parties shall not disclose or permit the disclosure of any Discovery Materials designated as "CONFIDENTIAL" under this Protective Order to any other person or entity, except that disclosure may be made in the following circumstances:

a.  Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies. Before disclosure to any such court reporter or person engaged in making photocopies, such person must agree to be bound by the terms of this Protective Order.

b.  Disclosure may be made to in-house and outside counsel and employees of counsel to whom disclosure is reasonably necessary for this litigation.

c.  Disclosure may be made to the named Plaintiffs.

d.  Disclosure may be made to consultants, investigators, or experts (collectively, "experts") employed by the Parties to assist in the preparation and trial of the lawsuit.

Before disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Protective Order requiring that the Discovery Materials received be held in confidence, and must execute the "Acknowledgment and Agreement to be Bound," attached hereto as Exhibit A.

e.  The author or recipient of Discovery Materials or a custodian or other person who possessed or had knowledge of the Discovery Materials.

f.  During depositions, witnesses in the action when disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to be Bound," unless otherwise agreed by the designating Party or ordered by the Court.

9.  The Parties shall not disclose or permit the disclosure of any Discovery Materials designated as "CONFIDENTIAL–ATTORNEYS' EYES ONLY" under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

a.  Disclosure may be made to in-house and outside counsel and employees of counsel to whom disclosure is reasonably necessary for this litigation.

b.  Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies.  Before disclosure to any such court reporter or person engaged in making photocopies, such person must agree to be bound by the terms of this Protective Order.

6

c. Disclosure may be made to consultants, investigators, or experts (collectively, "experts") employed by the Parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert other than The Sylint Group, the identity of the expert and the expert's curriculum vitae must be disclosed in writing to the producing Party. The producing Party shall have nine (9) calendar days from the receipt of the foregoing disclosure to object to the expert being shown "CONFIDENTIAL–ATTORNEYS' EYES ONLY" materials. The Parties agree to meet and confer as to whether and what materials may be shown to the expert. If the Parties cannot reach agreement on the materials to be shown to the expert, or the expert's identity itself, either Party may bring the issue to the Court for resolution and "CONFIDENTIAL–ATTORNEYS' EYES ONLY" materials may not be disclosed to the expert unless and until the issue is resolved and disclosure is permitted by the Court. Prior to any disclosure, the expert must also be informed of and agree in writing to be subject to the provisions of this Protective Order requiring that the Discovery Materials be held in confidence, and must execute the "Acknowledgment and Agreement to be Bound," attached hereto as Exhibit A.

10. The Parties shall not disclose or permit the disclosure of any Discovery Materials designated as "Highly Confidential–Source Code," except as provided in Paragraphs 14-24 of this Protective Order.

11. Except as provided in Paragraphs 8 -10 and 14-24 of this Protective Order, the Parties shall keep all Discovery Materials designated as "CONFIDENTIAL,"

"CONFIDENTIAL- ATTORNEYS' EYES ONLY," or "Highly Confidential–Source Code" that are received under this Protective Order secure within their exclusive possession and shall take reasonable efforts to place such Discovery Materials in a secure area and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

12.   All copies, duplicates, pleadings, extracts, summaries, or descriptions of Discovery Materials designated as confidential under this Protective Order, or any portion thereof, shall be immediately affixed with the legend "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "Highly Confidential–Source Code," if that legend does not already appear.

13.   Confidential Discovery Materials may be disclosed to a person, not already allowed access to such information under this Protective Order, if: (a) the Discovery Materials were written or were previously received by the person; (b) the Discovery Materials were written or received by a director, officer, employee or agent of the entity for which the person is testifying as a Rule 30(b)(6) designee; or (c) counsel for the Party designating the Discovery Materials agrees in writing or otherwise on the record that the materials may be disclosed to the person.  Disclosure of Discovery Materials pursuant to this paragraph shall not constitute a waiver of the confidential status of the materials so disclosed.

   **Source Code**

14. "HIGHLY CONFIDENTIAL SOURCE CODE" may only be disclosed in strict accordance with the procedures outlined in this Section.

15. Discovery Material designated "HIGHLY CONFIDENTIAL–SOURCE CODE" shall be subject to all of the protections afforded to "CONFIDENTIAL–ATTORNEYS' EYES ONLY" information, in addition to the protections specifically applicable to "HIGHLY CONFIDENTIAL–SOURCE CODE." Access to information designated "HIGHLY CONFIDENTIAL–SOURCE CODE" shall be limited to counsel of record for Plaintiffs, their designated expert The Sylint Group, or other experts subject to the restrictions set forth in Paragraph 9 of this Protective Order, which will be held to the same standards set forth herein.

16. Defendant shall produce "HIGHLY CONFIDENTIAL SOURCE CODE" in searchable electronic form on two (2) separate DVDs. The parties do not currently contemplate production of compiled, executable code and will confer further on the issue as necessary. In order to verify that the "HIGHLY CONFIDENTIAL SOURCE CODE" has not later been altered, Defendant may generate hash value(s) for any soft copies of Source Code produced to Plaintiffs' counsel or The Sylint Group. Should Defendant choose to generate hash values for Source Code (or any portion thereof) produced to Plaintiffs' counsel or The Sylint Group, Defendant shall contemporaneously provide a copy of such hash value(s) to the same.

17.    Counsel of record for Plaintiffs may not relinquish or transfer possession or control of Defendant's "HIGHLY CONFIDENTIAL SOURCE CODE" except that it may deliver one of the duplicate copies of such source code supplied by Defendant to The Sylint Group, which shall first execute the "Acknowledgment and Agreement to be Bound," attached as Exhibit A hereto.

18.    One copy of the DVD produced by Defendant of the "HIGHLY CONFIDENTIAL SOURCE CODE" shall be maintained and kept at a secure location at the law offices of Plaintiffs' counsel and one copy of the DVD produced by Defendant shall be maintained and kept at The Sylint Group on a stand-alone computer ("Source Code Computer") that is not connected to a network or the Internet and is protected by a confidential password.  Such "HIGHLY CONFIDENTIAL SOURCE CODE" will be reviewed only on the Source Code Computer.  Plaintiffs' counsel and The Sylint Group shall maintain the Source Code Computer in a locked and secured room.  If Plaintiffs believe that connectivity to a network or to the Internet is needed to test the functionality of some aspect of the source code, the parties shall meet and confer on the issue.

19.    Counsel shall maintain a record of those individuals accessing "HIGHLY CONFIDENTIAL SOURCE CODE."  The Receiving Party shall maintain a log of all persons who view the Source Code on the Source Code Computer ("Source Code Computer Log").  The Source Code Computer Log shall contain: (a) the identity of each person granted access to the Source Code Computer; and (b) each date when such access was granted.

10

20.    The Receiving Party may print out limited portions of "HIGHLY CONFIDENTIAL SOURCE CODE" that are reasonably necessary for use as an exhibit at deposition, to prepare an expert report, for use as an exhibit to a filing with the Court, or for use as an exhibit at trial.  Any printouts made from the "HIGHLY CONFIDENTIAL SOURCE CODE" shall include the "HIGHLY CONFIDENTIAL–SOURCE CODE" label on each page.  Bates numbers shall be assigned to each page, and a copy of each such page shall be provided to the Producing Party within seven (7) calendar days.  The Receiving Party is permitted to make such copies as are necessary for reasonable consultation between Plaintiffs' counsel and The Sylint Group, for use as an exhibit at deposition, to prepare an expert report, for use as an exhibit to a filing with the Court, or for use as an exhibit at trial. The Receiving Party shall avoid such use except as necessary to meet its burden of proof, and shall take all reasonable steps necessary to restrict the dissemination of any copies.  Any copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other individual.

21.  The Receiving Party shall maintain a log of all persons who viewed the printed Source Code or any copies thereof ("Source Code Printout Log").  The Source Code Printout Log shall contain: (a) the identity of each person granted access to the Source Code Printout; (b) each date when such access was granted; and (c) the Bates numbers of any printouts made pursuant to Paragraph 20 of this Protective Order.

22. The Receiving Party's Counsel or The Sylint Group shall maintain possession of any printed pages of Source Code at their offices and must keep these pages securely stored in a locked container or office. Access to the printed pages of Source Code shall at all times be limited to the Plaintiffs' Counsel or The Sylint Group.

23. No print-out copy of the "HIGHLY CONFIDENTIAL SOURCE CODE" shall be transported off the premises of Plaintiffs' counsel or of The Sylint Group, except as necessary for use at a deposition or other court proceeding.

24. The Receiving Party shall not have the right to make electronic copies of, or otherwise transfer onto any recordable media or recordable device, materials designated as "HIGHLY CONFIDENTIAL SOURCE CODE," nor to otherwise transmit electronic copies of such material.

**Challenging Designations**

25. A receiving Party may, in good faith, challenge a producing Party's designation at any time. The burden of proving confidentiality remains with the Party asserting such confidentiality.

26. Any receiving Party disagreeing with a designation shall request in writing that the producing Party change the designation. That writing shall provide sufficient identification so that the producing Party can identify the Discovery Materials whose designation is being challenged. If the Discovery Materials being challenged are documents having identification numbers, the documents shall be identified by those numbers.

27. A Party that elects to initiate a challenge to a designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the designating Party within seven (7) calendar days of a discovery dispute arising. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated Discovery Materials, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

28. If the Parties are unable to reach agreement, the receiving Party may thereafter seek a Court Order to alter the confidential status of the designated Discovery Materials. Said motion should identify the materials that are the subject of the challenge and set forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating Party in the meet-and-confer dialogue. Nothing in this Protective Order permits or authorizes a party to file confidential material with the Court, sealed or otherwise, and the Parties acknowledge that any

13

submission of confidential material under seal must first be addressed to the Court in compliance with the applicable law and rules.

29.   Until the Court rules on the challenge, all Parties shall continue to afford the Discovery Materials in question the level of protection to which it is entitled under the designating Party's designation.  The Parties are encouraged to bring any unresolved disputes to the Court's attention as they arise.

### Non-Party Discovery Materials

30.   The existence of this Protective Order shall be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such Discovery Materials.  Any such person may designate Discovery Materials confidential pursuant to this Protective Order.

### Disclosure of Privileged Discovery Materials

31.   Pursuant to Federal Rule of Evidence 502(d), the production of any Discovery Materials that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, state or federal law, rule, or regulation, confidentiality requirements, agreement of the Parties, or any other applicable privilege or doctrine, will not constitute a waiver of the applicable privilege, agreement, or doctrine.

32.  If any such Discovery Materials are inadvertently produced, the recipient of the Discovery Materials agrees that, upon discovery or notification of such a disclosure, it will: (a) promptly return the Discovery Materials and all copies of the Discovery Materials in its

14

possession in physical form; (b) permanently delete any electronic versions of the Discovery Materials from any data source, or any database it maintains; (c) retrieve all paper copies of the Discovery Materials provided to any third parties, including experts; (d) retrieve from third parties all electronic copies contained on physical storage media where practicable, or if not, direct that any such electronic versions be permanently deleted; (e) destroy any notes that reveal the substance of the protected information; and (f) make no use of the information contained in the Discovery Materials.

33. Within a reasonable time, but in no event later than twenty-one (21) calendar days after the discovery of the inadvertent disclosure, the Producing Party will provide a log that describes the basis for the claim that the Discovery Materials are privileged or otherwise protected from disclosure. The Party returning such Discovery Materials shall have the right to apply for an order that such Discovery Materials are not protected from disclosure by any privilege, law, or doctrine. The person returning such Discovery Materials may not, however, assert as a ground for such motion the fact or circumstances of the inadvertent production or reveal the protected contents of the materials.

34. The Party to whom any inadvertently produced Discovery Materials were returned shall retain the returned materials until the end of the case, including any appeals. If the substance of the protected Discovery Materials is discussed in a deposition or pleading before discovery or notification of the inadvertent disclosure, the Parties agree that such testimony or discussion will be stricken and may not be used for any purpose.

35. Pursuant to Federal Rule of Evidence 502(d), this Court declares that, if a disclosing Party inadvertently produces or discloses Discovery Materials in connection with this adversary action that are privileged or otherwise protected from disclosure, such inadvertent production or disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection that the disclosing Party would be entitled to assert with respect to the disclosed Discovery Materials in this Court or in any other Federal or State court proceeding. Instead, any such Discovery Materials and their subject matter shall be treated as if there had been no disclosure.

### Statement Pursuant to the Court's Standing Order Regarding Confidential Information

36. Counsel for the Parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order. This Protective Order does not authorize either party to seal Court filings or Court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file "Confidential," "CONFIDENTIAL–ATTORNEYS' Eyes Only," and/or "Highly Confidential–Source Code" information under seal.

### Conclusion of Litigation

37. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, all Discovery Materials not received in evidence—whether treated as confidential under this Protective Order or not—shall be destroyed or returned to the

16

originating Party. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain protected material. Any such archival copies that contain or constitute protected material remain subject to this Protective Order.

### No Prejudice

38. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not: (a) operate as an admission by any Party that any particular confidential information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

### Other Proceedings

39. If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Materials, the receiving Party must so notify

17

the designating Party in writing (by email, if possible, as well as by overnight courier) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving Party also must immediately inform, in writing, the Party who caused the subpoena or order to issue in the other litigation that the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

40. The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the designating Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating Party shall bear its own fees and the expenses of seeking protection in that court of its Discovery Materials, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

**ENTER:**

Young B. Kim
**United States Magistrate Judge**

**List of Exhibits**

**Exhibit A**
Acknowledgement and Agreement to be Bound

**Exhibit B**
Curriculum vitae of The Sylint Group, Inc.

**Exhibit C**
Executed Acknowledgement and Agreement to be Bound, dated January 5, 2012, by Serge Jorgensen of The Sylint Group, Inc.

**EXHIBIT A**

EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | No. 11 C 5807 |
| v. | ) ) | Judge Holderman |
| COMSCORE, INC., a Delaware corporation, | ) ) | Magistrate Judge Kim |
| *Defendant.* | ) ) ) | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [name]_____, of [address]_____ hereby affirm, agree, and acknowledge that information, including documents and things, designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" pursuant to the Stipulated Protective Order Regarding Confidentiality of Discovery Materials entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read and understand the Protective Order. I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms. I submit to the jurisdiction of this Court for enforcement of the Protective Order. I hereby also consent to accept service of process in connection with this action or any proceedings related to enforcement of the Protective Order by certified letter, return receipt requested, at my principal residence, in lieu of personal service or other methods of service.

I agree not to use any confidential Discovery Materials disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such materials to persons other than those specifically authorized by said Protective Order, without the express written consent of the Party who designated the materials as confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____
                                      [printed name]

Signature: _____

2

**EXHIBIT B**



Serge Jorgensen
CTO

sdj@usinfosec.com
941.726.0256

## PROFILE

Serge Jorgensen is a founding partner in the Sylint Group, and provides technical development and guidance in the areas of Computer Security, Counter Cyber-Warfare, System Design and Incident Response. Mr. Jorgensen holds various patents in engineering and math-related fields. Prior to co-founding the Sylint Group, Mr. Jorgensen ran the Research and Development Department for Locast Corporation developing a HIPAA-compliant patient location- and status-tracking device. As part of this effort, Mr. Jorgensen developed proprietary secure, low-bandwidth data transmission techniques and methodologies implementing secure communications technology. For end-user and collaborative users, Mr. Jorgensen designed and implemented secure software and data-storage models and tools to collect, transmit and store confidential patient information. Since co-founding Sylint Mr. Jorgensen has, among other things, directed development of DNA tracking applications, responded to multi-billion dollar international espionage and cyber-security attacks, and directed, tasked and managed multi-million dollar litigation, forensic and electronic discovery efforts. Mr. Jorgensen has held various security clearances and works closely with the FBI in tasking, analysis and managing Information Security needs to safeguard critical infrastructure of U.S. manufacturing processes. Mr. Jorgensen develops, engineers and implements secure communication protocols, traffic analysis techniques and malware identification and remediation efforts. Internationally, Mr. Jorgensen has briefed King Juan Carlos of Spain and the Minister of Defense for Singapore, among others.

## SKILLS

Analysis, design, development, testing and integration for real-world problems in the fields of information security, corporate counter-espionage, counter cyber-warfare and data forensics;

Programming and development using a variety of programming languages, techniques and strategies;

Forensic data analysis with custom developed software, and off-the-shelf tools;

Penetration testing and secure computing environment design and validation through purpose built, open source and commercial tools

## EXPERIENCE

*Chief Technology Officer, Sylint Group*

2006 – present

- Design and manage development of applications and techniques to detect current and ongoing local, national and international security breaches through data traffic collection, analysis, processing and event correlation.
- Research, develop, validate and utilize tools for forensic collection and analysis of evidentiary material internally, in the field and for other vendor related firms.
- Brief, task, manage and direct operational security practices for multinational corporations.
- Brief and develop collection systems for US governmental agencies
- Create and manage concepts and tools related to best-practice and regulatory compliance operations.



- Monitor and validate internal forensic procedures and ensure accuracy, efficiency and holistic approaches.
- Analyze international zero-day exploits and develop effective monitoring, prevention, protection and response methodologies.

*Director, Programming and Development, Sylint Group*
2002 – 2006

- Design, develop and validate tools to detect counter-forensic operations.
- Research and implement tools and methodologies for securing critical business systems.
- Draft methods, policies and procedures for information security and design security and forensic departments for Fortune 100 companies.
- Manage software development for custom line of business, process and security applications.

*Chief Scientist, Locast Corporation*
1999 – 2003

- Develop personal state-sensing devices combined with data collection and secure transmission to remote monitoring stations.
- Design and implement secure remote access-control technology using CDPD, short-range RF and proprietary encrypted communication devices.
- Create, test and validate algorithms for motion and dynamic change analysis and integrate algorithms into proprietary tracking equipment.

## BRIEFINGS AND AFFILIATIONS

*NSA, FBI and FBI Infragard*
Keynote, panel and confidential briefings on information security, data encryption and data forensics, including national critical infrastructure protection and CDC standards.

*RSA, Bloomberg, Cornerstones and similar conferences*
Panel discussions and presentations on forensic methodologies and techniques, security concepts and technique implementation, and data storage technology and challenges.

*ABA ISC and eDiscovery and Digital Evidence Committees*
Panel and keynote presentations on forensic and discovery challenges, advances in the art and uses of various tools and techniques.

*US and International Olympic Committees, and Beijing Organizing Committee for the Olympic Games*
Briefings on and evaluation of athlete tracking and location-based analysis, athlete and Games cyber- and physical security needs and methodology.

*State and City Governments*
Briefings and system design & implementation on security, testing and validation of data transmission and storage for confidential and personal State-collected information.

**EXHIBIT C**

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIKE HARRIS and JEFF DUNSTAN,    )
individually and on behalf of a class of similarly   )
situated individuals,    )
   )
              *Plaintiffs*,    )    No. 11 C 5807
   )
              v.    )    Judge Holderman
   )
COMSCORE, INC., a Delaware corporation,    )    Magistrate Judge Kim
   )
   )
             *Defendant*.    )

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, Serge Jorgensen, of The Sylint Group, Inc. hereby affirm, agree, and acknowledge that

information, including documents and things, designated as "Confidential," "Confidential –

Attorneys' Eyes Only," or "Highly Confidential – Source Code" pursuant to the Stipulated

Protective Order Regarding Confidentiality of Discovery Materials entered in the above-

captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms

and restrictions of the Protective Order. I have been given a copy of and have read the Protective

Order. I am familiar with the terms of the Protective Order and I agree to comply with and to be

bound by such terms. I submit to the jurisdiction of this Court for enforcement of the Protective

Order. I hereby also consent to accept service of process in connection with this action or any

proceedings related to enforcement of the Protective Order by certified letter, return receipt

requested, at my principal residence, in lieu of personal service or other methods of service.

I agree not to use any confidential Discovery Materials disclosed to me pursuant to the

Protective Order except for purposes of the above-captioned litigation and not to disclose any

18

I agree not to use any confidential Discovery Materials disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such materials to persons other than those specifically authorized by said Protective Order, without the express written consent of the Party who designated the materials as confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

Date: __05 January 2012_____

City and State where sworn and signed:

_____Sarasota, Florida_____

Printed name: __Serge Jorgensen_____

[printed name]

Signature: __Serge D Jorgensen._____

19