**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 11-cv-5807 |
| v. | ) ) | |
| | ) | Hon. James F. Holderman |
| COMSCORE, INC., a Delaware corporation, | ) ) | |
| *Defendant*. | ) | |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. **The following persons participated in a telephonic Rule 26(f) conference on October 28, 2011, and have continued to collaborate via e-mail and telephone:**

   For Plaintiffs Mike Harris and Jeff Dunstan (collectively, the "Plaintiffs"): Ari J. Scharg and Chandler R. Givens of Edelson McGuire LLC.

   For Defendant comScore, Inc. ("comScore" or "Defendant"): Paul Stack of Stack & O'Connor Chartered, and Andy Shapiro and Stephen Swedlow of Quinn Emanuel Urquhart & Sullivan, LLP.

2. **Initial Disclosures**.

   The Parties exchanged their Fed. R. Civ. P. 26(a)(1) disclosures on December 7, 2011.

3. **Discovery Plan**. The Parties propose the following discovery plan:

   In accordance with Judge Kim's March 2, 2012 Order (Dkt. No. 88), discovery shall be bifurcated into two stages, with class-based discovery proceeding first followed by merits-based discovery.

   (a) **Subjects on Which Discovery Will be Needed:**

   Plaintiffs anticipate taking discovery on the following non-exhaustive list of topics during

the class-based phase of discovery: (1) the manner in which the software at issue ("Panelist Software") operates and functions, (2) the types of data that the Panelist Software monitors, collects, and/or transmits to comScore, (3) the types of data that comScore used and sold to third parties, (4) the Panelist Software source code control and source code library retention policies and practices, (5) the circumstances surrounding the manner in which Plaintiffs and the Classes downloaded the Panelist Software, including issues involving consent, (6) comScore's agreements with its bundling partners to obtain consent from prospective panelists, and (7) the total number of consumers that have downloaded Panelist Software.

Defendant anticipates taking discovery on the following non-exhaustive list of topics during the class-based phase of discovery: (1) class certification issues, including, among other things, ascertainability, numerosity, typicality, commonality, adequacy, predominance, and superiority; (2) the "multiple digital forensic firms" Plaintiffs refer to in the press, and the "dozens of independent tests" allegedly conducted by these firms; (3) Plaintiffs' and putative class members' experience with comScore's software; (4) Plaintiffs' and putative class members download and installation of comScore's software; (5) Plaintiffs' and putative class members' alleged damages; and (6) Plaintiffs' press releases and contacts with the press that relate to comScore or this lawsuit

      **(b)**     **Date for Commencing Discovery:**

Although discovery briefly commenced in December 2011, with the Parties exchanging their initial disclosures and the Plaintiffs propounding written discovery, discovery was stayed on December 20, 2011 pending Judge Kim's ruling on comScore's motion to bifurcate. (Dkt. No. 61.) On March 2, 2012, Judge Kim entered his ruling, lifted the stay on class-based discovery, and ordered comScore to respond to Plaintiff's written discovery by March 23, 2012.

Further, comScore has already produced the following: (1) comScore's Windows-based source code as it existed on September 17, 2009; (2) documents explaining the purpose of thirteen updates to the Windows-based source; (3) the single version of the Mac Panel software's source code; and (4) the source code for each version of RK Verify used in the last two years (RK Verify is software designed to ensure that prospective Panelists are shown, and acknowledge agreeing to, comScore's Terms of Service before they are allowed to install the comScore software). (See "Phase 1" of Source Code Discovery Plan Plaintiffs reference below and attach to this Statement as Exhibit "A").

**(c)** **Date for Completing Discovery:**

The Parties propose that class-based discovery be open for approximately six (6) months, closing on September 14, 2012—30 days before the October 15, 2012 date that the Parties have proposed for Plaintiffs to file their supplemental class certification motion. The Parties further propose that merits-based discovery should be completed within five (5) months of the Court's ruling on Plaintiffs' class certification motion.

**(d)** **Maximum Number of Interrogatories:**

Plaintiffs' Proposal. Plaintiffs Harris and Dunstan each expect to use a maximum of 25 interrogatories, as allowed by the Federal Rules of Civil Procedure, during each stage of discovery.

comScore's Proposal. comScore proposes that the parties abide by the interrogatory limit set forth in the Federal Rules of Civil Procedure and that the parties will meet and confer as needed in the event Plaintiffs believe there is a good faith need for additional interrogatories under the circumstances. comScore disagrees that each individual Plaintiff is entitled to serve 25 interrogatories directed to comScore.

The Parties agree that responses to interrogatories shall be due in accordance with the Federal Rules of Civil Procedure, except that as ordered by Judge Kim, comScore's answers and responses to Plaintiff Harris's outstanding written discovery (i.e., First Set of Interrogatories and Request for the Production of Documents) shall be due on March 23, 2012.

**(e)** **Maximum Number of Requests for Admissions:**

Plaintiffs' Proposal. Plaintiffs anticipate that they will need 45 requests for admissions during each stage of discovery.

comScore's Proposal. comScore proposes that the parties abide by the limit on the number of requests for admission set forth in the Federal Rules of Civil Procedure and that the parties will meet and confer as needed in the event Plaintiffs believe there is a good faith need for additional requests for admissions under the circumstances.

The Parties agree that responses to requests for admissions shall be due in accordance with the Federal Rules of Civil Procedure.

**(f)** **Maximum Number of Depositions:**

Plaintiffs currently expect that they will need a maximum of 10 depositions during each stage of discovery.

comScore currently expects that it will need to take the depositions of Plaintiffs and Plaintiffs' experts, including the persons referenced in Plaintiffs' counsel's press releases as having tested the comScore software.

**(g)** **Hours Needed for Depositions:**

The Parties anticipate that they will require 7 hours to take each deposition.

**(h)** **Deadlines for Exchanging Reports of Expert Witnesses:**

The Parties propose that Plaintiffs submit their class-related expert reports (2) two

4

months before the class-based discovery deadline. The Parties propose that comScore submit its class-related expert reports one (1) month before the class-based discovery deadline. The Parties agree that depositions of class-related experts will be completed before the deadline for Plaintiffs to file their class certification motion.

The Parties further propose that Plaintiffs submit their merits-based expert reports two (2) months before the close of merits-based discovery. The Parties propose that comScore submits its merit expert reports one (1) month before the merits-based discovery deadline.

    **(i)**     **Dates for Supplementations Under Fed. R. Civ. P. 26(e):**

The Parties agree to supplement their discovery responses in a timely manner, as required by Fed. R. Civ. P. 26(e).

**4.**     **Other Items:**

    **(a)**     **A Date if the Parties Ask to Meet With the Court Before a Scheduling Order:**

The Parties do not currently contemplate requesting a meeting with the Court before entry of a scheduling order.

    **(b)**     **Requested Dates for Pretrial Conferences:**

The Parties propose a date three (3) months after the close of merits-based discovery.

    **(c)**     **Final Dates for the Plaintiffs to Amend Pleadings or to Join Parties:**

The Parties propose that the final date for Plaintiff to amend the pleadings and/or to join parties be set for April 20, 2012.

    **(d)**     **Final Dates for the Defendant to Amend Pleadings or to Join Parties:**

The Parties propose that the final date for Defendant to amend the pleadings and/or to join parties be set for May 21, 2012.

**(e)** **Final Dates to file Dispositive Motions:**

The Parties propose that the final date to file dispositive motions be set for thirty (30) days after the close of merits-based discovery.

**(f)** **State the Prospects for Settlement:**

comScore believes Plaintiffs' claims are factually inaccurate and without merit and intends to vigorously defend this lawsuit.

**(g)** **Identify any Alternative Dispute Resolution Procedure that may Enhance Settlement Prospects:**

Plaintiffs believe that the Parties would benefit from a private mediation.

**(h)** **Final Dates for Submitting Fed. R. Civ. P. 26(a)(3) Witness Lists, Designations of Witnesses Whose Testimony will be Presented by Deposition, and Exhibit Lists:**

The Parties propose that the final date to submit witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists be set for four (4) months after the close of merits-based discovery.

**(i)** **Final Dates to File Objections Under Fed. R. Civ. P. 26(a)(3):**

The Parties propose that the final date to file objections under Fed. R. Civ. P. 26(a)(3) be set for five (5) months after the close of merits-based discovery.

**(j)** **Suggested Trial Date and Estimate of Trial Length:**

The Parties propose that trial commence six (6) months after the close of merits-based discovery and estimate that it will last five (5) days.

**(k)** **Deadline for Plaintiffs to File Their Supplemental Motion for Class Certification:**

The Parties propose that Plaintiffs will file their Supplemental Motion for Class Certification on or by October 15, 2012.

**(l)** **Other Matters:**

There are no other matters to be reported to the Court at this time. For the convenience of the Court, all proposed deadlines are set forth in the table below.

| Plaintiffs' Proposed Date | Defendant's Proposed Date | Event |
|---|---|---|
| May 21, 2012 | Same | Final Dates for Parties to Amend the Pleadings or Join Parties |
| July 16, 2012 | Same | Deadline for Plaintiffs' Expert Reports on Class Certification Issues |
| August 15, 2012 | Same | Deadline for Defendant's Expert Reports on Class Certification Issues |
| September 14, 2012 | Same | Deadline for Class-Based Discovery. |
| October 15, 2012 | Same | Deadline for Plaintiffs to File Supplemental Class Certification Motion |
| Two (2) Months Before Deadline for Merits-Based Discovery | Same | Deadlines for Plaintiffs to Disclose Merits-Based Expert Reports |
| One (1) Month Before Deadline for Merit's Based Discovery | Same | Deadlines for Defendant to Disclose Merits-Based Expert Reports |
| Five (5) Months After Court's Ruling on Plaintiffs' Class Certification Motion | Same | Deadline for Completion of Merits-Based Discovery |
| Thirty (30) Days After Deadline for Merits-Based Discovery | Same | Deadline to File Dispositive Motions |
| Three (3) Months After Merits-Based Discovery | Same | Requested Date for Pretrial Conferences |
| Four (4) Months After Deadline for Merits-Based Discovery | Same | Final Dates for Submitting Fed. R. Civ. P. 26(a)(3) Witness Lists, Designations of Witnesses Whose Testimony will be Presented by Deposition, and Exhibit Lists |

| Five (5) Months After Deadline for Merits-Based Discovery | Same | Final Dates to File Objections Under Fed. R. Civ. P. 26(a)(3) |

                                              Respectfully submitted,

Dated: March 9, 2012                     **Edelson McGuire LLC**

                                              /s/ Ari J. Scharg
                                              Jay Edelson
                                              Ari J. Scharg
                                              Chandler R. Givens
                                              Edelson McGuire, LLC
                                              350 N. LaSalle St., Suite 1300
                                              Chicago, IL 60654
                                              Tel: (312) 589-6370
                                              jedelson@edelson.com
                                              ascharg@edelson.com
                                              cgivens@edelson.com

Dated: March 9, 2012                     **STACK & O'CONNOR CHARTERED**

                                              /s/ Paul F. Stack
                                              Paul F. Stack
                                              Stack & O'Connor Chartered
                                              140 South Dearborn Street, Suite 411
                                              Chicago, IL 60603
                                              Tel: (312) 782-0690