**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals<br><br>Plaintiff,<br><br>v.<br><br>COMSCORE, INC., a Delaware corporation<br><br>Defendant. | CASE NO. 1:11-cv-5807<br><br>Judge Holderman<br><br>Magistrate Judge Kim |

**MEMORANDUM IN SUPPORT OF COMSCORE'S MOTION TO COMPEL
PLAINTIFFS TO PRODUCE DOCUMENTS AND THINGS**

Defendant comScore, Inc. ("comScore") respectfully submits this Memorandum of Law in Support of its Motion to Compel Plaintiffs Mike Harris and Jeff Dunstan ("Plaintiffs") to produce certain documents and things responsive to comScore's First Set of Requests for Production of Documents. Specifically, comScore seeks an order directing the Plaintiffs to produce for inspection the computer or computers that Plaintiffs contend were affected by comScore Software.

**I.     INTRODUCTION**

Plaintiffs allege that they downloaded comScore's software to their computers, and that the software performed actions on their computers that violated their privacy. Plaintiff Dunstan further alleges that comScore's software debilitated his computer, and that he had to purchase a $40 anti-virus program to remove the software from his computer.

comScore is entitled to test these allegations. comScore is entitled to investigate whether these Plaintiffs did in fact download comScore's software, and, if so, how long the software

remained on their computers; whether the software (contrary to expectation) somehow placed "root certificates" on the Plaintiffs' computers, as alleged in the Complaint; whether the software (rather than something else on the computer) caused the unusual problems about which Plaintiff Dunstan complains; whether those problems even in fact occurred as Plaintiff Dunstan alleges; and whether anti-virus software (rather than the ordinary and obvious "uninstall" feature) was actually used to remove the software.

Accordingly, comScore has requested that the Plaintiffs produce for inspection the computer or computers that the Plaintiffs contend were affected by comScore software, but Plaintiffs have refused to produce them. The parties have met and conferred about this issue but have not resolved their dispute. comScore therefore seeks the Court's assistance in collecting the discovery to which it is entitled.

## II. ARGUMENT

comScore is entitled to all discovery relevant to any party's claim or defense which is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). This includes discovery of tangible things which are otherwise relevant under Fed. R. Civ. P. 26(b). Fed. R. Civ. P. 34(a)(1)(B). As discussed more fully below, the Plaintiffs' computers are highly relevant to the current issue before the Court—class certification. (*See* Dkt. No. 88 (March 2, 2012 Memorandum Opinion and Order).)

### A. Plaintiffs' Computers Are Relevant To Whether Plaintiffs Dunstan And Harris Are Adequate Class Representatives

Plaintiffs are not entitled to withhold the computer or computers that they contend were affected by comScore software and which are essential to their ability to serve as adequate class representatives by claiming that the computers are irrelevant. To bring suit on behalf of a class, the class representative "must be part of the class and 'possess the same interest and suffer the

same injury' as the class members." *Harriston v. Chi. Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (citing *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). Indeed, "[a] showing of the named plaintiff's class membership is fundamental to an assertion of proper representation . . . . If the named plaintiff is not a member of the class he purports to represent, he cannot be expected to fairly and adequately represent the interests of the class." *Young v. Lehigh Corp.*, No. 80 C 4376, 1989 WL 117960, at *16 (N.D. Ill. Sept. 28, 1989). Moreover, "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *Davis v. Ball Mem'l Hosp. Ass'n*, 753 F.2d 1410, 1420 (7th Cir. 1985).

If Plaintiffs do not produce the computer or computers they contend were affected by comScore software, Plaintiffs cannot satisfy this fundamental requirement with respect to the class and subclass they purport to represent. Plaintiffs seek certification of a "Surveillance Software Class" composed of "[a]ll individuals and entities in the United States that have comScore's Surveillance Software installed on their computer(s)." (Complaint ¶ 74.) Plaintiffs must demonstrate that they did, in fact, download and install comScore software on their computers. If Plaintiffs did not install comScore software on their computers and thus do not have their own individual claims against comScore, Plaintiffs do not possess the same interests and suffer the same injuries as the class members. Plaintiffs' computers are, therefore, directly relevant to whether Dunstan and Harris are adequate class representatives.[1]

A simple way to think about the issue is this: even if this lawsuit had merit and was successful, a purported class member would not be entitled to recover in a claims-administration

---

[1] Plaintiffs have offered no documentary evidence in support of their claim that they actually installed comScore software beyond a handful of generic and unidentified printouts of uncertain origin.

process with nothing more than his own say-so to support a claim that he had used comScore's software. (If that is not the case, then any class will plainly be unmanageable, as it would be open to everyone in the world who simply asserted that he or she had used the software with no further verification of the claim.) *A fortiori*, unless Dunstan and Harris can show that the comScore software was actually installed on their computers, they are not adequate class representatives.[2] The result of inspections of their computers is thus highly relevant evidence that must be provided.

### B. Plaintiff Dunstan Is Required To Produce The Computer He Contends Was Debilitated By ComScore Software

Plaintiffs also object to Document Request No. 7 on the bases of overbreadth and undue burden. Those objections are misplaced. comScore seeks to inspect and make a forensic image of Dunstan's computer as a direct result of Dunstan's own allegations. Dunstan contends that his computer "became entirely debilitated in reaction to the Surveillance Software operating on his computer." (Complaint ¶ 71.) If true, this is an abnormal response to the installation of comScore software. comScore has the right to determine what basis Plaintiffs have for this claim, but comScore cannot do so without the opportunity to inspect Dunstan's computer. comScore seeks to assess whether Dunstan did in fact install the comScore software and whether computer viruses or other causes were responsible for debilitating Dunstan's computer. Indeed, comScore has reason to believe that the photo-cropping program Dunstan claims he downloaded and installed on his computer may have been infected with a virus that debilitated his computer.

---

[2] Plaintiffs maintain that Harris' Macintosh computer was discarded in August 2010. Harris' apparent inability to produce the computer allegedly affected by comScore software raises substantial concerns about the viability of his case. This is an issue comScore anticipates raising with the Court at the appropriate time.

Plaintiff Dunstan's computer is the only source that could allow comScore to verify the installation of comScore software, the date of installation, the date on which the software ceased communicating with comScore servers, and whether anti-virus software was installed. (Ex. A, May 4, 2012 Declaration of Brown.) This information can be discerned one of two ways. It can be done through recovery of the Machine Identifier that is created by the comScore software and stored on the user's computer. (*Id.*) Or, for computers on which the comScore software was still running after November 2010, it can be done by determining the computer's Media Access Control ("MAC") addresses. (*Id.*) The Machine Identifier would need to be recovered from the Windows registry, and thus the actual computer or a forensic image would need to be used as the registry is only accessible from a running machine. The MAC address can only be recovered directly from the computer because the MAC address is physically stored on the computer hardware, as opposed to being assigned by the operating system software. Without a Machine Identifier or MAC address, comScore is otherwise unable to link data stored in its database with Dunstan.

This request is not unduly burdensome. First, as noted above, inspection of Dunstan's computer is required due to allegations made by Dunstan himself, and the information comScore needs regarding these allegations cannot be collected without inspecting Dunstan's computer. Additionally, as Plaintiffs' counsel made clear in a letter dated May 1, 2012, Dunstan has *already* provided images of the hard drive to a forensic expert. (Ex. B, May 1, 2012 Letter from Balabanian to Swedlow ¶ 5.) Thus, it would not be burdensome at all for Plaintiffs to provide comScore with a copy image of Dunstan's hard drive. As long as the image of Dunstan's hard drive allows access to the computer's registry files associated with the comScore software, comScore will be able to assess what basis Dunstan has for his allegations. (*See* Ex. A, May 4,

2012 Declaration of Brown.) If the images of the hard drive already collected (but withheld) by Plaintiffs' counsel are incomplete, an inspection and additional forensic image would be required. If the registry files fail to demonstrate any remnants of the comScore software, then an image would be insufficient and an inspection of Dunstan's actual computer would be required in order to determine the computer's MAC addresses.

Courts routinely require parties to present their computers for inspection and forensic imaging at the request of opposing counsel. *See, e.g.*, *Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443 (D. Conn. 2010) (permitting expert to conduct forensic imaging of former employees' computers where investment firm alleged former employees used computers to download investment firm's proprietary information and trade secrets); *Equity Analytics, LLC v. Lundin*, 248 F.R.D. 331 (D.D.C. 2008) (allowing forensic specialist to examine former employee's computer where employer alleged former employee used computer to gain illegal access to electronically stored information); *G.D. v. Monarch Plastic Surgery, P.A.*, 239 F.R.D. 641, 646 (D. Kan. 2007) (granting patients' motion to compel inspection of medical partnership's computer where patients alleged medical partnership wrongfully disclosed their confidential medical information stored on computer hard drives). *See also Pearle Vision, Inc. v. Romm*, 541 F.3d 751 (7th Cir. 2008) (affirming district court's judgment on contempt where party failed to make available certain things as required by the district court's order – an order which granted opposing counsel, among other things, the right to inspect any hard drive containing relevant information); *Dawe v. Corrections USA*, 263 F.R.D. 613 (E.D. Cal. 2009) (granting defendants' motion to compel inspection of third-party plaintiff's computer where relevant information may have been obtained from the inspection). Accordingly, comScore is entitled to inspect the computer that Dunstan contends was debilitated by comScore software.

### III. CONCLUSION

For the foregoing reasons, comScore respectfully requests that the Court compel Plaintiffs to produce the computer or computers Plaintiffs contend were affected by comScore software.

DATED: May 4, 2012          QUINN EMANUEL URQUHART & SULLIVAN, LLP

    /s/ Andrew H. Schapiro
Andrew H. Schapiro
andrewschapiro@quinnemanuel.com
Stephen Swedlow
stephenswedlow@quinnemanuel.com
Robyn Bowland
robynbowland@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7499

Paul F. Stack
pstack@stacklaw.com
Mark William Wallin
mwallin@stacklaw.com
Stack & O'Connor Chartered
140 South Dearborn Street
Suite 411
Chicago, IL 60603
Telephone: (312) 782-0690
Facsimile: (312) 782-0936

*Attorneys for Defendant comScore, Inc.*

-8-

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that a true and correct copy of **COMSCORE'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT OF COMSCORE'S MOTION TO COMPEL** has been caused to be served on May 4, 2012 to all counsel of record via email.

                                                 */s/ Robyn Bowland*
                                                  Robyn Bowland