**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals, ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:11-5807 |
| v. ) ) | Hon. James F. Holderman |
| COMSCORE, INC., a Delaware corporation, ) ) | Magistrate Judge Kim |
| Defendant. ) ) | |

**DECLARATION OF RAFEY S. BALABANIAN IN SUPPORT OF
PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL**

I, Rafey S. Balabanian, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an adult over the age of 18 and a resident of the State of Illinois. I am licensed to practice law in the State of Illinois, a Partner of the law firm Edelson McGuire LLC, and one of the attorneys representing Plaintiffs Mike Harris and Jeff Dunstan ("Plaintiffs") in this matter. I am fully competent to make this Declaration, have personal knowledge of all matters set forth herein unless otherwise indicated, and could and would testify truthfully to such matters if called as a witness in this action. I make this Declaration in support of Plaintiffs' Motion to File Documents Under Seal.

2. On January 15, 2013, concurrently with the filing of their Motion to File Documents Under Seal, Plaintiffs filed their Memorandum in Support of Plaintiffs' Supplemental Motion for Class Certification (the "Memorandum"). The Declaration of Jay Edelson submitted in support of the Memorandum (the "Edelson Decl.") attaches several exhibits to the Memorandum, some of which have been marked by Defendant comScore as

"CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the Protective Order entered in this case.

3. On January 15, 2013, Ben Thomassen—an associate attorney at my firm—sent an email to comScore's counsel that contained a list describing the actual exhibits that Plaintiffs planned to attach to their Memorandum. The list described the specific page-ranges of citations to deposition transcripts that had been marked by comScore as "CONFIDENTIAL—ATTORNEYS' EYES ONLY," along with other proposed Exhibits that may contain confidential information, but had not been previously marked as confidential by comScore in this case. The list is accurately reproduced below:

a. comScore's First Supplemental Responses to Harris's First Interrogatories, including Exhibit A;

b. Waldhalm's expert report;

c. O'Malley's expert report;

d. Tamassia's expert report;

e. Brown Transcript – Pages: 9, 62, 74–79, 90–92, 97–98, 106, 120–123, 125–127:12, 128–129, 134, 140, 147–148, 160–161, 188–189, 194–195, 218–219, 226–227;

f. O'Malley Transcript, Pages: 84–85, 90, 123–125;

g. McCaskill Transcript, Pages: 27–28, 78–79;

h. Bigbee Transcript, Pages: 40–41, 44, 56–57, 59–60, 65–66, 67–68, 72–73;

i. Chand Transcript, Pages: 28–29, 41;

j. Tamassia Transcript, Pages: 45–46:20, 65–66; and

k. comScore's document production at CS0015923–24.

4. In response, one of comScore's attorneys, Robyn Bowland, indicated via email that "[o]nly Rog response #7 and comScore 0015923–24 need to be filed under seal."

5. The contents of "Rog response #7" (part of Exhibit B to the Edelson Decl.) and "comScore 0015923–24" (Exhibit M to the Edelson Decl.) are generally and accurately described in in paragraphs 2(d) and 5 of Plaintiffs' Motion to File Documents Under Seal. Exhibit M is also described in paragraph 32 of the Edelson Decl.

6. After conferring with comScore's counsel as described above, Plaintiffs included an additional page (specifically, page 125) from the Brown Deposition Transcript in Exhibit A (which is marked CONFIDENTIAL—ATTORNEYS' EYES ONLY). Plaintiffs were not able to secure comScore's consent to publically file this single page before filing their Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of January 2013 in Chicago, Illinois.

/s/ Rafey S. Balabanian