IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>COMSCORE, INC., a Delaware corporation,  )<br>)<br>Defendant.  )<br>_____) | Case No. 1:11-5807<br><br>Hon. James F. Holderman |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a telephonic Rule 26(f) conference on June 19, 2013, and have continued to elaborate via email and telephone:

   For Plaintiffs Mike Harris and Jeff Dunstan (collectively, "Plaintiffs"): Rafey S. Balabanian, Ari J. Scharg, Benjamin S. Thomassen, and Chandler R. Givens of Edelson LLC.

   For Defendant comScore, Inc. ("Defendant" or "comScore"): Andrew H. Schapiro, and Stephen A. Swedlow of Quinn Emanuel Urquhart & Sullivan, LLP, and Paul F. Stack of Stack & O'Connor Chartered.

2. **Initial Disclosures.**

   The Parties exchanged their Rule 26(a)(1) initial disclosures on December 7, 2011.

3. **Discovery Plan.**

   On the motion of comScore, discovery in this case has been bifurcated between class- and merits-based issues, with the class phase proceeding first and culminating in Plaintiffs' motion for class certification, and the merits phase set to commence after the Court's certification decision. (Dkt. 88.) The Parties have completed class-based discovery, and the

Court has certified a Class and a Subclass for the purpose of resolving Plaintiffs' claims under the Stored Communications Act ("SCA"), 18 U.S.C. § 2701(a)(1), (2), Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1)(a), (d), and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(C). The Parties have agreed to commence merits-based discovery on these claims immediately, pending the Court's lifting of the stay currently in place in the case.

  **(a)**  **Subjects on Which Discovery Will be Needed:**

Plaintiffs anticipate taking discovery on the following non-exhaustive list of topics during the merits-based phase of discovery: (1) the circumstances surrounding the design and development of OSSProxy (and each of its subsequent iterations); (2) the process and manner in which comScore determined the types of information to collect and transmit from panelists' computers through OSSProxy; (3) the value that comScore ascribes to the information collected, whether from the sale of the information or otherwise; (4) the process, manner, and circumstances surrounding the drafting of, and subsequent modifications to, any applicable Terms of Service and Privacy Policies; (5) the circumstances surrounding the design and development of the process by which comScore supposedly "fuzzifies" confidential information, and all related deficiencies thereto; (6), the circumstances surrounding the design and development of the process by which comScore supposedly "purges" confidential information collected by OSSProxy, and all related deficiencies thereto; (7) the manner in which comScore stores, organizes, and maintains data collected through OSSProxy; (8) the contracts and other agreements in place between comScore and its third party bundling partners; (9) the contracts and other agreements in place between comScore and its clients; (10) the identity of those comScore clients that purchase data collected by OSSProxy; (11) the types of data that comScore

makes available to its clients, whether by sale or otherwise; (12) any and all complaints that comScore has received regarding OSSProxy, including complaints regarding the installation and removal process; (13) communications regarding OSSProxy related complaints; (14) any and all documentation about third party privacy audits of comScore's data collection practices; (15) the total top-line revenue and profit generated from data collected from panelists' computers through OSSProxy; (16) the contact information that comScore has for Class and Subclass members; and (17) any and all correspondence between comScore and the organizations that filed amicus briefs in support of its appeal pursuant to Fed. R. Civ. P. 23(f); (18) comScore's affirmative defenses and public representations regarding the merits of the case; and (19) comScore's purported incentive programs, such as the "trees for the future" program.

Defendant believes that Plaintiffs' list of topics is overbroad, and includes topics that are not relevant to Plaintiffs' claims in this lawsuit. Merits-based discovery should be limited to the claims in Plaintiffs' Second Amended Complaint.

**(b)     Date for Commencing Discovery:**

As noted above, the Parties have completed class-based discovery and have agreed to commence merits-based discovery immediately.

**(c)     Date for Completing Discovery:**

The Parties propose a six-month phase of merits-based fact discovery, which would close on December 20, 2013. Merits-based expert discovery would close on March 20, 2014.

**(d)     Maximum Number of Interrogatories:**

The Parties anticipate using a maximum of twenty-five (25) interrogatories, as allowed for under the Federal Rules, but reserve their right to seek to propound additional interrogatories as reasonably necessary. The Parties agree that responses to interrogatories shall be due in

accordance with the Federal Rules of Civil Procedure.

    **(e)**     **Maximum Number of Requests for Admission:**

The Parties anticipate that they will need no more than One-Hundred (100) requests for admission each, not including Requests for Admission regarding document authenticity, which would be unlimited, and reserve their right to seek to issue additional Requests for Admission as reasonably necessary. The Parties agree that responses to requests for admission shall be due in accordance with the Federal Rules of Civil Procedure.

    **(f)**     **Maximum Number of Depositions:**

Plaintiffs anticipate that they will need a maximum of ten (10) depositions. comScore anticipates that it will need a maximum of ten (10) depositions.

    **(g)**     **Length of Depositions:**

The Parties anticipate that they will require seven (7) hours to take each deposition.

    **(h)**     **Deadlines for Exchanging Reports of Expert Witnesses:**

The Parties propose that Plaintiffs submit their merits-based expert reports one (1) month after the close of merits-based fact discovery on January 20, 2014. The Parties propose that comScore submits its merits-based expert reports two (2) months after the merits-based fact discovery deadline on February 20, 2014.

    **(i)**     **Dates for Supplementations Under Fed. R. Civ. P. 26(e):**

The Parties agree to supplement their discovery responses in a timely manner, as required by Rule 26(e).

**4.**     **Other Items:**

    **(a)**     **A Date if the Parties Ask to Meet and Confer With the Court Before a Scheduling Order:**

The Parties are ordered to appear before the Court on July 25, 2013 for a status conference, with this Form 52 to be filed on or before July 22, 2013. The Parties anticipate the Court will address some or all of the matters set forth herein at the July 25th status conference.

**(b)      Requested Dates for Pretrial Conferences:**

The Parties propose that the dates for the pretrial conference be set three (3) months after the close of merits-based expert discovery.

**(c)      Final Dates for the Plaintiffs to Amend Pleadings or to Join Parties:**

The Parties propose that the final date for Plaintiffs to amend the pleadings and/or to join parties be set for September 23, 2013.

**(d)      Final Dates for the Defendant to Amend Pleadings or to Join Parties:**

The Parties propose that the final date for comScore to amend the pleadings and/or to join parties to be set for October 23, 2013.

**(e)      Final Dates to File Dispositive Motions:**

The Parties propose that the final date to file dispositive motions be set for thirty (30) days after the close of merits-based expert discovery.

**(f)      State the Prospects for Settlement:**

The Parties have not yet engaged in any settlement discussions. Subsequent to the filing of their Motion for Class Certification, by letter dated January 30, 2013, Plaintiffs, through Class Counsel, invited comScore to participate in a settlement conference. comScore never responded and to date, no settlement discussions have taken place.

comScore is open to discussing any settlement proposal offered by Plaintiffs. However, Plaintiffs have not yet made a proposal.

(g) **Identify any Alternative Dispute Resolution Procedure that may Enhance Settlement Prospects:**

As they explained in their January 30, 2013 letter to comScore, Plaintiffs believe that a settlement conference presided over by the Court or, alternatively, a mutually agreed-upon private mediator, may enhance the settlement prospects of this lawsuit.

comScore is considering this suggestion.

(h) **Final Dates for Submitting Fed. R. Civ. P. 26(a)(3) Witness Lists, Designations of Witnesses Whose Testimony Will be Presented by Deposition, and Exhibit Lists:**

The Parties propose that the final date to submit witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists be set for four (4) months after the close of merits-based expert discovery.

(i) **Final Dates to File Objections Under Fed. R. Civ. P. 26(a)(3):**

The Parties propose that the final date to file objections under Fed. R. Civ. P. 26(a)(3) be set for five (5) months after the close of merits-based expert discovery.

(j) **Suggested Trial Date and Estimate of Trial Length:**

The Parties propose that trial commence approximately six (6) months after the close of merits-based expert discovery and estimate that it will last ten (10) days.

(k) **Other Matters:**

Currently pending before the Court is Plaintiffs' Motion for Approval of Class Notice Plan. (Dkt. 189.) In light of the issues raised by comScore with respect to the feasibility and implementation of Plaintiffs' proposed Class Notice Plan (Dkt. 192), Class Counsel invited comScore to a meet and confer conference in the hopes of reaching a compromise and presenting a revised, mutually agreeable notice plan to the Court for approval. During the meet and confer

conferences, which were held on June 19 and 26, 2013, comScore agreed to provide Plaintiffs with specific information regarding the feasibility of the Notice Plan and any objections that comScore may have to it. Plaintiffs are currently considering the information provided by comScore.

For the convenience of the Court, all proposed deadlines are set forth in the table below.

| Event | Plaintiffs' Proposed Dates |
|---|---|
| Deadline for Plaintiffs to Amend Pleadings or to Join Parties | September 23, 2013 |
| Deadline for Defendant to Amend Pleadings or Join Parties | October 23, 2013 |
| Close of Merits-Based Fact Discovery | December 20, 2013 |
| Deadline for Plaintiffs to Submit Merits-Based Expert Reports | January 20, 2014 |
| Deadline for Defendant to Submit Merits-Based Expert Reports | February 20, 2014 |
| Close of Merits-Based Expert Discovery | March 20, 2014 |
| Deadline to File Dispositive Motions | April 21, 2014 |
| Requested Date for Pretrial Conference | June 20, 2014 |
| Deadline to Submit Witness Lists, Designations of Witnesses Whose Testimony Will be Presented by Deposition, and Exhibit Lists | July 21, 2014 |
| Deadline to File Objections Under Fed. R. Civ. 26(a)(3) | August 20, 2014 |
| Trial | |

\*       \*       \*

Respectfully submitted,

**MIKE HARRIS AND JEFF DUNSTAN**,
INDIVIDUALLY AND ON BEHALF OF A CLASS OF
SIMILARLY SITUATED INDIVIDUALS,

Dated: July 22, 2013         By: /s/ Benjamin S. Thomassen
                                 One of Plaintiffs' Attorneys

Jay Edelson
Rafey S. Balabanian
Ari J. Scharg
Benjamin S. Thomassen
Chandler R. Givens
EDELSON LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
ascharg@edelson.com
bthomassen@edelson.com
cgivens@edelson.com

*Counsel for Plaintiffs and the Class and Subclass*

**COMSCORE, INC.**

Dated: July 22, 2013         By: /s/ Andrew H. Schapiro
                                 One of Defendant's Attorneys

Andrew H. Schapiro
Stephen A. Swedlow
Robyn M. Bowland
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60611
Telephone: (312) 705-7400
Facsimile: (312) 705-7499
andrewschapiro@quinnemanuel.com
stephenswedlow@quinnemanuel.com
robynbowland@quinnemanuel.com

Paul F. Stack

>Mark W. Wallin
>STACK & O'CONNOR CHARTERED
>140 South Dearborn Street, Suite 411
>Chicago, Illinois 60603
>Telephone: (312) 782-0690
>Facsimile: (312) 782-0936
>pstack@stacklaw.com
>mwallin@stacklaw.com
>
>*Counsel for Defendant comScore, Inc.*

**CERTIFICATE OF SERVICE**

    I, Benjamin S. Thomassen, an attorney, certify that on July 22, 2013, I served the above and foregoing *Report of the Parties' Planning Meeting*, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system on this 22nd day of July 2013.

    /s/ Benjamin S. Thomassen