IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiffs,<br><br>        v.<br><br>COMSCORE, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 1:11-cv-5807<br><br>Hon. James F. Holderman<br><br>Magistrate Judge Young B. Kim |

**PLAINTIFFS MIKE HARRIS'S AND JEFF DUNSTAN'S
MOTION AND SUPPORTING MEMORANDUM TO
<u>MODIFY MAGISTRATE JUDGE KIM'S SCHEDULING ORDER</u>**

Plaintiffs Mike Harris and Jeff Dunstan ("Plaintiffs"), by and through their counsel, and pursuant to Federal Rule of Civil Procedure 16(b), respectfully move the Court for an Order extending the fact discovery period, as set by Judge Holderman (Dkt. 210), by sixty (60) days, and the deadlines to file all substantive motions to compel and supplement written discovery responses, as set by Magistrate Judge Kim (Dkt. 213), by thirty (30) days.[1] In support of this Motion, Plaintiffs state as follows:

**I.    INTRODUCTION**

As this Court is aware, this case involves a nationwide certified Class and Subclass that allege Defendant comScore, Inc. ("comScore") "improperly obtained and used personal

---

[1]    For the sake of clarity, and as set out below, this Motion is brought before Magistrate Judge Kim and seeks an extension to two of the discovery deadlines set by the Court on September 17, 2013. (*See* Dkt. 213 ("If the parties decide that they are willing to supplement their responses to the opposing party's written discovery requests, the supplemental responses must be served by **October 11, 2013**. For the remaining disputed written discovery issues, if any, both parties are ordered to file their respective motions to compel by no later than **October 7, 2013**.") (emphasis added).) Plaintiffs filed a separate motion seeking an extension to the fact discovery period set by Judge Holderman. (*See* Dkts. 210, 215.)

information from Class members' computers after they downloaded and installed comScore's [tracking software, OSSProxy.]" (Dkt. 186 at 1, 19-20.) Presently, the Parties are engaged in the merits phase of discovery in this case, wherein comScore just produced over 1.5 million pages of unindexed documents in response to Plaintiffs' most recent written discovery requests, and are simultaneously working to provide the Class and Subclass with the required post-certification notice.[2]

As explained below, this motion addresses Plaintiffs' need for additional time to review comScore's massive document production to meet the discovery deadlines set by the Court. Simply put, Plaintiffs do not have sufficient time to—despite all diligence—conduct a thorough review of comScore's production to determine, for example, what information might be lacking (for the purposes of meeting the motion to compel deadline of October 7th) or determine what new information should be requested (for the purposes of working with comScore to arrange for supplemental production by the deadline of October 11th, or by issuing new discovery requests based on new information contained in the latest production) based on information gleaned from a complete and thorough review of comScore's production. Accordingly, Plaintiffs presently seek extensions to the upcoming deadlines set by this Court, as well as a modest extension to the overall fact discovery period of this case set by Judge Holderman.

## II. BACKGROUND AND PROCEDURAL HISTORY

After certifying a national Class and Subclass for the purposes of resolving Plaintiffs' SCA, ECPA, and CFAA claims, (Dkt. 186 at 19-20), Judge Holderman lifted the then-in-place stay of discovery and ordered the Parties to discuss their discovery plans. (Dkt. 207.) The Parties

---

[2] On the topic of notice, Plaintiffs are poised to take another deposition of comScore's Rule 30(b)(6) designee for the purposes of better understanding how to best notify the class of this matter. That deposition is scheduled to take place tomorrow, October 3, 2013. (*See* Declaration of Rafey S. Balabanian, attached as Exhibit 1 ["Balabanian Decl."], at ¶ 2.).)

did so and, at Judge Holderman's request, filed a Civil Form 52 indicating that, *inter alia*, both Parties anticipated a six-month merits discovery period would be appropriate and sufficient. (Dkt. 209 at 3.) On July 25, 2013 Judge Holderman adopted that recommendation, and ordered that fact discovery "shall be noticed in time to be completed by 12/20/13." (Dkt. 210.) Following that order, this Court additionally ordered the Parties to serve their written discovery requests by no later than August 9, 2013, to respond to written discovery by September 9, 2013, and then to file a status report detailing any written discovery issues by September 16, 2013. (Dkt. 211.)

Eager to begin the merits phase of this case following certification of the Class and Subclass, Plaintiffs propounded their first merits-based discovery requests on comScore—including both interrogatories and requests for the production of documents—on July 31, 2013. (*See* Balabanian Decl. at ¶ 3.) comScore served its written responses to those requests a month later, on August 30, 2013, but, at that point, only promised to "produce copies of located, responsive, relevant, non-privileged documents to the extent that such documents exist and are in comScore's custody or control that have not already been produced by comScore," rather than produce the documents outright.[3] (*Id* at ¶ 4.) comScore produced documents in response to Plaintiffs' requests on September 17, 2013, which were contained on a hard drive and bates labeled "CS0016909-CS0096420."[4] (*Id.* at ¶ 5.)

---

[3]  Plaintiffs note that this Court previously took issue with this approach during the class discovery phase of this case, where after being ordered to respond to production requests, comScore only provided written answers rather than providing "a responsive response"—*i.e.*, the responsive documents themselves. (*See* Dkt. 113-2 (March 28, 2012 Hearing Trans. at 2:20-3:6, 3:22-4:8).)

[4]  comScore stated that it produced documents on September 9, 2013 (*i.e.*, the production deadline set by this Court), but due to an apparent mix-up with the delivery of the hard drive by FedEx, Plaintiffs' counsel—despite thoroughly searching both their offices and the lobby of their building for the hard drive, at comScore request—could not locate the hard drive and doesn't believe that it was delivered on that date. Moreover, the staff member who FedEx claimed signed

As ordered by this Court, the Parties' filed a joint status report on September 16, 2013 wherein Plaintiffs identified certain deficiencies with the written portion of comScore's discovery responses. (Dkt. 212.) However, that report was filed before Plaintiffs' knew how many pages of documents would eventually be produced by comScore, or knew anything about the substance of comScore's promised document production—indeed, given comScore's cooperative attitude, Plaintiffs then-expected to receive documents totaling roughly 80,000 pages either that or the following day. (Balabanian Decl. at ¶ 8.) In response to the filed report, this Court ordered that the Parties (i) complete their meet and confer to discuss written discovery disputes by no later than September 30, 2013; (ii) file their respective motions to compel by no later than October 7, 2013; and (iii) serve any supplemental responses to the opposing party's written discovery requests by October 11, 2013. (Dkt. 213.)

Upon receipt of comScore's production, Plaintiffs quickly learned that rather than containing around 80,000 pages of produced documents, comScore's production contained 80,000 Bates-labeled files, which, once printed, span over *1.5 million* pages of information. (Balabanian Decl. at ¶ 9.) And while much of that production appears to be relevant to the merits of this litigation, swaths of it plainly are not—*e.g.*, comScore produced the contract for the purchase of (what appears to be) its Rule 30(b)(6) designee's personal residence, spam emails received by various comScore employees, and invoices from comScore's own counsel relating to the defense of this case. (*Id.*)[5] Given that production, Plaintiffs' counsel have been working (and

---

for the hard drive had no recollection of doing so. comScore then promised to have a replacement hard drive delivered by September 16, 2013, but that too was delayed. As noted above, it wasn't until September 17, 2013, that Plaintiffs received comScore's document production by way of the replacement hard drive. (Balabanian Decl. at ¶ 6.)

[5]     Plaintiffs also note that part of comScore's production appears to be records of payment of attorneys' fees to comScore's counsel by an insurance carrier. This is troubling inasmuch as

4

continue to work) through these documents to (i) identify and separate potentially relevant portions of the production from those portions that have no bearing on this matter at all, (ii) figure out which portions of the 1.5 million pages match up to their different document requests (comScore only promised to produce documents, but did not identify which documents correspond to which requests nor did it produce requested metadata that would assist Plaintiffs' review)[6], (iii) determine whether additional written requests are necessary based on new information learned through this latest round of discovery, and then (iv) identify areas where comScore promised to produce documents but failed to do so, for the purposes of timely filing required motions to compel with this Court. (*Id*. at ¶ 9.)

Most recently, on September 26, 2013, the Parties met and conferred telephonically regarding the then-identified discovery issues, and on September 30, 2013, Plaintiffs followed up with a letter memorializing the details discussed during that call. (*Id*. at ¶ 10.) The very first point addressed in that letter was Plaintiffs' current position that an extension to the present discovery deadlines (*i.e*., those addressed through this Motion) would be necessary so as to allow Plaintiffs sufficient time to review and analyze comScore's massive document production. (*Id*.) For its part, comScore has stated that it takes no position on the instant extension request.

---

comScore never disclosed—either in its initial disclosures or otherwise—that there is any insurance covering the claims alleged in this case. Plaintiffs have not fully analyzed these documents, so they take no position at this point as to whether comScore willfully withheld information related to its insurance coverage of this matter, but to the extent it has any such coverage and failed to disclose it in accordance with the Federal Rules, Plaintiffs intend to bring that issue to the Court's attention, as in their view it would constitute a serious violation of comScore's obligations in discovery. (Balabanian Decl. ¶ 10.)

[6] comScore has, however, promised to consider Plaintiffs' request for a "roadmap" that would be helpful in parsing through its production. (Balabanian Decl. at ¶ 9.) comScore provided such a roadmap for its document production during class-based discovery. (*Id*.)

5

**III.     ARGUMENT**

Plaintiffs bring the instant Motion simply to ensure that there is adequate time to meet the discovery deadlines set by Judge Holderman and this Court, in light of comScore's massive and unindexed production of both relevant and non-relevant documents. District courts enjoy broad discretion in controlling discovery. *Krukowski v. Omicron Technologies, Inc.*, No. 10 CV 5282, 2012 WL 3841491 (N.D. Ill. Aug. 29, 2012) (citing *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir.1998)). To that end, "[a] party demonstrates sufficient good cause to alter the discovery deadlines established when it shows that, 'despite their diligence, the established timetable could not be met.'" *Krukowski*, 2012 WL 3841491 at *3 (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see also* Fed. R. Civ. P. 16 Advisory Comm. Notes (1983 Am.) (Good cause to extend a deadline exists when the deadline "cannot reasonably be met despite the diligence of the party seeking the extension."). Further, good cause to extend discovery deadlines may exist where a party produces extraordinary amounts of unindexed, relevant and non-relevant documents (as is the case here). *See*, *e.g.*, *Fisher-Price, Inc., et al. v. Kids II, Inc.*, Case No. 1:10-cv-00988-RJA-LGF, Dkt. 98 (W.D.N.Y. August 10, 2012) (finding that good cause existed to extend discovery deadlines where the plaintiff produced a 500,000 page "document dump").

Here, Plaintiffs have been diligently working to review the 1.5 million unindexed pages that comScore left with them on September 17, 2013 (only two weeks before the first discovery-related deadline). But given the sheer and unanticipated volume of that production, along with the fact that it is littered with documents that are simply not relevant to the claims here, it is highly unlikely that Plaintiffs will be in a position come October 7th to confidently determine whether comScore provided fulsome responses to all of Plaintiffs' requests. Likewise, other

6

time-sensitive aspects of this case are proceeding concurrent with Plaintiffs' document review—most notably preparation for and the actual deposition of comScore's corporate designee planned for October 3, 2013. To be certain, Plaintiffs have identified *some* areas of comScore's written discovery responses that presently require supplementation, have asked comScore to confirm whether it will commit to so-supplement its production by the Court-ordered supplement cutoff, and Plaintiffs will be prepared to move to compel such responses if comScore indicates that it is unwilling to supplement. But regardless of comScore's response to these inquiries or the result of any motion to compel, Plaintiffs will likely be prejudiced inasmuch as they lack the time to completely review comScore's documents, which frankly should have been produced on August 30th, along with the rest of comScore's written discovery responses, but for whatever reason was delayed until September 17th.

All told, the requested extensions will ensure that Plaintiffs have sufficient time to (1) review comScore's document production and match it up with comScore's written discovery responses; (2) determine what information requires supplementation from comScore or assistance from the Court, insofar as that additional document production must be compelled; and (3) support the interests of the certified Class and Subclass as new information is learned from comScore's production and new discovery requests are necessitated. The extension will not cause prejudice to either party, but will avoid any prejudice to the Class and Subclass caused by comScore's discovery production—regardless of whether comScore engaged in a "document dump" for the purposes of stifling Plaintiffs' efforts to move forward with the merits of this case, or whether comScore simply ran into logistical difficulties in delivering its latest document production and/or only including relevant, or at least potentially relevant, documents in its production.

**IV.   CONCLUSION**

The requested extensions: (1) will allow Plaintiffs to determine whether any substantive motions to compel are necessary; (2) will allow Plaintiffs to continue to work cooperatively with comScore to ensure that its discovery production is supplemented (to the extent comScore is willing to cooperate with Plaintiffs' requests); and (3) ensure that Plaintiffs have enough time to review and follow up on this first round of merits discovery.

WHEREFORE, Plaintiffs respectfully request that this Court extend its presently set motion to compel deadline (October 7, 2013) and written discovery supplementation deadline (October 11, 2013) by thirty days (*i.e.*, to November 6 and 12, 2013, respectively),

> Respectfully submitted,
>
> **MIKE HARRIS** and **JEFF DUNSTAN**,
> individually and on behalf of a class of
> similarly situated individuals,

Dated: October 2, 2013               By: s/ Benjamin S. Thomassen
                                                One of Plaintiffs' Attorneys

> Jay Edelson
> Rafey S. Balabanian
> Ari J. Scharg
> Chandler R. Givens
> Benjamin S. Thomassen
> EDELSON LLC
> 350 North LaSalle, Suite 1300
> Chicago, Illinois 60654
> Telephone: (312) 589-6370
> Facsimile: (312) 589-6378
> jedelson@edelson.com
> rbalabanian@edelson.com
> ascharg@edelson.com
> cgivens@edelson.com
> bthomassen@edelson.com

## **CERTIFICATE OF SERVICE**

      I, Benjamin S. Thomassen, an attorney, hereby certify that on October 2, 2013, I served the above and foregoing ***Plaintiffs Mike Harris's and Jeff Dunstan's Motion and Supporting Memorandum to Modify Magistrate Judge Kim's Scheduling Order***, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this 2nd day of October 2013.

                                                                       s/ Benjamin S. Thomassen