**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals<br><br>Plaintiff,<br><br>v.<br><br>COMSCORE, INC., a Delaware corporation<br><br>Defendant. | CASE NO. 1:11-cv-5807<br><br>Judge Holderman<br><br>Magistrate Judge Kim |

**MEMORANDUM IN SUPPORT OF COMSCORE'S MOTION TO COMPEL
PLAINTIFFS TO PRODUCE DOCUMENTS AND THINGS AND SUPPLEMENT
PLAINTIFFS' RESPONSES TO INTERROGATORIES**

Defendant comScore, Inc. ("comScore") respectfully submits this Memorandum of Law in Support of its Motion to Compel Plaintiffs Mike Harris and Jeff Dunstan ("Plaintiffs") to produce certain documents and things responsive to comScore's First Set of Requests for Production of Documents and supplement Plaintiff's Mike Harris's and Jeff Dunstan's Answers to Defendant comScore, Inc.s' Second Set of Interrogatories ("Interrogatory Responses"). Specifically, comScore seeks an order directing Plaintiff Dunstan to produce for inspection the computer or computers that he contends were affected by comScore's Software and to supplement Plaintiffs' Responses to Interrogatory Nos. 16, 17, 21, and 22.

**I.     INTRODUCTION**

Plaintiffs allege that they downloaded comScore's software to their computers, and that the software performed actions on their computers that violated their privacy. In particular, Plaintiffs' contend that comScore's software collected information that exceeded the scope of consent described in the User License Agreement ("ULA") by, *inter alia*, collecting information

from iPod playlists and smart phone backup files, and that Plaintiffs' computers fulfill the "facility through which an electronic communication service is provided" requirement in the Stored Communications Act. Plaintiff Dunstan further alleges that comScore's software debilitated his computer, and that he had to purchase a $40 anti-virus program to remove the software from his computer, supposedly fulfilling the requirement under the CFAA for real economic damages.

  comScore is entitled to test these allegations. comScore is entitled to investigate whether these Plaintiffs did in fact download comScore's software; whether Plaintiffs' computers ran the specific programs that allegedly give rise to the claim that comScore exceeded the scope of consent; whether Plaintiffs' computers contain specialized equipment that would fulfill the "facility through which an electronic communication service is provided" requirement; whether the software (rather than something else on the computer) caused the unusual problems about which Plaintiff Dunstan complains; whether those problems even in fact occurred as Plaintiff Dunstan alleges; and whether anti-virus software (rather than the ordinary and obvious "uninstall" feature) was actually used to remove the software. Accordingly, comScore has requested that Plaintiff Dunstan produce for inspection the computer or computers on which Plaintiffs contend Dunstan downloaded the comScore software, but Plaintiffs have refused to produce them.

  Plaintiffs have also refused to provide any substantive response to several of comScore's interrogatories on the basis that they need to collect additional information. However, comScore is entitled to the most complete answer Plaintiffs have at this time. Significant discovery regarding comScore's software (including inspection of comScore's source code), the ULA, and the information collected by comScore's software has already been produced. Additionally, two

of these interrogatories seek information regarding the alleged loss and economic damages caused by comScore's alleged conduct—information that is within the possession of Plaintiffs, not comScore. Plaintiffs must provide the most complete answer they can now, and remain free to supplement their responses in the future.

The parties have met and conferred about these issues but have not resolved their disputes. comScore therefore seeks the Court's assistance in collecting the discovery to which it is entitled.

## II. ARGUMENT

comScore is entitled to all discovery relevant to any party's claim or defense which is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). This includes discovery of tangible things which are otherwise relevant under Fed. R. Civ. P. 26(b) and Interrogatory Responses. Fed. R. Civ. P. 30; Fed. R. Civ. P. 34(a)(1)(B).

### A. Plaintiffs' Computers Are Relevant To Plaintiffs' Claims

Plaintiffs object to Document Request No. 3 on the bases of over breadth and undue burden, relevance, and that the information is within comScore's custody or control. (Ex. A, Plaintiffs Mike Harris's and Jeff Dunstan's Responses to Defendant comScore, Inc.'s First Set of Requests for Production of Documents, Response to Document Request No. 3.) Those objections are misplaced. Despite Plaintiffs' repeated allegations to the contrary, comScore does not have a treasure trove of information on Dunstan, Harris, or any other panelist. Additionally, comScore seeks to inspect and make a forensic image of Dunstan's computer as a direct result of Dunstan's own allegations. Dunstan contends that his computer "became entirely debilitated in reaction to the Surveillance Software operating on his computer," which goes directly to Plaintiffs' claims of loss and/or damage under the CFAA. (Dkt. No. 169 at ¶ 68.) In fact, this appears to be Plaintiffs' only allegation related to loss or damage under the CFAA. comScore is

entitled to test this allegation to determine if Dunstan's alleged problems with his computer were due to outside factors, such as computer viruses or an outside overload on the system. Plaintiffs also contend that their computers constitute the "facility through which an electronic communication service is provided" required by the SCA. (Ex. B, Interrogatory Responses, Answer to Interrogatory No. 11.) It is clear that user's computers alone do not constitute "facilities" under the Stored Communications Act. *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1057 (N.D. Cal. 2012). Thus, comScore is entitled to inspect Dunstan's computer to determine whether it was configured with special equipment or software to support Plaintiffs' contention that it could perform as a "facility through which an electronic communication service is provided."

The configuration of Plaintiffs' computers is also essential to their allegations regarding whether comScore's software collects information in a way that exceeds the scope of the ULA. Several of Plaintiffs' allegations require specific software or files, such as phone back-up files and iTunes, be loaded on a panelist's computer. Indeed, the Court acknowledged this requirement in its class certification order. (Dkt. No. 186 at 11.) Thus, comScore is entitled to inspect Dunstan's computer to determine what software and files were loaded on Dunstan's computer at the time he allegedly downloaded comScore's software, by either inspecting the files on the computer at the time an image was made of the hard drive, or remnants of software and files contained on the hard drive that were deleted before the imaging of the hard drive.

This request is not unduly burdensome. First, as noted above, inspection of Dunstan's computer is required due to allegations made by Dunstan himself, and the information comScore needs regarding these allegations cannot be collected without inspecting Dunstan's computer. Additionally, as Plaintiffs' counsel made clear in a letter dated May 1, 2012, Dunstan has *already*

provided images of the hard drive to a forensic expert. (Ex. C, May 1, 2012 Letter from Balabanian to Swedlow ¶ 5.) Thus, it would not be burdensome at all for Plaintiffs to provide comScore with a copy image of Dunstan's hard drive.

Courts routinely require parties to present their computers for inspection and forensic imaging at the request of opposing counsel. *See, e.g.*, *Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443 (D. Conn. 2010) (permitting expert to conduct forensic imaging of former employees' computers where investment firm alleged former employees used computers to download investment firm's proprietary information and trade secrets); *Equity Analytics, LLC v. Lundin*, 248 F.R.D. 331 (D.D.C. 2008) (allowing forensic specialist to examine former employee's computer where employer alleged former employee used computer to gain illegal access to electronically stored information); *G.D. v. Monarch Plastic Surgery, P.A.*, 239 F.R.D. 641, 646 (D. Kan. 2007) (granting patients' motion to compel inspection of medical partnership's computer where patients alleged medical partnership wrongfully disclosed their confidential medical information stored on computer hard drives). *See also Pearle Vision, Inc. v. Romm*, 541 F.3d 751 (7th Cir. 2008) (affirming district court's judgment on contempt where party failed to make available certain things as required by the district court's order – an order which granted opposing counsel, among other things, the right to inspect any hard drive containing relevant information); *Dawe v. Corrections USA*, 263 F.R.D. 613 (E.D. Cal. 2009) (granting defendants' motion to compel inspection of third-party plaintiff's computer where relevant information may have been obtained from the inspection). Accordingly, comScore is entitled to inspect the computer that Dunstan contends he used to download comScore's software.

### B. Plaintiffs' Responses to comScore's Contention Interrogatories are Deficient

Plaintiffs' Responses to Interrogatory Nos. 16, 17, 21, and 22 are also deficient. Interrogatory Nos. 16 and 17 seek information regarding the loss and economic damages

Plaintiffs have purportedly suffered due to comScore's alleged conduct. (Ex. B, Interrogatory Responses, Answer to Interrogatory Nos. 16 and 17.) Interrogatory Nos. 21 and 22 seek information regarding Plaintiffs' contentions related to comScore's alleged violation of the SCA, Wiretap Act, and CFAA via comScore's software. (Ex. B, Interrogatory Responses, Answer to Interrogatory Nos. 21 and 22.) Plaintiffs have refused to provide any substantive response to these contention interrogatories, stating additional information to be gleaned from discovery is required. (Ex. B, Interrogatory Responses, Answer to Interrogatory Nos. 16, 17, 21, 22.) However, Plaintiffs have enough information to provide some response to these requests. In particular, Plaintiffs have conducted significant discovery on the operation of comScore's software, the types of information collected by comScore's software, and the ULA. comScore is entitled to the best answer Plaintiffs can provide at this time. comScore respectfully requests the Court order Plaintiffs to supplement their responses to Interrogatory Nos. 16, 17, 21, and 22.

### III. CONCLUSION

For the foregoing reasons, comScore respectfully requests that the Court compel Plaintiff Jeff Dunstan to produce the computer or computers he contends was affected by comScore software, and that the Court compel both named Plaintiffs to respond to comScore's Interrogatory Nos. 16, 17, 21, and 22 with their current contentions.[1]

---

[1] During the parties' meet and confer, Plaintiffs would only commit to supplementing their responses to Interrogatory Nos. 13 and 14 "where necessary." comScore reserves the right to file an additional motion to compel based on Plaintiffs' supplementation, or lack thereof, of their Responses to Interrogatory Nos. 13 and 14.

DATED: October 7, 2013      QUINN EMANUEL URQUHART & SULLIVAN, LLP

       */s/ Andrew H. Schapiro*
Andrew H. Schapiro
andrewschapiro@quinnemanuel.com
Stephen Swedlow
stephenswedlow@quinnemanuel.com
Robyn Bowland
robynbowland@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois  60661
Telephone:  (312) 705-7400
Facsimile:   (312) 705-7499

Paul F. Stack
pstack@stacklaw.com
Mark William Wallin
mwallin@stacklaw.com
Stack & O'Connor Chartered
140 South Dearborn Street
Suite 411
Chicago, IL  60603
Telephone:  (312) 782-0690
Facsimile:  (312) 782-0936

*Attorneys for Defendant comScore, Inc.*

## **CERTIFICATE OF SERVICE**

   I, the undersigned, hereby certify that a true and correct copy of MEMORANDUM IN SUPPORT OF COMSCORE'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS AND THINGS AND SUPPLEMENT PLAINTIFFS' RESPONSES TO INTERROGATORIES has been caused to be served on October 7, 2013 to all counsel of record via email.

                          */s/ Robyn Bowland*
                           Robyn Bowland