# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals, | Case No. 1:11-cv-05807 |
| Plaintiffs, | Hon. James F. Holderman |
| v. | Magistrate Judge Young B. Kim |
| COMSCORE, INC., a Delaware corporation, | |
| Defendant. | |

**PLAINTIFFS MIKE HARRIS'S AND JEFF DUNSTAN'S RESPONSES
TO DEFENDANT COMSCORE, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiffs Mike Harris and Jeff Dunstan (collectively, "Plaintiffs") provide the following

responses to Defendant comScore, Inc.'s ("Defendant" or "comScore") First Set of Requests for

Production of Documents:

***Responses to Document Requests***

1.      All Documents regarding comScore, The Market Research Group ("TMRG"), Relevant Knowledge, OpinionSquare, PermissionResearch, MarketScore, 88Circle, and/or PremierOpinion.

**RESPONSE**:  Plaintiffs object to this Request to the extent it seeks disclosure of

information protected by the attorney client privilege and/or the attorney work product doctrine

(the Request is so broadly worded that it potentially sweeps in thousands of privileged

documents created throughout this litigation). Plaintiffs further object to this Request on the basis

that it is overly broad, unduly burdensome, and seeks information that is not relevant or

reasonably calculated to lead to the discovery of admissible evidence (the Request provides no

indication of the types of documents sought, and would require review of nearly every document

in Plaintiffs' possession, custody or control that could conceivably relate in any way to this

action). In addition, Plaintiffs object on the basis that this Requests is duplicative of other

requests (*See*, *e.g.*, Request Nos. 1-32 and 35-36 of Defendant comScore, Inc.'s First Set of

Requests for Production of Documents, dated March 9, 2012).

Subject to and without waiving these objections, Plaintiffs state that they have already

produced all responsive documents.

                           *                    *                    *

2.       All Communications regarding comScore, The Market Research Group
("TMRG"), Relevant Knowledge, OpinionSquare, PermissionResearch, MarketScore, 88Circle,
and/or PremierOpinion.

**RESPONSE**:  Plaintiffs object to this Request to the extent it seeks disclosure of

information protected by the attorney client privilege and/or the attorney work product doctrine

(the Request is so broadly worded that potentially it sweeps in thousands of privileged

communications between and among undersigned counsel and Plaintiffs). Plaintiffs further

object to this Request on the basis that it is overly broad, unduly burdensome, and seeks

information that is not relevant or reasonably calculated to lead to the discovery of admissible

evidence (the Request provides no indication of the categories of communications sought, and

would require review of nearly every e-mail, fax, and letter in Plaintiffs' possession, custody or

control that could conceivably relate in any way to this action). In addition, Plaintiffs object on

the basis that this Requests is duplicative of other requests (*See*, *e.g.*, Request Nos. 27, 28, 29,

and 31 of Defendant comScore, Inc.'s First Set of Requests for Production of Documents, dated

March 9, 2012).

Subject to and without waiving these objections, Plaintiffs state that they have already

produced all responsive documents.

                           *                    *                    *

3.      Produce for Inspection the Personal Computer or Computers You contend was affected by comScore Software, the Inspection including making the Personal Computer or Computers' hard drive available for the making of a forensic copy.

**RESPONSE**:  Plaintiffs object to this Request on the basis that it is intended to harass, embarrass and annoy Plaintiffs, and is overly broad (it requires Plaintiff Dunstan to produce his entire computer system)[1], unduly burdensome, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence (Plaintiff Dunstan's computer contains sensitive and confidential information that is not relevant to this litigation and, to the extent it does contain relevant information, much of that data is within Defendant's possession, custody or control, and is easily discoverable from within Defendant's own records or the records of its agents or bundling partners), and is duplicative of other requests (*see*, *e.g.*, Request No. 7 of Defendant comScore, Inc.'s First Set of Requests for Production of Documents, dated March 9, 2012). Plaintiffs further object to this Request to the extent it seeks disclosure of information protected by the attorney client privilege and/or the attorney work product doctrine (Plaintiff Dunstan's computer contains documents, communications, and information prepared by Plaintiffs' counsel in anticipation of and throughout this litigation). Finally, Plaintiffs restate and incorporate their objections to comScore's requests for Plaintiffs' personal computers as if fully stated herein.

Plaintiffs will not produce the computer or hard drive for inspection as requested. comScore knows that Plaintiff Dunstan has preserved his hard drive. In accordance with how the Parties have previously conducted themselves in this litigation, Plaintiffs will consider reasonable requests to produce specific relevant, non-privileged information from the hard drive.

---

[1]      Plaintiffs have already informed comScore and the Court that, in the summer of 2010, Plaintiff Harris discarded the computer that he used to download the screensaver bundled with OSSProxy.

\*                              \*                              \*

4.      All Documents Referring or Relating To the programs or processes running Your Personal Computer or Computers at the time you allegedly downloaded the comScore Software.

**RESPONSE**:  Plaintiffs object to this Request on the basis that it is overly broad and unduly burdensome, and is duplicative of other requests (Request No. 4 of Defendant comScore, Inc.'s First Set of Requests for Production of Documents, dated March 9, 2012).

Subject to and without waiving these objections, Plaintiffs state that their responses to Interrogatory No. 4 of Defendant comScore's First Set of Interrogatories, and that the documents previously produced bearing Bates Nos. Harris-Dunstan 0558, 0615–0630, and 0632–0655 are responsive to this Request.

\*                              \*                              \*

5.      All Documents and Things Referred to or Relied Upon to respond to comScore's First and Second Set of Interrogatories.

**ANSWER**: Plaintiffs object to this Request to the extent it seeks disclosure of information protected by the attorney client privilege and/or the attorney work product doctrine. Plaintiffs further object to this Request on the basis that it is duplicative of other requests (*see, e.g.*, Request Nos. 1, 2, 4, *supra*; *see also* Request Nos. 1-3, 6, 8-10, 12, 14-16, 18, 22-23, 35, and 36 of Defendant comScore, Inc.'s First Set of Requests for Production of Documents, dated March 9, 2012).

Subject to and without waiving these objections, Plaintiffs state that Docket Nos. 88 and 154, the Dep. Tr. of Roberto Tamassia dated December 14, 2012, and the documents previously produced bearing Bates Nos. Harris-Dunstan 0010–0015, 0551, and 0558 are responsive to this Request.

\*                              \*                              \*

4

Dated: September 5, 2013

**MIKE HARRIS** and **JEFF DUNSTAN**, individually and on behalf of a class of similarly situated individuals,

By: _____

One of Plaintiffs' Attorneys

Jay Edelson
Rafey S. Balabanian
Chandler R. Givens
David I. Mindell
EDELSON LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
cgivens@edelson.com
dmindell@edelson.com

*Counsel for Plaintiffs and the Class and Subclass*

## CERTIFICATE OF SERVICE

I, David I. Mindell, an attorney, hereby certify that on September 9, 2013, I served the above and foregoing *Plaintiffs Mike Harris's and Jeff Dunstan's Responses to Defendant comScore's First Set of Requests for Production of Documents*, by causing true and accurate copies of such paper to be transmitted to the persons shown below via electronic mail on this 9th day of September 2013.

Andrew H. Schapiro
Stephen A. Swedlow
Robyn M. Bowland
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661
andrewschapiro@quinnemanuel.com
stephenswedlow@quinnemanuel.com
robynbowland@quinnemanuel.com

Paul F. Stack
Mark W. Wallin
STACK & O'CONNOR CHARTERED
140 South Dearborn Street, Suite 411
Chicago, Illinois 60603
pstack@stacklaw.com
mwallin@stacklaw.com


David I. Mindell