# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>COMSCORE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:11-cv-05807<br><br>Hon. James F. Holderman<br><br>Magistrate Judge Young B. Kim |

**PLAINTIFFS MIKE HARRIS'S AND JEFF DUNSTAN'S ANSWERS TO
TO DEFENDANT COMSCORE, INC.'S SECOND SET OF INTERROGATORIES**

Plaintiffs Mike Harris and Jeff Dunstan (collectively, "Plaintiffs") provide the following answers to Defendant comScore, Inc.'s ("Defendant" or "comScore") Second Set of Interrogatories:

*Answers to Interrogatories*

11.     State with particularity what instrumentalities, equipment, devices, or other objects used by Plaintiffs in connection with OSSProxy which Plaintiffs contend constitute a facility through which an "electronic communications service" is provided, as that term is used in 18 U.S.C. §2701(a) and 18 U.S.C. §2510(15). For each such instrumentality, equipment, device, or other object, describe in detail how such service provides to users thereof the ability to send or receive wire or electronic communications.

**ANSWER**: Plaintiffs object to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it calls for a conclusion of law (*i.e.*, conclusions about the legal significance of the instrumentalities, equipment, devices, or other objects used by any party in connection with OSSProxy), or otherwise attempts to re-cast legal issues as factual matters.

Subject to and without waiving these objections, Plaintiffs state that their respective computers on which OSSProxy ran constitute a "facility" through which "electronic

communications service[s]" are provided. Plaintiffs further state that, at this stage of the litigation (*e.g.*, with having conducted only discovery into class-wide issues per comScore's request to bifurcate discovery), Plaintiffs have not had a sufficient opportunity to gather certain further information, which they anticipate will be responsive to this Interrogatory. Plaintiffs believe that merits discovery will reveal such additional information. Plaintiffs' investigation continues and they reserve their right to supplement their answer to this Interrogatory as appropriate.

*　　　　　*　　　　　*

12.     Identify with particularity the categories and types of data Plaintiffs contend comScore collected from its Panelists that exceeded the scope of the Panelists' consent.

**ANSWER**:  Plaintiffs object to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it calls for a conclusion of law (*i.e.*, to conclude whether statutory violations lie based on categories and types of data collected by OSSProxy that exceed the scope of consent), or otherwise attempts to re-cast legal issues as factual matters.

Subject to and without waiving these objections, Plaintiffs state that all categories and types of data comScore collected through OSSProxy from Panelists exceeded the scope of the Panelists' consent. Plaintiffs further state that, pursuant to Fed. R. Civ. P. 33(d), pages 12–13 and 23–24 of Plaintiffs' Memorandum in Support of Their Supplemental Motion for Class Certification (Dkt. 154) are also responsive to this Interrogatory. Plaintiffs further state that, at this stage of the litigation (*e.g.*, with having conducted only discovery into class-wide issues per comScore's request to bifurcate discovery), Plaintiffs have not had a sufficient opportunity to gather certain further information, which they anticipate will be responsive to this Interrogatory. Plaintiffs believe that merits discovery will reveal such additional information. Plaintiffs'

2

investigation continues and they reserve their right to supplement their answer to this Interrogatory as appropriate.

*   *   *

13. Explain how Plaintiffs contend comScore's fuzzification or obscuring process does not constitute "mak[ing] commercially viable efforts to automatically filter" confidential information.

**ANSWER**: Plaintiffs object to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it calls for a conclusion of law (*i.e.*, to conclude that comScore breached its contractual duty by "fuzzifying" data instead of filtering it), or otherwise attempts to re-cast legal issues as factual matters.

Subject to and without waiving these objections, Plaintiffs state that, pursuant to Fed. R. Civ. P. 33(d), pages 13–14 of Plaintiffs' Memorandum in Support of Their Supplemental Motion for Class Certification (Dkt. 154), are responsive to this Interrogatory, explaining Plaintiffs' contention that comScore's "fuzzification" or "obscuring process" does not constitute "'mak[ing] commercially viable efforts to automatically filter' confidential information." Plaintiffs further state that, at this stage of the litigation (*e.g.*, with having conducted only discovery into class-wide issues per comScore's request to bifurcate discovery), Plaintiffs have not had a sufficient opportunity to gather certain further information, which they anticipate will be responsive to this Interrogatory. Plaintiffs believe that merits discovery will reveal such additional information. Plaintiffs' investigation continues and they reserve their right to supplement their answer to this Interrogatory as appropriate.

*   *   *

14.     Describe and state with particularity the bases for Plaintiffs' contention that comScore has failed to make commercially viable efforts to purge confidential information from its database.

**ANSWER**:  Plaintiffs object to this Interrogatory to the extent it seeks disclosure of information protected the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it calls for a conclusion of law (*i.e.*, to conclude that comScore breached its contractual duty by choosing to attempt to manually obfuscate confidential personally identifiable information in its database rather than purge it), or otherwise attempts to re-cast legal issues as factual matters.

Subject to and without waiving these objections, Plaintiffs state that, pursuant to Fed. R. Civ. P. 33(d), pages 14–16 of Plaintiffs' Memorandum in Support of Their Supplemental Motion for Class Certification (Dkt. 154), are responsive to this Interrogatory, explaining Plaintiffs' contention that comScore has failed to make commercially viable efforts to purge confidential information from its database. Plaintiffs further state that, at this stage of the litigation (*e.g.*, with having conducted only discovery into class-wide issues per comScore's request to bifurcate discovery), Plaintiffs have not had a sufficient opportunity to gather certain further information, which they anticipate will be responsive to this Interrogatory. Plaintiffs believe that merits discovery will reveal such additional information. Plaintiffs' investigation continues and they reserve their right to supplement their answer to this Interrogatory as appropriate.

*          *          *

15.     Please set forth, for each named plaintiff, each and every item of "Damage" alleged in paragraph 105 of the Second Amended Complaint.

**ANSWER**: Plaintiffs object to this Interrogatory on the basis that it is duplicative of other requests (*see, e.g.*, Request No. 11 of Defendant comScore, Inc.'s First Set of Interrogatories, dated March 9, 2012).

Subject to and without waiving this objection, Plaintiffs state that their answers to Interrogatory Nos. 6 and 11 of Defendant comScore, Inc.'s First Set of Interrogatories to Mike Harris and Jeff Dunstan, dated March 9, 2012, are responsive to this Interrogatory. Plaintiffs further state that, at this stage of the litigation (*e.g.*, with having conducted only discovery into class-wide issues per comScore's request to bifurcate discovery), Plaintiffs have not had a sufficient opportunity to gather certain further information, which they anticipate will be responsive to this Interrogatory. Plaintiffs believe that merits discovery will reveal such additional information. Plaintiffs' investigation continues and they reserve their right to supplement their answer to this Interrogatory as appropriate.

        \*        \*        \*

16. Regarding the "Loss" caused by defendant's conduct as alleged in paragraph 107 of the Second Amended Complaint, please specify: (i) the beginning and ending date of the one-year period in which one or more persons suffered a Loss aggregating $5,000 in value in real economic damages; (ii) what, if any, event occurred on the beginning date of such one-year period which initiated the running of such period; (iii) the total amount of Loss suffered by each named plaintiff during such one-year period and all items which constituted part of such loss; and (iv) the identity of all persons who sustained Loss which Loss was aggregated during such one-year period to equal or exceed $5,000, together with the total amount of Loss suffered by each such person, and all items which constituted part of such Loss.

**ANSWER**: Plaintiffs object to this Interrogatory to the extent that it calls for a conclusion of law (*i.e.*, conclusions about the types of remedial measures that constitute "Loss" for purposes of the CFAA). Plaintiffs also object to this Interrogatory as compound.

Subject to and without waiving these objections, Plaintiffs state that, at this stage of the litigation (*e.g.*, with having conducted only discovery into class-wide issues per comScore's request to bifurcate discovery), Plaintiffs have not had a sufficient opportunity to gather certain further information, which they anticipate will be responsive to this Interrogatory. Plaintiffs believe that merits discovery will reveal such additional information. Plaintiffs' investigation

continues and they reserve their right to supplement their answer to this Interrogatory as appropriate.

*      *      *

17. Set forth separately and in detail each and every item of Economic Damages each named plaintiff suffered as a result of defendant's alleged violations of the CFAA.

**ANSWER**: Plaintiffs object to this Interrogatory to the extent that it calls for a conclusion of law (*i.e.*, conclusions about the types of remedial measures that constitute "Loss" for purposes of the CFAA ). Plaintiffs further object to this Interrogatory on the basis that it is duplicative of other requests (*see, e.g.*, Request Nos. 15 and 16, *supra*; *see also* Request No. 6 of Defendant comScore, Inc.'s First Set of Interrogatories to Mike Harris and Jeff Dunstan, dated March 9, 2012).

Subject to and without waiving these objections, Plaintiffs state that, at this stage of the litigation (*e.g.*, with having conducted only discovery into class-wide issues per comScore's request to bifurcate discovery), Plaintiffs have not had a sufficient opportunity to gather certain further information, which they anticipate will be responsive to this Interrogatory. Plaintiffs believe that merits discovery will reveal such additional information. Plaintiffs' investigation continues and they reserve their right to supplement their answer to this Interrogatory as appropriate.

*      *      *

18. Do you contend that the following definition of "filter" is incorrect? "Any software feature or program that functions automatically to screen data." If you contend that the above definition is incorrect, please state in detail the basis for your contention.

**ANSWER**: Plaintiffs object to this Interrogatory on the basis that it is vague and ambiguous. Words mean different things in different contexts, and this Interrogatory asks about the definition of "filter" without providing any context.

6

Subject to and without waiving this objection, through a Google search Plaintiffs have found this definition of "filter" used once (*See* http://aslstem.cs.washington.edu/signs/search?minrate=0&page=3&sort=4&user=izapa_stela), therefore Plaintiffs agree that this is one possible definition of "filter."

     &ast;        &ast;        &ast;

19. Do you contend that the Plaintiffs entered into a binding agreement when they clicked their acceptance on the ULA? If not, describe in detail the basis for your contention. If so, identify the entity or entities with which they entered into such an agreement.

**ANSWER**: Plaintiffs object to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work product doctrine or calls for a conclusion of law (*i.e.*, conclusions about the legal significance of the ULA). Plaintiffs further object to this Interrogatory on the basis that the phrase "clicked their acceptance" is not defined and therefore, is vague and ambiguous (it's unclear if this Interrogatory seeks admission or denial about whether Plaintiffs read the ULA and clicked "Accept" or "I Agree," clicked "Accept" or "I Agree" without reading the ULA, or ever saw the ULA in general). It's also unclear what is meant by this Interrogatory's reference to "clicking their acceptance" of the ULA, as it contradicts Plaintiffs understanding of the installation process for the free screensaver application (*e.g.*, Plaintiff Harris was never presented with a hyperlink to the ULA during the installation of the free screensaver application).

Subject to and without waiving these objections, Plaintiff Harris incorporates by reference his answer to comScore's First Set of Interrogatories to Mike Harris and Jeff Dunstan, Interrogatory No. 5. Furthermore, it is Plaintiff Harris's position that comScore's method of bundling OSSProxy (or its Mac equivalent) with the free screensaver he downloaded, the installer's process of presenting the Downloading Statement, and the data actually collected by

7

OSSProxy, rendered any agreement formed by the Downloading Statement nonbinding (Plaintiff Harris, as a member of the Subclass, was never presented with a hyperlink to the ULA.) Likewise, the fact that comScore did not take and never intended to take any steps to either filter or purge any confidential information collected by OSSProxy (or its Mac equivalent) additionally rendered any agreement formed by the Downloading Statement nonbinding. Plaintiff Harris states in the alternative that if any binding agreement was formed through the screensaver installation process, the agreement is only between himself and VoiceFive, Inc.

      Plaintiff Dunstan incorporates by reference his answer to comScore's First Set of Interrogatories to Mike Harris and Jeff Dunstan, Interrogatory No. 5. Furthermore, it is Plaintiff Dunstan's position that comScore's method of bundling OSSProxy with the PhotoCutter software he downloaded, the installer's process of presenting the Downloading Statement and ULA, and the data actually collected by OSSProxy rendered any agreement formed by the Downloading Statement and ULA nonbinding. Likewise, the fact that comScore did not take and never intended to take any steps to either filter or purge any confidential information collected by OSSProxy additionally rendered any agreement formed by the Downloading Statement and the ULA nonbinding. Plaintiff Dunstan states in the alternative that if any binding agreement was formed through the PhotoCutter installation process, the agreement is only between himself and TMRG, Inc. Plaintiffs further state that, at this stage of the litigation (*e.g.*, with having conducted only discovery into class-wide issues per comScore's request to bifurcate discovery), Plaintiffs have not had a sufficient opportunity to gather certain further information, which they anticipate will be responsive to this Interrogatory. Plaintiffs believe that merits discovery will reveal such additional information. Plaintiffs' investigation continues and they reserve their right to supplement their answer to this Interrogatory as appropriate.

8

\* \* \*

20. Do you contend that the Defendant failed to make commercially viable efforts to purge Plaintiffs' confidential information? If so, describe in detail the basis for your contention and state in detail what efforts you contend were required to make Defendant's efforts to purge such information commercially viable.

**ANSWER**: Plaintiffs object to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work product doctrine. Plaintiffs further object on the basis that this Interrogatory is duplicative of other requests (*See*, *e.g.*, Request No. 14).

Subject to and without waiving these objections, Plaintiffs state that, based on their understanding of comScore's business practices, it attempts to manually identify and obfuscate confidential personally identifiable information stored in its databases rather than automatically filter such information. Plaintiffs agree with comScore's expert that "the term purged, does not accurately describe that process." (*See* Dep. Tr. of Roberto Tamassia, Ph.D. ("Tamassia Tr.") at 66:4-6.) Similar to how comScore purges all POST data every two years, Plaintiffs believe that confidential personally identifiable information should be permanently erased from its databases immediately and automatically. Plaintiffs anticipate that merits discovery will reveal additional information responsive to this Interrogatory and they reserve their right to supplement their answer to this Interrogatory as appropriate.

\* \* \*

21. Do you contend that Defendant's use of the "fuzzification" process violates the SCA, the ECPA, and/or the CFAA? For each such contended violation, cite the applicable section which you contend was violated and detail the acts or omissions which constitute such contended violation.

**ANSWER**: Plaintiffs object to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it calls for a conclusion of law (*i.e.*, conclusions about whether

9

comScore's practices constitute violations of the SCA, the ECPA and/or the CFAA), or otherwise attempts to re-cast legal issues as factual matters.

Plaintiffs state that, at this stage of the litigation (*e.g.*, with having conducted only discovery into class-wide issues per comScore's request to bifurcate discovery), Plaintiffs have not had a sufficient opportunity to gather certain further information, which they anticipate will be responsive to this Interrogatory. Plaintiffs believe that merits discovery will reveal such additional information. Plaintiffs' investigation continues and they reserve their right to supplement their answer to this Interrogatory as appropriate.

*     *     *

22.     Do you contend that Defendant contemporaneously intercepted Electronic Communications from Plaintiffs' personal computers? If so, describe in detail the nature of the Electronic Communications you contend were contemporaneously intercepted by OSSProxy from Plaintiffs' personal computers to comScore's servers and the facts which support your contention.

**ANSWER**: Plaintiffs object to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it calls for a conclusion of law (*i.e.*, conclusions about whether comScore's practices constitute contemporaneous interceptions), or otherwise attempts to re-cast legal issues as factual matters.

Plaintiffs state that, at this stage of the litigation (*e.g.*, with having conducted only discovery into class-wide issues per comScore's request to bifurcate discovery), Plaintiffs have not had a sufficient opportunity to gather certain further information, which they anticipate will be responsive to this Interrogatory. Plaintiffs believe that merits discovery will reveal such additional information. Plaintiffs' investigation continues and they reserve their right to supplement their answer to this Interrogatory as appropriate.

*As to Plaintiff Mike Harris's Answers*:

**MIKE HARRIS**,

Dated: September 5, 2013     By: _____

*As to Plaintiff Jeff Dunstan's Answers*:

**JEFF DUNSTAN**,

Dated: September 5, 2013     By: _____

*As to Plaintiffs' Objections*:

**MIKE HARRIS** and **JEFF DUNSTAN**,

Dated: September 5, 2013

By: /s/
One of Plaintiffs' Attorneys

Jay Edelson
Rafey S. Balabanian
Chandler R. Givens
David I. Mindell
EDELSON LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
cgivens@edelson.com
dmindell@edelson.com

*Counsel for Plaintiffs and the Class and Subclass*

## CERTIFICATE OF SERVICE

I, David I. Mindell, an attorney, hereby certify that on September 9, 2013, I served the above and foregoing *Plaintiffs Mike Harris's and Jeff Dunstan's Answers to Defendant comScore, Inc.'s Second Set of Interrogatories* by causing true and accurate copies of such paper to be transmitted to the persons shown below via electronic mail on this 9th day of September 2013.

Andrew H. Schapiro
Stephen A. Swedlow
Robyn M. Bowland
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661
andrewschapiro@quinnemanuel.com
stephenswedlow@quinnemanuel.com
robynbowland@quinnemanuel.com

Paul F. Stack
Mark W. Wallin
STACK & O'CONNOR CHARTERED
140 South Dearborn Street, Suite 411
Chicago, Illinois 60603
pstack@stacklaw.com
mwallin@stacklaw.com

David I. Mindell