# EXHIBIT C

99999.77815/5444519.1

**Edelson McGuire, LLC**

350 North LaSalle, Suite 1300, Chicago, IL 60654
t 312.589.6370  f 312.589.6378

www.edelson.com

May 1, 2012

VIA EMAIL AND FIRST CLASS MAIL

Stephen Swedlow
Andrew H. Schapiro
Quinn Emanuel Urquhart & Sullivan, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661
stephenswedlow@quinnemanuel.com
andrewschapiro@quinnemanuel.com

Paul F. Stack
Stack & O'Connor Chartered
140 South Dearborn Street, Suite 411
Chicago, Illinois 60603
pstack@stacklaw.com

Re:   *Dunstan, et al. v. comScore, Inc.*, Case No. 1:11-cv-5807

Dear Stephen:

I write to follow up our April 25, 2012 meet and confer regarding Plaintiffs' responses to comScore's first set of written discovery requests in the above-referenced matter. Specifically, as a courtesy to you and at your request, I write to provide further (although unnecessary) explanation of several of Plaintiffs' outstanding objections to comScore's requests, which were raised in both Plaintiffs' original responses—served on April 9, 2012—and supplemental responses—served on April 27, 2012.

A.   **Document Request No. 7**

comScore has requested that Plaintiffs produce for inspection their computers and related hard drives, including making the hard drives available for forensic copying and inspection.

As an initial matter and as we have explained, Plaintiff Harris is no longer in possession of the relevant computer or hard drive and therefore, is simply unable to produce those items.

For his part, Plaintiff Dunstan has already produced (i) an executable file of the comScore software that afflicted his computer (Bates No. Harris-Dunstan 0551), (ii) a screenshot evidencing the date and time that the software was downloaded on Dunstan's computer (Bates No. Harris-Dunstan 0558), and as of Friday, April 27, 2012, (iii) a log created by his antivirus software that shows that comScore's software was detected on his

computer and eliminated. (Bates Nos. Harris-Dunstan 0615 – 0630). It is unclear what other documents or information comScore seeks to discover on Dunstan's hard drive—at the very least, you have failed to identify anything. As a result, we are not inclined to simply turn over Dunstan's computer to allow comScore to cull through his personal files and other information irrelevant to this lawsuit. Nor is Plaintiff required to do so. Indeed, the Advisory Committee Notes to Rule 34(a) make clear that the Federal Rules are "not meant to create a routine right of direct access to a party's electronic information system." Notwithstanding, if comScore is willing to specifically identify the additional information it seeks from Dunstan's hard drive, we will consider those requests. Short of that, Dunstan's objections are proper and we stand by them.

Further, comScore's offer to "allow Plaintiffs one week to review forensic images collected by comScore for privileged material before comScore's counsel reviews the images" is not acceptable. (Swedlow letter, April 22, 2012, p. 3). Instead, assuming comScore can point to specific relevant information on the computer's hard drive and demonstrate a need for it, the proper procedure would be for Plaintiffs to provide images of the hard drive to a forensic expert (Dunstan has already done so), who will maintain that data. Plaintiffs may then remove any non-relevant or privileged information (providing an appropriate log), and disclose responsive information found on the images. *See* Scheindlin, Shira A., and Capra, Daniel J., *Electronic Discovery and Digital Evidence in a Nutshell* (St. Paul, MN: West, 2009). This approach has been endorsed by Federal Courts throughout the country. *See, e.g., Han v. Futurewei Tech., Inc.*, 11-CV-831-JM JMA, 2011 WL 4344301 (S.D. Cal. Sept. 15, 2011) (this approach "takes into account the significant privilege and privacy interests implicated in this case, is reasonable at this stage of the case, and follows the convention under the Federal Rules that the party *responding* to discovery determines what is relevant, responsive, and protected by privilege or privacy interests."); *Coburn v. PN II, Inc.*, No. 2:07-CV-00662-KJD-LRL, 2008 WL 879746 (D. Nev. Mar. 28, 2008); *Ferron v. Search Cactus, L.L.C.*, 2:06-CV-327, 2008 WL 1902499 (S.D. Ohio Apr. 28, 2008); *Frees, Inc. v. McMillian*, No. CIV.A.05 1979, 2007 WL 184889 (W.D. La. Jan. 22, 2007) *aff'd*, No. CIV.A. 05-1979, 2007 WL 1308388 (W.D. La. May 1, 2007). Please let me know whether this proposal is acceptable to comScore no later than May 3, 2012.

### B.  Document Request Nos. 17, 19, 20, 21

Document Request Nos. 17, 19, 20, and 21 seek to further understand the factual bases of Plaintiffs' contentions regarding the functionality of comScore's software. We objected to responding to those Requests on the basis that they were improper contention requests. After examining the law on the subject, we agree that, in certain circumstances, contention requests are not always objectionable. Although courts generally permit "contention" interrogatories, both the work-product doctrine and Rule 26 shield materials that form the bases of such contentions. *See Fridkin v. Minnesota Mut. Life Ins. Co., Inc.*, No. 97 C 0332, 1998 WL 42322 (N.D. Ill. Jan. 29, 1998); *see also Wieboldt Stores, Inc., By & Through Raleigh v. Schottenstein*, No. 87 C 8111, 1990 WL 251727 (N.D. Ill. Dec. 27, 1990). The Requests at issue here clearly go beyond seeking mere "contentions" and instead,

attempt to discover protected material, namely documents and information prepared by Plaintiffs' counsel and consulting experts in anticipation of this litigation. *See* Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney...or agent)."); *see also Elco Indus., Inc. v. Hogg*, 86 C 6947, 1988 WL 20055, *3 (N.D. Ill. Feb. 29, 1988) ("Discovery may be had of facts and opinions of a non-testifying expert only upon a showing of exceptional circumstance.").

As the contention requests seek to elicit such information, comScore is not entitled to it "unless it can show exceptional circumstances under which it is impracticable for [it] to obtain facts or opinions on the same subject by other means." *Sara Lee Corp. v. Kraft Foods Inc.*, 273 F.R.D. 416, 420 (N.D. Ill. 2011) (internal citation and quotations omitted). Because these requests relate to the functionality of its own software, any assertion that comScore has no other means to obtain the information it seeks—even from within its own records—cannot be serious. Thus, comScore cannot show there are any "exceptional circumstances" here and it is not entitled to obtain information prepared in anticipation of this litigation.

C.     **Document Request No. 18 and Interrogatory No. 7**

Finally, with regard to Document Request No. 19, Plaintiffs have already produced all the responsive documents and other information within their possession and control—namely, documents evidencing comScore's sale of information related to panelists' Internet usage. (Bates Nos. Harris-Dunstan 0134 – 0404). Similarly, with respect to Interrogatory No. 7, Plaintiffs contention that comScore sold their personal information to third-parties is based upon information contained in those documents.

Please let us know if you have any additional questions on this matter.

Very truly yours,

EDELSON MCGUIRE LLC

Rafey S. Balabanian