**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals<br><br>Plaintiff,<br><br>v.<br><br>COMSCORE, INC., a Delaware corporation<br><br>Defendant. | CASE NO. 1:11-cv-5807<br><br>Judge Holderman<br><br>Magistrate Judge Kim |

**COMSCORE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF RENEWED
MOTION TO DISMISS UNDER RULE 12(B)(3)**

# TABLE OF CONTENTS

BACKGROUND ...................................................................................................................3

ARGUMENT........................................................................................................................4

I.       The Forum Selection Clause is Prima Facie Valid and Should be Enforced........................4

A.       The Forum Selection Clause is Contractually Binding........................................................4

B.       comScore's Renewed Motion to Dismiss is Timely..............................................................8

II.      Named Plaintiffs are Not Members of the Class this Court Certified ................................8

CONCLUSION....................................................................................................................9

**INTRODUCTION**

At the outset of this litigation over two years ago, Defendant comScore, Inc. moved to dismiss based upon the parties' agreement to the forum selection clause contained in the license agreement between comScore and Plaintiffs. (Dkt No. 12.) That clause provides that the exclusive jurisdiction for this action is in Virginia. (Dkt No. 31 at p. 2.) This Court acknowledged that the User License Agreement ("ULA") includes a forum selection clause providing that "sole and exclusive jurisdiction shall reside with the appropriate state court located in Fairfax, Virginia or federal court located in Alexandria Virginia." (*Id.*) The Court further noted that "a forum selection clause is prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." (*Id.*) (internal citation omitted). However, the Court denied the motion to dismiss at that time because—although the plaintiff bears the burden of demonstrating the venue chosen was proper—"the Court must take all facts in the complaint as true," and "plaintiffs Harris and Dunstan have plainly alleged that the forum-selection clause was not apparent when they downloaded the software." (*Id.* at 2-3.) In denying comScore's motion due to Plaintiffs' allegations that they had not agreed to the clause, this Court stated that:

> [F]urther factual development may indicate that the plaintiff's allegations are incorrect, that the terms of the license agreement were reasonably available during the installation process, and that the plaintiffs therefore must have manifested assent to the contract and the forum-selection clause. At this stage, however, the court must take plaintiffs' word for it.

(*Id.* at pp. 4-5.) As the Court anticipated, further factual development has shown that the Plaintiffs and all members of the class did in fact agree to the contract. (Dkt No. 186 at p. 9.) Because the Court has now held that Plaintiffs (as class representatives of the certified class) agreed to the terms of the User License Agreement, it follows that they necessarily agreed to

1

litigate this case in Virginia. Therefore, comScore renews (or seeks reconsideration of) its 12(b)(3) motion, and respectfully requests that this case be dismissed.

On its face the Complaint continues to allege that both Harris and Dunstan did *not* agree to the ULA. (Dkt No. 136 at ¶¶ 66, 70.) Plaintiffs have refused to remove that allegation from the Complaint—notwithstanding this Court's holding in the class-certification Order that all class members (by definition) did in fact agree to the ULA. In order to reconcile the facts being pled by Plaintiffs with this Court's certification Order, comScore propounded written discovery requesting that Harris and Dunstan admit that each has agreed to the terms of the ULA—but Harris and Dunstan denied this request to admit. The parties met and conferred about this response within the past few weeks and Plaintiffs have not changed their position.

comScore therefore brings this motion now, despite the fact that the Complaint continues to allege non-agreement, because it has no other avenues to attempt to align the Order and the plaintiffs' pleadings. The class certification Order was based upon the premise that all members of the class agreed to uniform terms and that the interpretation of those uniform terms will be a common issue for the class. Plaintiffs should not be able to have it both ways. Either they are part of the class and have agreed to the forum selection clause, or they are not part of the class and should continue to litigate individually the issue of whether the ULA defines the agreement between them and comScore. If it is the former, comScore respectfully requests the forum selection clause be enforced, and this case dismissed. If it is the latter, neither Plaintiff should be able to serve as a class representative, because neither Plaintiff would be a member of the class defined in the Order.

BACKGROUND

The forum selection clause agreed to by the parties provides:

FOR ANY NON-ARBITRAL ACTION OR PROCEEDING ARISING OUT OF OR RELATED TO THIS PROGRAM OR THIS AGREEMENT, SOLE AND EXCLUSIVE JURISDICTION SHALL RESIDE WITH THE APPROPRIATE STATE COURT LOCATED IN FAIRFAX COUNTY, VIRGINIA OR FEDERAL COURT LOCATED IN ALEXANDRIA VIRGINIA.

(Dkt No. 31 at p. 2.) The clause was presented to Plaintiffs via a hyperlink to comScore's User License Agreement. (Dkt No. 14 at ¶ 6.) Each Plaintiff clicked a box acknowledging that he had "read [and] agree[d] to . . . the terms and conditions of the Privacy Statement and User License Agreement." (Dkt No. 14 at ¶ 4.)

comScore first asserted its contractual right to proceed in Virginia in its 12(b)(3) motion to dismiss filed on September 28, 2011. (Dkt No. 12.) But in the Complaint (and Amended Complaint), Plaintiffs alleged that neither Harris nor Dunstan agreed to comScore's Terms of Service. (Dkt No. 1 at ¶¶ 69, 73; Dkt No. 136 at ¶¶ 66, 70.) Based in part on that representation, the Court denied comScore's motion to dismiss in its Order dated October 7, 2011. (Dkt No. 31 at p. 3.) comScore subsequently filed its answer to the complaint in December 2011. (Dkt. No. 59.)

In their class certification briefing, however—contrary to the allegations contained in the Complaint and Amended Complaint—Plaintiffs declared that "Rule 23 commonality and typicality exist because Plaintiffs and each Class member . . . was presented with a form ULA, [and] each **accepted** the ULA through the same online process . . ." (Dkt No. 184 at pp. 1-2 (emphasis added).) This Court granted class certification on the federal statutory claims on April 2, 2013. (Dkt No. 186.) Specifically, the Court held that Plaintiffs' claims satisfied the commonality requirement, because "[m]ost obviously, each Class member **agreed** to a form

3

contract (made up of the ULA and the Downloading Statement), as has each Subclass member (the Downloading Statement only)." (Dkt No. 186 at p. 9 (emphasis added).)

Class certification thus was predicated, in part, upon Plaintiffs having agreed to the contract. But the Amended Complaint still states that Harris and Dunstan "did not agree to comScore's Terms of Service." (Dkt No. 136 at ¶¶ 66, 70.) To resolve the discrepancy, comScore requested that Harris and Dunstan admit that they accepted comScore's Privacy Statement, User License Agreement, and Downloading Statement in written discovery requests served on August 9, 2013. Plaintiffs denied the requests. In a meet-and-confer letter sent on September 17, 2013, comScore requested that Plaintiffs revise their responses and admit that they accepted comScore's terms, given this Court's Class Certification Order stating that "each Class Member agreed to a form contract." (Dkt No. 186 at p. 9.) During a telephonic meet and confer on September 26, 2013, Plaintiffs advised that they would not revise their responses.

As it stands, therefore, this Court certified a class of plaintiffs who agreed to the form contract, and thus agreed to litigate in the United States District Court for the Eastern District of Virginia or in Virginia State Court. If Harris and Dunstan allege that they did not agree to the contract, they should be excluded from the class as certified.

## ARGUMENT

### I. The Forum Selection Clause is Prima Facie Valid and Should be Enforced

#### A. The Forum Selection Clause is Contractually Binding

The Supreme Court has held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The unreasonableness exception is narrowly construed to include (1) provisions that result from

4

fraud, undue influence, or unequal bargaining power (*i.e.,* duress); (2) a forum that is so gravely inconvenient as to deprive a party of its day in court; or (3) the contravention of a strong public policy in the forum in which the suit is brought. *Faur v. Sirius Int'l Ins. Corp.*, 391 F. Supp. 2d 650, 657 (N.D. Ill. 2005) (quoting *Bonny v. The Soc'y of Lloyd's*, 3 F.3d 156, 159 (7th Cir. 1993)) (internal quotations omitted). comScore's forum selection clause is prima facie valid and reasonable.

There is no claim that Plaintiffs' acceptance of comScore's terms of service was the result of fraud or undue influence. Nor was it the result of unequal bargaining power as that term is used in this context. Unequal bargaining power does not mean the use of a form contract; it means that the agreement was obtained through duress. "[M]ere non-negotiability or inequality in bargaining power" does not render a form forum selection clause unenforceable. *Nw. Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 377 (7th Cir. 1990) (quoting *Harper Tax Servs., Inc. v. Quick Tax Ltd.*, 686 F. Supp. 109, 112-13 (D. Md. 1988)); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590, 593 (1991) (enforcing a form forum selection clause that appeared in fine print and was attached to a cruise ship ticket, despite finding that the purchaser did not have bargaining parity with the cruise line). With no suggestion of "fraud, duress, illegality [or] violation of a fiduciary relationship," the forum selection does not fall within the first branch of the unreasonableness exception. *Id.*

Moreover, the forum selection clause was presented to Plaintiffs in all capital letters in a clickwrap agreement. Clickwrap agreements are routinely given effect in the Northern District of Illinois. *See Sherman v. AT&T Inc.*, No. 11 C 5857, 2012 WL 1021823, at *3 (N.D. Ill. Mar. 26, 2012) (enforcing an arbitration provision in a clickwrap agreement where an individual accepted hyperlinked terms and the arbitration provision appeared in capital letters); *Van Tassel*

5

*v. United Mktg. Grp., LLC*, 795 F. Supp. 2d 770, 791 (N.D. Ill. 2011) ("Because clickwrap agreements require affirmative action on the part of the user to manifest assent, courts regularly uphold their validity when challenged."); *DeJohn v. The .TV Corp. Int'l*, 245 F. Supp. 2d 913, 921 (N.D. Ill. 2003) (enforcing a forum selection clause in a clickwrap agreement). Plaintiffs are presumed to have read the clickwrap agreement and are bound by its terms. *See Nw. Nat. Ins. Co. v. Donovan*, 916 F.2d at 378 ("If they make a practice of signing contracts without reading them, they must bear the consequences."); *Faur v. Sirius Int'l Ins. Corp.*, 391 F. Supp. 2d at 658 ("[B]asic contract law confers upon the parties a duty to read the contract and 'I did not read what I was signing' will not be considered a valid defense."). In any event, the Court has already resolved this issue as part of its class certification Order by holding that all class members agreed to the terms of the ULA through the same process and that the ULA provides the common issues for class certification. (*See* Dkt No. 186 at pp. 9-10.)

There is also no basis for concern that Plaintiffs would be deprived of their day in court if this action were to proceed in the Eastern District of Virginia. "Additional expense alone is insufficient to show that a particular venue is not proper." *Faur v. Sirius Int'l Ins. Corp.*, 391 F. Supp. 2d at 658. "Furthermore, mere inconvenience will not render the forum clause unenforceable." *Id.* Mike Harris is a citizen of Illinois, but the other class representative, Jeff Dunstan, is a citizen of California. (Dkt No. 1 at ¶¶ 20, 21.) Any additional expense or inconvenience that may be incurred by proceeding in Virginia was foreseeable at the time that the parties agreed to the forum selection clause, and is not sufficient to render the clause unenforceable.

Furthermore, the enforcement of forum selection clauses advances public policy by giving effect to the parties' agreement. "[P]ublic policy as expressed by both the Supreme Court

6

and the Seventh Circuit supports upholding forum selection clauses as the contractual expression of the parties' wishes." *RBC Mortgage Co. v. Couch*, 274 F. Supp. 2d 965, 971-72 (N.D. Ill. 2003); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. at 11 (enforcement of forum selection clause "accords with ancient concepts of freedom of contract . . ."). For example, in *AIG Mexico Seguros Interamericana, S.A. de C.V. v. M/V Zapoteca*, the District Court granted a renewed motion to dismiss for improper venue six years after the original motion was filed, holding that:

> The Court is mindful of Plaintiff's argument that renewal of this motion on the eve of trial creates a special hardship. But forum-selection clauses are presumptively valid matters of contract . . . As such, this Court's discretion is limited. Moreover, whatever lack of fairness Plaintiff claims results from this decision is at least equaled by the prospect of subjecting Defendants to trial in a forum they have specifically contracted against.

844 F. Supp. 2d 440 (S.D.N.Y. 2012) (internal citations omitted), *aff'd AIG Mexico Seguros Interamericana, S.A. de C.V. v. M/V Zapoteca*, 508 F. App'x 58 (2d Cir. 2013).

Lastly, comScore is a party to the agreement between Plaintiffs and comScore, but to the extent that Plaintiffs contend otherwise, comScore is still entitled to enforce the forum selection clause agreed to by Plaintiffs. In *Adams v. Raintree Vacation Exch., LLC*, the Seventh Circuit held that a parent company may enforce a forum selection clause contained in a subsidiary's contract. 702 F.3d 436, 441-42 (7th Cir. 2012) ("A literal approach to interpreting forum selection clauses—an approach that always ignored affiliates of the signatories—could also undermine the contribution that such clauses have been praised for making to certainty in commercial transactions . . ."). comScore's forum selection clause is prima facie valid and reasonable, and should be enforced by this Court.

### B.      comScore's Renewed Motion to Dismiss is Timely

comScore properly and timely raised its venue defense in its Rule 12(b)(3) motion. (Dkt No. 12.) comScore also asserted the forum selection clause as a defense in its Answer to the Complaint and in its Answer to the First Amended Complaint. (Dkt No. 59 at p. 50; Dkt No. 140 at p. 45.) Renewal of the motion is proper and timely now.

In denying comScore's first motion to dismiss, this Court stated that "[a]t this stage . . . the court must take plaintiffs' word for it." (Dkt No. 31 at pp. 4-5.) The Amended Complaint still states on its face that Harris and Dunstan did not agree to comScore's forum selection clause. (Dkt No. 136 at pp. ¶¶ 66, 70.) That allegation cannot be squared with the ruling of the Court, but it has become clear that Plaintiffs have no intention of amending the Amended Complaint. Plaintiffs refused to revise their responses to comScore's Requests for Admission in a meet and confer on September 26, 2011. comScore thus has no choice but to file this motion despite the fact that the Complaint continues to allege non-agreement.[1]

## II.     Named Plaintiffs are Not Members of the Class this Court Certified

As long as the Amended Complaint alleges that Harris and Dunstan did not agree to comScore's Terms of Service, Harris and Dunstan are not members of the class certified by the Court. It is the contract itself, and Plaintiffs' agreement to it, that created Rule 23(a)(2)

---

[1] Nor can there be any inference or argument of waiver. "[B]ecause forum selection clauses may result in a waiver of substantive and procedural rights, it would be unfair to infer such a significant waiver absent a clear indication of intent through a party's actions." *Ferraro Foods, Inc. v. M/V IZZET INCEKARA*, No. 01 CIV 2682, 2001 WL 940562, at *4 (S.D.N.Y. Aug. 20, 2001). No waiver has occurred "where parties merely participated in pretrial motions, moved to dismiss after discovery had been completed, or where the opposing party was not prejudiced by dismissal. *Id.* (internal citations omitted). comScore has never represented that venue is appropriate in this case. In fact, comScore has objected to improper venue at least three separate times. (Dkt No. 12; Dkt No. 59 at p. 50; Dkt No. 140 at p. 45.) *See also Meras Eng'g, Inc. v. CH20, Inc.*, No. C-11-0389, 2013 WL 146341, at *9 (N.D. Cal. Jan. 14, 2013) (no waiver where Defendant participated in mediation, agreed to a discovery schedule, and provided initial disclosures while continuing to assert its improper venue defense).

commonality in the class. This Court reasoned that common questions include "the scope of the consent the plaintiffs granted to comScore by **agreeing** to the ULA and the Downloading Statement" and "whether OSSProxy's data collection violates the terms of the ULA and the Downloading Statement." (Dkt No. 186 at pp. 9-10 (emphasis added).) In fact, *every* common question raised by the Court is predicated upon plaintiffs having agreed to the ULA. If, as Harris and Dunstan allege, members of the class did not agree to comScore's terms, then commonality is destroyed, and the class should be decertified. If every member of the class did agree to comScore's terms, as this Court held, then Harris and Dunstan are not members of the class.

Should Harris and Dunstan amend their allegations (and revise their responses to comScore's Requests for Admission) to acknowledge that they accepted comScore's terms, they may preserve the class and their role as class representatives. But if Harris and Dunstan accepted comScore's Terms of Service, then they agreed to litigate in the Eastern District of Virginia or in Virginia State Court. They should be held to that agreement.

## CONCLUSION

Because Plaintiffs entered into a binding agreement to litigate their claims in Virginia, comScore respectfully requests that this action be dismissed pursuant to Rule 12(b)(3).

DATED: October 30, 2013   QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　SULLIVAN, LLP


　　　　　　　　　　　　　　　　/s/ Andrew H. Schapiro
　　　　　　　　　　　　　　　Andrew H. Schapiro
　　　　　　　　　　　　　　　andrewschapiro@quinnemanuel.com
　　　　　　　　　　　　　　　Stephen Swedlow
　　　　　　　　　　　　　　　stephenswedlow@quinnemanuel.com
　　　　　　　　　　　　　　　Robyn Bowland
　　　　　　　　　　　　　　　robynbowland@quinnemanuel.com
　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　SULLIVAN, LLP

9

500 West Madison Street, Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7499

Paul F. Stack
pstack@stacklaw.com
Stack & O'Connor Chartered
140 South Dearborn Street
Suite 411
Chicago, IL 60603
Telephone: (312) 782-0690
Facsimile: (312) 782-0936

*Attorneys for Defendant comScore, Inc.*

## **CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that a true and correct copy of the foregoing has been caused to be served on October 30, 2013 to all counsel of record via the Court's ECF notification system..

    */s/ Robyn M. Bowland*
Robyn Bowland