# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals<br><br>Plaintiff,<br><br>v.<br><br>COMSCORE, INC., a Delaware corporation<br><br>Defendant. | CASE NO. 1:11-cv-5807<br><br>Judge Holderman<br><br>Magistrate Judge Kim |

**COMSCORE, INC.'S MOTION TO TRANSFER UNDER 28 U.S.C. §1404(a)**

## INTRODUCTION

Defendant comScore, Inc. ("comScore") amends its October 30, 2013 motion to dismiss under Rule 12(b)(3) and moves to transfer under 28 U.S.C. §1404(a), pursuant to the United States Supreme Court's recent decision in *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568 (December 3, 2013). There, the Supreme Court held that the proper vehicle to enforce a forum selection clause that specifies another federal forum is a motion to transfer pursuant to 28 U.S.C. §1404(a), rather than a Rule 12(b)(3) motion to dismiss. (*Id.* at 575.) The Supreme Court further held that when a defendant files a motion to transfer on the basis of a forum selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." (*Id.*) Plaintiffs admit that they agreed to the forum selection clause. (Dkt No. 280 at p. 2.) Because there are no "extraordinary circumstances" that disfavor a transfer to Virginia, this Court should grant comScore's motion.

## BACKGROUND

The forum selection clause agreed to by the parties provides:

> FOR ANY NON-ARBITRAL ACTION OR PROCEEDING ARISING OUT OF
> OR RELATED TO THIS PROGRAM OR THIS AGREEMENT, SOLE AND
> EXCLUSIVE JURISDICTION SHALL RESIDE WITH THE APPROPRIATE
> STATE COURT LOCATED IN FAIRFAX COUNTY, VIRGINIA OR
> FEDERAL COURT LOCATED IN ALEXANDRIA, VIRGINIA.

(Dkt No. 31 at p. 2.) The clause was presented to Plaintiffs via a hyperlink to comScore's User License Agreement. (Dkt No. 14 at ¶ 6.) Each Plaintiff clicked a box acknowledging that he had "read [and] agree[d] to . . . the terms and conditions of the Privacy Statement and User License Agreement." (Dkt No. 14 at ¶ 4.)

2

comScore first asserted its contractual right to proceed in Virginia in its 12(b)(3) motion to dismiss filed on September 28, 2011. (Dkt No. 12.) But in the Complaint (and Amended Complaint and Second Amended Complaint), Plaintiffs alleged that neither Harris nor Dunstan agreed to comScore's Terms of Service. (Dkt No. 1 at ¶¶ 69, 73; Dkt No. 136 at ¶¶ 66, 70; Dkt No. 169 at ¶¶ 66, 70.) Based in part on that representation, the Court denied comScore's motion to dismiss in its Order dated October 7, 2011. (Dkt No. 31 at p. 3.)

In their class certification briefing, however—contrary to the allegations contained in the Complaint and Amended Complaints—Plaintiffs declared that "Rule 23 commonality and typicality exist because Plaintiffs and each Class member . . . was presented with a form ULA, [and] each **accepted** the ULA through the same online process . . ." (Dkt No. 184 at pp. 1-2 (emphasis added).) This Court granted class certification on the federal statutory claims on April 2, 2013. (Dkt No. 186.) Specifically, the Court held that Plaintiffs' claims satisfied the commonality requirement, because "[m]ost obviously, each Class member **agreed** to a form contract (made up of the ULA and the Downloading Statement), as has each Subclass member (the Downloading Statement only)." (Dkt No. 186 at p. 9 (emphasis added).)

Class certification thus was predicated, in part, upon Plaintiffs having agreed to the contract. But the Second Amended Complaint still states that Harris and Dunstan "did not agree to comScore's Terms of Service." (Dkt No. 169 at ¶¶ 66, 70.) To resolve the discrepancy, comScore requested that Harris and Dunstan admit that they accepted comScore's Privacy Statement, User License Agreement, and Downloading Statement in written discovery requests served on August 9, 2013. Plaintiffs denied the requests. In a meet-and-confer letter sent on September 17, 2013, comScore requested that Plaintiffs revise their responses and admit that they accepted comScore's terms, given this Court's Class Certification Order stating that "each

3

Class Member agreed to a form contract." (Dkt No. 186 at p. 9.) During a telephonic meet and confer on September 26, 2013, Plaintiffs advised that they would not revise their responses. Plaintiffs' most recent position—that Plaintiffs accepted the terms of service, but that comScore is not a party thereto—*still* contradicts the Complaint, because the Complaint describes the agreement as "comScore's Terms of Service" or "Defendant's Terms of Service" throughout. (Dkt No. 169.)

comScore has asserted its right to defend itself in Virginia throughout this litigation. comScore filed a 12(b)(3) motion to dismiss for improper venue on September 28, 2011. (Dkt No. 12.) comScore subsequently alleged its improper venue defense in its Answer to the Complaint filed on December 13, 2011, in its Answer to the Amended Complaint filed on November 15, 2012, and in its Answer to the Second Amended Complaint filed on February 28, 2013. (Dkt No. 59 at p. 50; Dkt No. 140 at p. 45; Dkt No. 180 at p. 45.) comScore also asserted its right to enforce the forum selection clause in an appeal of the class certification order to the Seventh Circuit on May 8, 2013. *comScore, Inc. v. Dunstan, et al.*, No. 13-8007, Dkt. No. 1 at 7 (7th Cir. April 16, 2013). Including comScore's renewed motion to dismiss under Rule 12(b)(3) and its present motion to transfer, comScore has asserted its right to proceed in Virginia no fewer than seven times.

**ARGUMENT**

**I.     Enforcement of the Forum Selection Clause Advances the Public Interest**

Pursuant to the Supreme Court's decision in *Atl. Marine Constr. Co., Inc.*, it is the Plaintiffs' burden—"as the party defying the forum-selection clause"—to show that the action should not be transferred to the agreed-upon forum under 28 U.S.C. §1404(a). 134 S. Ct. at 581-82. 28 U.S.C. §1404(a) provides that "[f]or the convenience of parties and witnesses, in the

4

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." To meet its burden, plaintiffs may not rely upon (and courts may not consider) the plaintiffs' "private interests." *Atl. Marine Constr. Co., Inc.*, 134 S. Ct. at 582 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses.") The court may only consider "public-interest factors," including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." (*Id.* at 582, n. 6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981).)

       The enforcement of forum selection clauses is in the public interest, because enforcement "protects [the parties'] legitimate expectations and furthers vital interests of the justice system." (*Id.* at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)) (Kennedy, J., concurring).) Therefore, the public-interest factors "will rarely defeat a transfer motion [and] the practical result is that the forum-selection clauses should control except in unusual cases." (*Id.* at 582.) Here, the public-interest factors weigh heavily in favor of transfer. comScore is headquartered in Virginia and the contractual agreement between the Plaintiffs and comScore is governed by Virginia law. (Dkt No. 280, Ex. B ("THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE COMMONWEALTH OF VIRGINIA.").) Therefore, as "in all but the most exceptional cases," transfer to the agreed upon forum is proper. *Atl. Marine Constr. Co., Inc.*, 134 S. Ct. at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)) (Kennedy, J., concurring).

## II.     comScore is Entitled to Enforce the Forum Selection Clause

Further, comScore is entitled to enforce the forum selection clause as a party to the agreement with Plaintiffs. The very first sentence of the Downloading Statement notified the Plaintiffs that "RelevantKnowledge software, provided by TMRG, Inc., **a comScore, Inc. company**, is included in this download." (Dkt. No. 176-4 at pp. 45-73 (emphasis added).) And the very first paragraph of the ULA advised Plaintiffs that "[t]he information that you contribute is used by **comScore, Inc.**" (Dkt No. 280, Ex. B (emphasis added).) Moreover, Plaintiffs' Second Amended Complaint repeatedly describes the agreement as "comScore's Terms of Service," "Defendant's Terms of Service," or substantively the same. (Dkt. No. 169 at ¶¶ 16, 35-37, 39, 48-50, 79(c), 100.) comScore is plainly a party to the agreement. However, even if comScore were a "non-party," as Plaintiffs assert in their response to comScore's motion to dismiss, comScore would still be entitled to enforce the forum selection clause.

Under Seventh Circuit precedent, a non-party may enforce a forum selection clause. In *Adams v. Raintree Vacation Exch., LLC*, the court held that a parent company may enforce a forum selection clause contained in a subsidiary's contract, "since the effect is merely to substitute one party for another . . . *bound by the forum selection clause to which plaintiffs had agreed.*" 702 F.3d 436, 442 (7th Cir. 2012) (emphasis in original); *see also Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 889 (7th Cir. 2004) ("Nor is a forum-selection clause to be defeated by suing an affiliate or affiliates of the party to the contract in which the clause appears.") (collecting cases). Plaintiffs allege that they contracted with comScore's subsidiaries. (Dkt No. 280 at p. 1.) As the parent company of a party to the contract, comScore may assert the forum selection clause that Plaintiffs agreed to, irrespective of whether comScore is a party to that agreement.

Plaintiffs try to avoid this result by claiming that the third party rights clause in the ULA precludes comScore from enforcing the agreement at all. The third party rights clause states that the agreement "shall not create any rights or remedies in any parties other than the parties to the agreement and no person shall assert any rights as a third party beneficiary under this agreement." (Dkt No. 280, Ex. B.) But in *Productive People, LLC v. Ives Design*, the court held that a similar contractual provision did not prevent non-party enforcement of a forum selection clause under Seventh Circuit precedent:

> The Agreement does contain a clause stating that the agreement was not intended to confer any rights, remedies, obligations, or liabilities on a third party unless otherwise provided for in the agreement. The Court need not determine whether the second forum selection clause was intended to fall under the exception of this provision, however, because "third-party beneficiary status is not required" for non-parties to benefit from or be bound by forum selection clauses.

No. CV-09-1080, 2009 WL 1749751, at *4 (D. Ariz. June 18, 2009) (quoting *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 210 n.7 (7th Cir. 1993)). In *Hugel*, the Court of Appeals rejected the argument that "the court must make a threshold finding that a non-party to a contract is a third party beneficiary before binding him to a forum selection clause," and instead held that "third party beneficiary status is not required." 999 F.2d at 210 n.7. Thus, contrary to Plaintiffs' argument, the contract does not have to confer rights upon a non-party to be enforceable by the non-party. It is sufficient if the non-party is a parent company enforcing its subsidiaries' contracts, as comScore is here. *Adams*, 702 F.3d at 442.

In any event, the agreement *does* grant comScore rights. comScore is a party to the agreement, but to the extent that Plaintiffs claim otherwise, comScore is at minimum a third-party beneficiary. A third-party beneficiary is "a person who, although not a party to the contract, the contracting parties intended to benefit from the contract." *Am. United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 930 (7th Cir. 2003). comScore is expressly identified as a

7

beneficiary in the ULA—"The information that you contribute is used by comScore, Inc., a U.S.-based market research company . . ." (Dkt No. 280, Ex. B.) Further, the third-party rights clause does not preclude enforcement of an agreement by a third party, when the beneficiary is identified by name as comScore is here. *Am. United Logistics, Inc.*, 319 F.3d at 930 (holding that a party identified by name and accruing a benefit from the agreement was a third-party beneficiary, despite contract language which stated that "nothing herein is intended to create any third party benefit"). comScore is entitled to assert the forum selection clause regardless of whether comScore is a party to the agreement, a third-party beneficiary of the same, or a non-party parent company.

### III. comScore has Diligently Sought Enforcement of the Forum Selection Clause

comScore has objected to improper venue at least seven separate times—in its original motion to dismiss, its Answers to Plaintiffs' three Complaints, its Rule 23(f) appeal to the Seventh Circuit, its renewed motion to dismiss, and in the present motion. (Dkt No. 12; Dkt No. 59 at p. 50; Dkt No. 140 at p. 45; Dkt No. 180 at p. 45; *comScore, Inc. v. Dunstan, et al.*, No. 13-8007, Dkt No. 1 at p. 7 (7th Cir. April 16, 2013); Dkt No. 242.) Further the ULA's "waiver" clause expressly states that a failure to enforce "any right or provision of the Agreement shall not constitute a waiver of such right or provision." (Dkt No. 280, Ex. B.) Given the frequency with which comScore has raised its improper venue defense, and the language of the agreement, Plaintiffs cannot plausibly suggest that comScore intended to waive its right to litigate in Virginia. comScore's intent has been precisely the opposite.

To the extent the delays purported by the Plaintiffs were actually the result of Plaintiffs' contradictory positions on whether they agreed to the forum selection clause, Plaintiffs should not be allowed to attribute those delays to comScore. It is Plaintiffs' refusal to amend the

8

Complaint to conform with their concession that has caused any delay, not comScore's unwillingness to assert its rights. Plaintiffs should not be permitted to change their positions throughout the litigation and to subsequently argue that the resulting delays are evidence that comScore waived its rights.

## CONCLUSION

Because Plaintiffs entered into a binding agreement to litigate their claims in Virginia, comScore respectfully requests that this action be transferred pursuant to 28 U.S.C. §1404(a).

DATED: December 23, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP


 */s/ Andrew H. Schapiro*
Andrew H. Schapiro
andrewschapiro@quinnemanuel.com
Stephen Swedlow
stephenswedlow@quinnemanuel.com
Robyn Bowland
robynbowland@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7499

Paul F. Stack
pstack@stacklaw.com
Stack & O'Connor Chartered
140 South Dearborn Street
Suite 411
Chicago, IL 60603
Telephone: (312) 782-0690
Facsimile: (312) 782-0936

*Attorneys for Defendant comScore, Inc.*

9