IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>COMSCORE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:11–cv–05807<br><br>Hon. James F. Holderman<br><br>Magistrate Judge Young B. Kim |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO
DEFEDANT'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

Pursuant to the Court's Order dated February 6, 2014 (Dkt. 318), Plaintiffs respectfully offer the instant Surreply to address factual inaccuracies contained in comScore's Reply in Support of its Motion to Transfer Under 28 U.S.C. § 1404(a) (Dkt. 317) ("Reply").

comScore's Reply references and relies on an inaccurate statement of fact—that the "Downloading Statement" presented to Subclass members mentioned comScore by name. (Reply at 5.) That isn't true. The Downloading Statement viewed by Subclass members *only* referenced one entity—VoiceFive, Inc., the "Sponsor" for the PremierOpinion tracking software—and makes no mention of comScore at all. (Dkt. 169, Ex. A.) That fact weighs heavily against comScore's Subclass-specific contention that "members of the Subclass had notice that *comScore's* software was subject to a contractual agreement . . . [or that e]ach member of the Subclass clicked "Accept" to *comScore's* Downloading Statement . . . ." (Reply at 6 (emphasis added, original emphasis omitted).) Because comScore was not mentioned in the Downloading Statement presented to Subclass members, there is no way they could have been "on notice" that the PremierOpinion software was operated and maintained by comScore.

1

This factual misstatement is central to comScore's position. In its Reply, comScore states that:

> Plaintiffs state that "comScore is mentioned *only* in the preamble to the ULA." (Pl. Br. at p. 11, n.4 (emphasis in original).) This is incorrect—comScore is also mentioned in the Downloading Statement, which this Court has held to be part of the contractual agreement. (Dkt. No. 186 at p. 9 ("[m]ost obviously, each Class member agreed to a form contract (made up of the ULA and the Downloading Statement), as has each Subclass member (the Downloading Statement only)").)"

(Reply at 5.) In light of that fact—i.e., that "comScore is also mentioned in the Downloading Statement"—comScore contends that:

> The members of the Subclass had notice that *comScore's* software was subject to a contractual agreement. Each member of the Subclass clicked "Accept" to *comScore's* Downloading Statement, affirmatively stating that he had "read [and] agree[d] to . . . the terms and conditions of the Privacy Statement and User License Agreement." (Dkt. No. 14 at ¶ 4.)

(Reply at 6 (emphasis added, original emphasis omitted).) And according to its Reply, this identification of comScore—in either the Downloading Statement or ULA—is particularly central to its ability to enforce the subject forum selection clause against the Subclass as a supposed third party beneficiary. (Reply at 4-5.)

Plaintiffs do not dispute that comScore is mentioned in the Downloading Statement viewed by non-Subclass members.[1] But as Plaintiffs previously noted (and comScore's own expert witness, Dr. Tamassia, corroborated through his submitted report) in "most—if not all— of the VoiceFive, Inc. ULAs and [Downloading Statements] presented to users, comScore does not appear *at all* in either document." (Dkt. 154 at 11 n. 15 (citing Dkt. 156-10; 156-8 at 70, 72) (emphasis in original).)

---

[1] That mere mention of comScore has no legal force, however, because according to the plain language of the ULA itself, nothing in the Downloading Statement is binding on the Class. (*See* Pls. Opp. Br. at 11 n. 4 (Dkt. 311) (noting that, for non-Subclass members, the linked-to ULA explicitly identifies the specific "terms and conditions" to which users were instructed to "review and agree").)

2

As comScore knows, members of the Subclass were only presented with a "Downloading Statement" (as opposed to non-Subclass members, who were also presented with a hyperlink to the full ULA). (Reply at 6; Dkt. 14 at ¶ 6.) And that Downloading Statement did not mention comScore at all. Instead, the only entity referenced was "VoiceFive, Inc.," the PremierOpinion "Sponsor." (*See* Dkt. 169, Ex. A (Downloading Statement viewed by Subclass members missing hyperlink and explaining that the "PremierOpinion software [was] provided by VoiceFive, Inc.," the so-called "program sponsor" for the PremierOpinion tracking software).)

For this same reason, comScore's assertion that Plaintiffs' Complaint concedes comScore's status as a party misses the mark. (*See* Reply at 1-2.) Plaintiffs' use in the Complaint of the phrase "comScore's Terms of Service" refers not to its status as a party—which is apparent from the lack of *any* reference to comScore in the ULA's legally binding "terms and conditions," (*see* Pls. Opp. Br. at 11 n. 4)—but rather, simply to the fact that those terms accompanied the download and installation of comScore's monitoring software. (*See* Dkt. 169 at ¶ 37, Ex. A.) That comScore tries to rely on Plaintiffs' allegations to claim that it's a party to the ULAs—rather than on the actual *terms* of the agreements themselves—speaks volumes about the weakness of its overall argument.

For these and all other reasons identified in Plaintiffs' Opposition (Dkt. 311), comScore's Motion to Transfer Under 28 U.S.C. § 1404(a) should be denied.

    Respectfully submitted,

    **MIKE HARRIS** and **JEFF DUNSTAN**,
    individually and on behalf of a class of
    similarly situated individuals,

Dated: February 6, 2014    By: s/ Rafey S. Balabanian
        One of Plaintiffs' Attorneys

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Chandler R. Givens
cgivens@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiffs, the Class, and the Subclass*

## CERTIFICATE OF SERVICE

     I, Benjamin S. Thomassen, an attorney, hereby certify that on February 6, 2014, I served the above and foregoing ***Plaintiffs' Surreply in Opposition to Defendant's Motion to Transfer Under 28 U.S.C. §1404(a)*** by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this 6th day of February, 2014.

                                                                 s/ Benjamin S. Thomassen