IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>COMSCORE, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 1:11-cv-05807<br><br>Hon. James F. Holderman<br><br>Magistrate Judge Young B. Kim |

**DECLARATION OF BENJAMIN S. THOMASSEN**

I, Benjamin S. Thomassen, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an adult over the age of 18 and a resident of the State of Illinois. I am an associate of the law firm Edelson PC, and licensed to practice law in the State of Illinois. I represent Plaintiffs Mike Harris and Jeff Dunstan ("Plaintiffs") in this matter. I am fully competent to make this Declaration, have personal knowledge of all matters set forth herein unless otherwise indicated, and could and would testify truthfully to such matters if called as a witness in this action. I make this Declaration in support of Plaintiffs' Motion for Partial Summary Judgment.

***Information Obtained about [REDACTED] Facebook Profile [REDACTED]***

2. On September 9, 2013, comScore, Inc. ("comScore") produced documents bearing Bates numbers CS0016909 through CS0096420 to Plaintiffs.

3. Among these documents was a July 16, 2013 email [REDACTED] which comScore has labeled

1

"CS0081698 Confidential.htm." A true and accurate copy of the July 16, 2013 Email is attached hereto as Exhibit 20.

4. The subject line of the July 16, 2013 Email reads: ███████████ ███ The email includes ███████████████████████████ ████████████████████████████████████████ ██████████████████████████████████ ██████████████████████████ █████████████████████████████ ████████████████████████████████ ████████████████████████████████ █████████████████ █████████████ ████████████████████ █████████████████████████

6. On February 19, 2014, as part of my firm's investigation into this case, I launched the Mozilla Firebox browser and navigated to my Facebook "About" page by entering "https://www.facebook.com/bthomassen" into the address bar and pressing the "return" key on my keyboard. As shown in the resulting screen, I was able to view my "About" page because I was already logged into my Facebook.com profile.

7. As of February 19, 2014, I was not—and have never been—"friends" with ████████████ on Facebook, meaning that I can only view information about her that she has chosen to make publicly available through her Facebook.com privacy settings.

8. Next, I typed "www.facebook.com/████████████ (i.e., ████████

████████████████████████████████████████████) into the browser's address bar and pressed the "return" key on my keyboard. The resulting screen automatically changed the website URL to "https://www.facebook.com/█████████ and displayed █████████ Facebook "Timeline" page, where I was able to view comments posted on her Facebook "wall," access photographs relating to █████████, and view the "groups" that █████████ has joined. The page also asked "Do you know █████████" and stated "To see what she shares with friends, send her a friend request."

9. Next, I attempted to access █████████ "About" page by clicking the "About" tab on her Facebook profile. I was automatically directed to █████████ "About" Facebook.com page at the following URL: "https://www.facebook.com/█████████████████ Under the "About" section of █████████ "About" Facebook.com page, I was only able to see that her gender was female, and was informed that "[t]o see wha[t █████████] shares with friends, send her a friend request." I could not access any information about █████████ birth year.

10. Using software included with the Mac OS X operating system, I captured screenshots of the above-described screens as I accessed them. True and accurate copies of those screenshots are attached hereto as Exhibit 31.

***Information Concerning the PermissionResearch Registration Process***

11. On February 19, 2014, as part of my firm's investigation into this case, I launched the Mozilla Firebox browser and navigated to the PermissionResearch webpage by typing "www.permissionresearch.com/" into the address bar and pressing the "return" key on my keyboard.

12. On the resulting page, I clicked a button labeled "Join Now!" and was directed to

the URL "https://www.permissionresearch.com/privmem.aspx," which displayed the Privacy Policy, User License Agreement, and Patent Notice (the "PermissionResearch ULA") for PermissionResearch—a "brand" of OSSProxy sponsored by "TMRG, Inc." After indicating that I "read [and] agree[d] to" the ULA—which stated that a user only "agree[d] to be bound [by] installing our application"—I entered a "CAPTCHA" (a unique code) and then clicked a button labeled "next" at the bottom of the webpage.

13. On the following page, I was asked to "Create [my] Member Profile" by inputting my first and last name, mailing address, email address, gender, and birthdate, and indicate how many people lived in my home at least six months of each year. I was also prompted to create a password and choose a security question. After inputting the relevant information, I clicked the button marked "next" at the bottom of the page. The button would not redirect me to the next step of the registration process unless all the requested information was submitted.

14. On the following page, I was asked to create my "Household Profile" by submitting additional information about myself (e.g., "head of household" status, whether I used the Internet, whether I was a student, and whether I worked full or part time) along with the same information about others in my household, information about my computer, and information about my mobile devices. After inputting this information, I clicked the button marked "next" at the bottom of the page. The button would not redirect me to the next step of the registration process unless I submitted all the requested information.

15. On the following page, I was provided with instructions for downloading the "PermissionResearch installer package" and installing the PermissionResearch software. I did not download or install the software.

*Exhibits Referenced in Plaintiffs' Motion for Partial Summary Judgment*

16. Attached hereto as Exhibit 1 is a true and accurate copy of excerpts from the November 21, 2013 Deposition of comScore's Vice President of Panel Operations, John O'Toole.

17. Attached hereto as Exhibit 2 is a true and accurate copy of excerpts from the November 20, 2013 Deposition of comScore's Director of Technology, Yvonne Bigbee.

18. Attached hereto as Exhibit 3 is a true and accurate copy of excerpts from the August 15, 2012 Rule 30(b)(6) Deposition of comScore's Chief Technology Officer, Michael Brown.

19. Attached hereto as Exhibit 4 is a true and accurate copy of the RelevantKnowledge User License Agreement and Privacy Policy—a version of which was attached to Plaintiffs' Supplemental Motion for Class Certification, (Dkt. 156-9), and which shows the RelevantKnowledge ULA as it existed on September 15, 2010, (*see* Dkt. 158 at ¶¶ 5-9).

20. Attached hereto as Exhibit 5 is a true and accurate copy of the PremierOpinion User License Agreement and Privacy Policy—a version of which was attached to Plaintiffs' Supplemental Motion for Class Certification, (Dkt. 156-10), and which shows the PremierOpinion ULA as it existed on May 5, 2010, (*see* Dkt. 158 at ¶¶ 5-9).

21. Attached hereto as Exhibit 6 is a true and accurate copy of excerpts from the January 24, 2014 Rule 30(b)(6) Deposition of comScore's Vice President of Financial Planning and Analysis, Scott Mitchell.

22. Attached hereto as Exhibit 7 is a true and accurate copy of excerpts from the Deposition of the January 24, 2014 Rule 30(b)(6) Deposition of comScore's Vice President of

Panel Operations, John O'Toole.

23. Attached hereto as Exhibit 8 is a true and accurate copy of a document marked as "CS81903_Confidential--Attorney's Eyes Only.pptx," which comScore provided to Plaintiffs as part of its September 9, 2013 document production.

24. Attached hereto as Exhibit 9 is a true and accurate copy of excerpts from the December 13, 2013 Deposition of comScore's Chief Research Officer, Joshua Chasin.

25. Attached hereto as Exhibit 10 is a true and accurate copy of excerpts from the September 12, 2012 Deposition of comScore's Director of Technology, Yvonne Bigbee.

26. Attached hereto as Exhibit 11 is a true and accurate copy of excerpts from the Expert Witness Report of Colin O'Malley, dated November 30, 2012.

27. Attached hereto as Exhibit 12 is a true and accurate copy of excerpts from the December 13, 2012 Deposition of Colin O'Malley.

28. Attached hereto as Exhibit 13 is a true and accurate copy of excerpts from the December 3, 2013 Deposition of comScore's Deputy Privacy Officer, Richard Weaver.

29. Attached hereto as Exhibit 14 is a true and accurate copy of excerpts from the November 14, 2013 Deposition of comScore's Senior Director of Quality Assurance, Glenn Marchione.

30. Attached hereto as Exhibit 15 is a true and accurate copy of a document marked "CS0035637_Confidential--Attorney's Eyes Only.htm," which comScore provided to Plaintiffs as part of its September 9, 2013 document production.

31. Attached hereto as Exhibit 16 is a true and accurate copy of excerpts from the December 14, 2012 Deposition of Roberto Tamassia.

32. Attached hereto as Exhibit 17 is a true and accurate copy of excerpts from the

October 25, 2012 Deposition of Don Waldhalm.

33. Attached hereto as Exhibit 18 is a true and accurate copy of a document marked "CS0017688_Confidential--Attorney's Eyes Only.pdf," which comScore provided to Plaintiffs as part of its September 9, 2013 document production.

34. Attached hereto as Exhibit 19 is a true and accurate copy of a document marked "CS0076561_Confidential--Attorney's Eyes Only.htm," which comScore provided to Plaintiffs as part of its September 9, 2013 document production.

35. Attached hereto as Exhibit 20 is a true and accurate copy of a document marked "CS0081698_Confidential.htm," which comScore provided to Plaintiffs as part of its September 9, 2013 document production.

36. Attached hereto as Exhibit 21 is a true and accurate copy of a document marked "CS0081713_Confidential.htm," which comScore provided to Plaintiffs as part of its September 9, 2013 document production.

37. Attached hereto as Exhibit 22 is a true and accurate copy of excerpts from the November 22, 2013 Deposition of comScore's Panel Operations Manager, Latoya Peterson-Renfrow.

38. Attached hereto as Exhibit 23 is a true and accurate copy of excerpts from the November 13, 2013 Deposition of comScore's Director of Software Engineering, Steven Chase.

39. Attached hereto as Exhibit 24 is a true and accurate copy of excerpts from the January 23, 2014 Rule 30(b)(6) Deposition of comScore's Chief Technology Officer, Michael Brown.

40. Attached hereto as Exhibit 25 is a true and accurate copy of a document marked "CS0042536_Confidential--Attorney's Eyes Only.htm," which comScore provided to Plaintiffs

as part of its September 9, 2013 document production.

41. Attached hereto as Exhibit 26 is a true and accurate copy of a document marked "CS0071631_Confidential--Attorney's Eyes Only.htm," which comScore provided to Plaintiffs as part of its September 9, 2013 document production.

42. Attached hereto as Exhibit 27 is a true and accurate copy of excerpts from the July 13, 2012 Deposition of Mike Harris.

43. Attached hereto as Exhibit 28 is a true and accurate copy of excerpts from the November 19, 2013 Deposition of Jeff Dunstan.

44. Attached hereto as Exhibit 29 is a true and accurate copy of a document marked "CS0082285_Confidential--Attorney's Eyes Only.htm," which comScore provided to Plaintiffs as part of its September 9, 2013 document production.

45. Attached hereto as Exhibit 30 is a true and accurate copy of excerpts from a document marked "CS0096108_Confidential--Attorney's Eyes Only.docx," which comScore provided to Plaintiffs as part of its September 9, 2013 document production.

46. Attached hereto as Exhibit 31 is a true and accurate copy of the screenshots relating to my investigation into ▮▮▮▮▮▮▮▮ Facebook Profile ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, as described *supra*, ¶¶ 6–10.

47. Finally, for the Court's convenience, attached hereto as Exhibit 32 is an Exhibit List matching the various exhibit numbers referenced above (*supra*, ¶¶ 16–46) with a brief description of each exhibit's content.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of February, 2014 at Chicago, Illinois.

s/ Benjamin S. Thomassen

9

## CERTIFICATE OF SERVICE

       I, Benjamin S. Thomassen, an attorney, hereby certify that on February 21, 2014, I served the above and foregoing ***Declaration of Benjamin S. Thomassen*** by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                s/ Benjamin S. Thomassen