# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JEFF DUNSTAN and MIKE HARRIS, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No.  1:11-cv-05807 |
| | ) | |
| v. | ) | District Judge James F. Holderman |
| | ) | |
| COMSCORE, INC., a Delaware corporation, | ) ) | Magistrate Judge Young B. Kim |
| | ) | |
| *Defendant*. | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and among (i) Jeff Dunstan and Mike Harris; (ii) the Settlement Class (as defined herein) (the Settlement Class, Dunstan, and Harris are collectively referred to herein as the "Plaintiffs" unless otherwise noted); and (iii) Defendant comScore, Inc., a Delaware corporation ("Defendant" or "comScore").  The Plaintiffs and the Defendant are collectively referred to herein as the "Parties."  This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

**A.** On August 23, 2011, Jeff Dunstan and Mike Harris brought suit against Defendant based on its alleged practice of collecting data from consumers through its proprietary data collection software known as OSSProxy without obtaining valid consent to collect (and eventually sell) such data, which Plaintiffs claimed violated the federal Stored Communications Act (18 U.S.C. § 2701, *et seq*.) (the "SCA"), the Electronic Communications Privacy Act (18

U.S.C. § 2510, *et seq.*) (the "ECPA"), the Computer Fraud & Abuse Act (18 U.S.C. § 1030, *et seq.*) (the "CFAA"), the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) (the "ICFA"), and constituted unjust enrichment.

     **B.**     Dunstan and Harris filed the above referenced lawsuit as a putative class action in the United States District Court for the Northern District of Illinois, Eastern Division, where it was designated case number 1:11-cv-05807, and assigned to United States District Judge James F. Holderman.

     **C.**     On September 28, 2011, Defendant filed a Motion to Dismiss or in the alternative to Transfer the case to the United States District Court for the Eastern District of Virginia. (Dkt. 12.) By Memorandum, Opinion and Order dated October 7, 2011, the Court denied Defendant's Motion. (Dkt. 31.) Thereafter, on November 4, 2011, Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. 39), and in response, on November 8, 2011, Plaintiffs filed a Motion to Strike Defendant's Motion to Dismiss. (Dkt. 43.) By Minute Order dated November 15, 2011, the Court denied Defendant's Motion to Dismiss and granted Plaintiffs' Motion to Strike. (Dkt. 49.) Following the motion practice referenced above, on December 13, 2011, Defendant filed an Answer to Plaintiffs' Complaint. (Dkt. 59.)

     **D.**     On October 25, 2012, Plaintiffs filed an Amended Class Action Complaint, excluding the claim under the ICFA. (Dkt. 136.) Defendant filed an Answer to Plaintiffs' Amended Complaint on November 15, 2012. (Dkt. 140.)

     **E.**     Plaintiffs and Defendant have engaged in extensive written and oral discovery, propounding and responding to several sets of written discovery requests, and deposing over one dozen witnesses, including the Plaintiffs (on multiple occasions).

**F.** Following the close of discovery on class-wide issues on January 15, 2013, Plaintiffs filed a Motion for Class Certification. After full briefing, by Memorandum Opinion and Order dated April 2, 2013, the Court granted in part and denied in part Plaintiffs' Motion for Class Certification ("the Class Certification Order") (Dkt. 186).

**G.** Thereafter, on April 16, 2013, comScore filed with the Seventh Circuit Court of Appeals a petition for leave to appeal the Court's class certification order pursuant to Fed. R. Civ. P. 23(f) (the "Rule 23(f) Petition"), which Plaintiffs answered on May 6, 2013. On June 11, 2013, the Seventh Circuit denied comScore's Rule 23(f) Petition.

**H.** Following the denial of comScore's Rule 23(f) Petition, the Parties proceeded with the litigation and discovery on the merits of Plaintiffs' claims in preparation for trial.

**I.** The Parties also began discussing the potential for settlement in August 2013, and engaged in a full-day mediation presided over by Rodney A. Max of the Upchurch Watson White and Max Mediation Group. The Parties were unable to reach a settlement at the mediation.

**J.** Following the mediation with Mr. Max, the Parties proceeded with the litigation, and on October 30, 2013, comScore filed a motion to dismiss Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(3). (Dkt. 242).

**K.** Thereafter, the Parties agreed to proceed with a settlement conference to be presided over by Magistrate Judge Kim on November 25, 2013. The Parties did not reach a settlement on that date, but—with the assistance of Magistrate Judge Kim—made some progress toward settlement and agreed to a second settlement conference to take place on December 16, 2013.

**L.** On December 16, 2013, the Parties engaged in a second settlement conference presided over by Magistrate Judge Kim, but still could not reach agreement on the terms of a settlement.

**M.** Thereafter, on December 23, 2013, supplementing its Rule 12(b)(3) motion to dismiss Plaintiffs' complaint, comScore filed a motion to transfer venue pursuant to 28 U.S.C. § 1404. (Dkt. 302). comScore asserted that the Plaintiffs agreed to litigate this action in Virginia and that the Court certified the Class on the basis of the existence of an agreement between Plaintiffs and comScore. comScore argued that to the extent Plaintiffs disclaimed any agreement, class certification must be reconsidered.

**N.** Subsequently, on January 9, 2014, Magistrate Judge Kim made a mediator's proposal to settle the case, which the Parties had to accept by January 13, 2014. However, the Parties did not accept Magistrate Judge Kim's proposal by the deadline. Thus, despite their best efforts, especially on the part of Magistrate Judge Kim, the Parties were unable to reach agreement on the terms of a settlement at that time.

**O.** Following Magistrate Judge Kim's proposal, on February 20, 2014, Plaintiffs filed a motion for partial summary judgment on their claims.

**P.** Though they proceeded with the litigation, the Parties continued to discuss the possibility of settlement and eventually, on March 19, 2014, reached agreement on the material terms of a settlement consistent with Magistrate Judge Kim's proposal.

**Q.** At all times, comScore has denied and continues to deny any wrongdoing whatsoever or that it committed, or threatened, or attempted to commit any wrongful act or violation of law or duty alleged in the Action, and contends that it has acted properly in all regards in connection with its data collection practices and the Settlement Class. comScore

believes that it provided full disclosure of its data collection practices to the members of the Settlement Class and that it obtained the members' consent thereto. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded that it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of comScore, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

R.      Plaintiffs believe that the claims asserted in the Action have merit. Nonetheless, Plaintiffs and Class Counsel recognize and acknowledge the expense and length of continued prosecution of the Action against Defendant through trial and any subsequent appeals. Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

S.      The Parties agree that the Action was resolved in good faith, following arms' length bargaining through a mediator and over the course of several settlement conferences presided over by a highly experienced and well-respected neutral and federal Magistrate Judge,

- 5 -

and that the settlement reflected herein confers substantial benefits upon the Parties, and each of them.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs and Defendant, by and through their respective undersigned counsel that, subject to final approval by the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Settlement Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

<u>AGREEMENT</u>

1. **DEFINITIONS**.

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1** **"Action"** means *Dunstan et al v. comScore, Inc.*, No. 1:11-cv-05807 (N.D. Ill.).

**1.2** **"Approved Claim" or "Approved Claim Form"** means a Claim Form submitted by a Settlement Class Member that (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully completed, meets all requirements of the Claim Form, and signed by a Settlement Class Member under penalty of perjury; and (c) is determined to be valid by the Settlement Administrator in the event that one or both of the Parties challenge the Claim Form as provided in Paragraph 5.3 of this Settlement Agreement.

**1.3** **"Claimant"** means a Settlement Class or Subclass Member that submits a Claim Form pursuant to this Settlement Agreement.

**1.4** **"Claim Form"** means the form attached hereto as Exhibit A as approved by the Court. The Claim Form must be completed and physically signed or verified electronically by Settlement Class Members who wish to file a claim for a payment pursuant to this Settlement Agreement, and shall be available for download from the Settlement Website in electronic format and from the Settlement Administrator in hardcopy form. The Claim Form will require the Settlement Class Member to provide the following information: (i) full name, current address, telephone number, the e-mail address used when OSSProxy was installed on the Class Member's computer, and current e-mail address (if different), (ii) an affirmation that OSSProxy was installed on a Class Member's computer, and (iii), in the absence of any of the above, an explanation as to why the Claimant believes he, she or it is a member of the Settlement Class. The Claim Form will not require notarization, but will require the Person supplying the information to sign the Claim Form under penalty of perjury.

**1.5** **"Claims Deadline"** means the date by which all Claims Forms must be postmarked or received to be considered timely and shall be set as a date no later than 90 days after the Final Approval Hearing. The Claims Deadline shall be clearly set forth in the order granting Preliminary Approval and in the Final Judgment as well as in the Notice and on the Claim Form.

**1.6** **"Class Counsel"** means Jay Edelson, Rafey S. Balabanian, Chandler R. Givens, and Benjamin S. Thomassen of Edelson PC, who were appointed by the Court to serve as Class Counsel in this case.

**1.7** **"Class List"** means records in the possession of Defendant that to the best of its technical capability provide demographic information (i.e., name, physical address, email

address, telephone number) of those Persons who fall within the definition of the Settlement Class and thus are covered by this Agreement.

1.8 **"Class Representatives"** means the named plaintiffs in the Action, Jeff Dunstan and Mike Harris, who were appointed by the Court to serve as the Class Representatives in this case.

1.9 **"Complaint"** means the Second Amended Class Action Complaint filed in the Action.

1.10 "*Cy Pres* **Recipient(s)**" means the not-for-profit organizations proposed by the Plaintiffs and approved by the Court.

1.11 **"Court"** means the United States District Court for the Northern District of Illinois, Judge James F. Holderman, or any judge who shall succeed him as the presiding Judge in this Action.

1.12 **"comScore's Data Collection Software"** means OSSProxy (as defined in 1.30 below).

1.13 **"Defendant**" or **"comScore"** means comScore, Inc., a Delaware corporation.

1.14 **"Defendant's Counsel"** means Andrew Schapiro, Stephen Swedlow and Michelle Schmit of Quinn Emanuel Urquhart & Sullivan, LLP and Paul F. Stack of Stack and O'Connor Chartered.

1.15 **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

1.16 **"Escrow Account"** means a separate interest-bearing escrow account to be established jointly by the Settlement Administrator, from which all payments out of the Settlement Fund, including for Approved Claims made by Settlement Class Members,

Settlement Administration Expenses, any incentive awards to the Class Representatives, and any Fee Award to Class Counsel, will be made. The Escrow Account shall be established under terms acceptable to Plaintiffs and comScore at a depository institution insured by the Federal Deposit Insurance Corporation and that has total assets of at least $500 million and a short-term deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poor's). The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing the Escrow Account shall be deducted from the Settlement Fund.

      **1.17** **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

      **1.18** **"Final"** means ten business days following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

      **1.19** **"Final Approval Hearing"** means the hearing before the Court where the Parties will seek Final Judgment to be entered by the Court approving the Settlement Agreement, where

the Court will determine the Fee Award, and where the Court will consider the incentive awards to the Class Representatives.

**1.20** **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Settlement Agreement, the Fee Award to Class Counsel, and incentive award to the Class Representatives, after the Final Approval Hearing.

**1.21** **"Interstate Commerce and/or Communication"** means to the fullest extent permitted under the US Constitution for purposes of standing to bring a claim.

**1.22** **"MacMeter"** means comScore's proprietary data collection software for download and installation on Apple computers. The definition of MacMeter shall be subsumed within the definition of OSSProxy, as defined.

**1.23** **"Magistrate Judge"** means Magistrate Judge Young B. Kim.

**1.24** **"Mediator"** means Rodney A. Max of the Upchurch Watson White & Max Mediation Group.

**1.25** **"Nationwide"** means the fifty states in the United States of America and its territories.

**1.26** **"Notice"** means the notice of this proposed Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, providing direct notice to those members of the Settlement Class who can be located with reasonable effort consistent with the requirements of Due Process, and that is substantially in the form of Exhibits B through G attached hereto.

**1.27** **"Notice Date"** means the date by which the Notice Plan set forth in Paragraph 4.2 is complete, which shall be a date no later than forty-five (45) days after Preliminary Approval.

**1.28** **"Notice Plan**" means the proposed plan of disseminating notice to members of the Settlement Class of the proposed Settlement Agreement and of the Final Approval Hearing developed by the Settlement Administrator and approved by the Court.

**1.29** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be postmarked, which shall be designated as a date no later than forty-five (45) days after the Notice Date.

**1.30** **"OSSProxy"** means comScore's proprietary data collection software for download and installation on PC computers. As set forth above, OSSProxy and MacMeter shall be referred to collectively as OSSProxy and for purposes of this Agreement, there shall be no separate reference to MacMeter.

**1.31** **"Parties"** or **"Settling Parties"** means Plaintiffs Jeff Dunstan and Mike Harris, the Settlement Class Members, and Defendant comScore, Inc.

**1.32** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.33** **"Plaintiff Dunstan"** means the named plaintiff in the Action, Jeff Dunstan.

**1.34** **"Plaintiff Harris"** means the named plaintiff in the Action, Mike Harris.

**1.35** **"Plaintiffs"** means Plaintiffs Dunstan and Harris, and the Settlement Class Members, collectively.

- 11 -

**1.36** **"Preliminary Approval"** means the Court's entry of an order preliminarily approving this Settlement Agreement, approving the form of the Notice and the Notice Plan, and directing that Notice be disseminated to the Settlement Class in accordance with this Agreement.

**1.37** **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, suits, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Stored Communications Act, the Electronic Communications Privacy Act, or the Computer Fraud and Abuse Act, a contract, or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of or relating in any way to, the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged monitoring of and collecting data from Plaintiffs' computers using OSSProxy, including but not limited to all claims that were brought, alleged, argued, raised, or asserted in any pleading or court filing in the Action.

**1.38** **"Released Parties"** means Defendant comScore, Inc., and any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest,

assigns and Persons, firms, trusts, corporations, officers, directors, other individuals or entities in which the Defendant has a controlling interest or which is affiliated with it, and any other representatives of any of these Persons and entities.

1.39    **"Releasing Parties"** means Plaintiffs and those Settlement Class Members who do not exclude themselves from the Settlement Class by the Objection/Exclusion Deadline (whether or not such Members submit claims); to the extent the Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned present, former, and future officers, directors, employees, shareholders, attorneys, agents, and independent contractors; and, to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them.

1.40    **"Settlement Agreement" or "Agreement"** means the resolution of the Action contemplated by this Settlement Agreement.

1.41    **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in administering the Settlement, including expenses relating to providing Notice, processing Claim Forms, and mailing checks for Approved Claims, as well as any expenses incurred in the sending of notice to the relevant governmental agencies pursuant to the Class Action Fairness Act of 2005 (28 U.S.C. § 1715) ("CAFA"), with all such expenses to be paid from the Settlement Fund.

1.42    **"Settlement Administrator"** means Kurtzman Carson Consultants, LLC, selected by the Parties and approved by the Court to oversee the dissemination of Notice to the

Settlement Class, determine any challenges to Claim Forms, as well as handle the processing and payment of claims submitted by Settlement Class Members as set forth in this Agreement.

**1.43** **"Settlement Class"** means all Persons who, at any time since 2005, had comScore's Data Collection Software downloaded and installed on their computers via a bundling partner, and used their computer in Interstate Commerce and/or Communication. Excluded from the Settlement Class are: (a) all persons who file timely requests for exclusion, (b) all persons who had their claims discharged in bankruptcy, finally adjudicated on the merits or otherwise released, (c) any District Judge or Magistrate Judge presiding over this Action, (d) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees, and (e) the legal representatives, successors or assigns of any such excluded persons.

**1.44** **"Settlement Class Member"** or **"Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above.

**1.45** **"Settlement Fund"** means a non-reversionary cash fund that shall be established by Defendant in the total amount of fourteen millions dollars ($14,000,000.00) to be deposited into the Escrow Account.  Defendant shall fund this amount within fourteen (14) days after Final Approval. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive awards to the Class Representatives, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made.  The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account.  The

Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than fourteen million US dollars ($14,000,000.00) plus the interest earned on such sum.

     **1.46** **"Unknown Claims"** means claims that could have been raised in the Action and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished such claims, to the fullest extent permitted by law. To the extent the California Civil Code is applicable to certain Class Member claims, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar,

comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2. SETTLEMENT RELIEF

**2.1 Payments By Defendant.** comScore shall establish the Settlement Fund to be used for payment of: (i) Approved Claims submitted by Settlement Class Members, (ii) Settlement Administration Expenses, (iii) incentive awards to the Class Representatives, and (iv) the Fee Award to Class Counsel.

**2.2 Payments from Settlement Fund and the Claims Process.**

(a) Each Settlement Class Member who submits an Approved Claim shall be entitled to a payment of a *pro rata* share of the monies remaining in the Settlement Fund after payment of all Settlement Administration Expenses, incentive awards to the Class Representatives, and the Fee Award to Class Counsel. Said *pro rata* share shall not exceed the statutory damages available under the SCA ($1,000.00) and ECPA ($10,000.00) claims pleaded in the Complaint.

(b) Within one hundred eighty (180) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check and send said checks via first-class mail to the Settlement Class Members who submitted all such Approved Claims, unless payment of such claims is under challenge pursuant to Paragraph 5.3 below.

(c) All cash payments issued to Settlement Class Members via check will

state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance. All un-cashed checks, including all voided checks issued to Settlement Class Members in accordance with this Agreement, as well as any unclaimed funds remaining in the Settlement Fund after payment of all Approved Claims, all Settlement Administration Expenses, the Fee Award to Class Counsel, and the incentive awards to the Class Representatives shall be directed to one or more Cy Pres Recipient(s) as approved by the Court.

**2.3     Prospective Relief.**  comScore agrees that it shall institute the following procedures on or before the Effective Date and that such procedures shall remain in effect for a period of two (2) years after the Effective Date:

(a)     comScore shall modify the terms of its "Disclosure Statement" and "User License Agreement" such that they are consistent with its data collection practices and accurately disclose and identify (a) the categories of information collected by OSSProxy, and (b) each company collecting such information.

(b)     comScore shall require its third party bundling partners to include in the Disclosure Statement a functional and conspicuous hyperlink to its ULA.  comScore will implement reasonable systems and controls to monitor this requirement and shall take reasonable steps to immediately remedy any violations.

(c)     comScore shall establish a mechanism (e.g., a dedicated toll-free number) for individuals to receive easy-to-understand instructions on how to uninstall OSSProxy from their computers.

(d)     comScore shall continue its practice of engaging an independent third party to perform semi-annual audits of its business practices relating to OSSProxy, except

- 17 -

that the scope of all such audits shall be expanded to ensure compliance with the prospective relief agreed upon as part of the Settlement. To the extent that such audits reveal non-compliance, comScore shall correct any and all identified violations. The costs of the audits provided for herein shall be paid out of the Settlement Fund, but any such payments shall not exceed $100,000.00.

## 3. RELEASES

**3.1** The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action, including any and all Released Claims, as against all Released Parties.

**3.2** Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, and each of them.

## 4. NOTICE TO THE CLASS

**4.1** Upon the Court's entry of an order granting Preliminary Approval, the Settlement Administrator shall cause the Notice describing the Final Approval Hearing and the terms of the settlement embodied in this Settlement Agreement to be disseminated to the Settlement Class in accordance with the Notice Plan. Notice to the Settlement Class shall comport with due process and be effectuated pursuant to a Notice Plan, the costs of which shall be deemed Settlement Administration Expenses. Such Notice Plan will be designed and implemented by the Settlement Administrator so as to not unnecessarily disrupt comScore's business operations or reputation.

**4.2** The Parties agree that the Notice Plan to be effectuated by the Settlement Administrator under this Agreement shall be consistent with the plan for disseminating notice to

the Class of the Court's Certification Order agreed upon by the Parties on November 12, 2013. The Notice Plan shall include:

(a)     *Class List*.  Within fourteen (14) days after full execution of this Agreement, Defendant shall provide the Settlement Administrator an electronic copy of any list in its possession that, to the extent possible, identifies all Persons likely to be members of the Settlement Class and any corresponding U.S. Mail and/or email addresses for each such Person.  Defendant is required to provide the email and physical addresses of Class Members who voluntarily provided comScore with a valid email or physical address during the course of OSSProxy's third party application provider installation process.  Defendant is not required to provide email or physical addresses collected through the operation of OSSProxy, whether through snippet or other data collection methods, or those appearing in Defendant's SAT tables.  For potential Settlement Class Members whose physical or email addresses cannot be identified by Defendant or are otherwise invalid, the Parties and/or the Settlement Administrator shall use reasonable efforts to identify their last known mailing and email addresses from the information contained in the Class List.

(b)     *Direct Notice by Email or Mail.* The Settlement Administrator shall send direct notice, substantially in the form attached as Exhibits B and C, to the corresponding physical or electronic mail addresses appearing on the Class List no later than thirty (30) days after the Court's entry of an order granting Preliminary Approval, or on such other date determined by the Court. The email shall include hyperlinks to the Settlement Website, as well as direct hyperlinks to the Claim Form.

(c) *Web Pop Notice.* No later than thirty (30) days after Preliminary Approval, using OSSProxy comScore will "push" or "pop" a summary notice of the settlement to all Class Members who are currently running OSSProxy on their computers by rendering a dialogue (or pop-up / toast) box on their computer screens. The pushed notice will contain an active hyperlink to the Settlement Website. Such "push" or "pop" notice will be substantially in the form attached hereto as Exhibit D.

(d) *Online Media Campaign.* The Settlement Administrator will design and implement an online media campaign as set forth in the Notice Plan, which shall include internet banner ads to appear on 24/7's Global Alliance Network. Such banner ads will be substantially in the form attached hereto as Exhibit E.

(e) *Print Publication Notice.* The Settlement Administrator shall also cause Notice to be disseminated to the Settlement Class by purchasing a one-day a 1/2 page ad in *People* magazine, to be published within forty-five (45) days after Preliminary Approval. The form and content of such publication notice shall be substantially the same as that attached hereto as Exhibit F, but may be modified as appropriate by the Settlement Administrator, with the approval of the Parties, to fit space limitations.

(f) *Settlement Website.* Within ten (10) days after Preliminary Approval, Notice shall be provided on a website at www.[settlementwebsite.net] which shall be administered by the Settlement Administrator and shall include the ability to file Claim Forms online, provided that such Claim Forms, if signed electronically, will be binding for purposes of the perjury laws and contain a statement to that effect. The Notice on the Website shall be substantially in the form of Exhibit G attached hereto.

(g)     *Additional Forms of Notice.*  Should the Settlement Administrator

determine that additional methods of Notice are required, they shall be included as part of

the Notice Plan.

(h)     *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days

after the Agreement is filed with the Court, the Settlement Administrator shall serve upon

the Attorneys General of each U.S. State, the Attorney General of the United States, and

other required government officials, notice of the proposed settlement, which shall

include (1) a copy of the most recent complaint and all materials filed with the complaint

or notice of how to electronically access such materials; (2) notice of scheduled judicial

hearings in the Action; (3) all proposed forms of Notice; and (4) a copy of this

Agreement.  The Settlement Administrator shall serve upon the above-referenced

government officials the names of Settlement Class Members who reside in each

respective state and the share of the claims of such Settlement Class Members to the

entire settlement, or if not feasible, a reasonable estimate of the number of Settlement

Class Members residing in each state and the estimated proportionate share of the claims

of such Class Members to the entire Agreement.

**4.3**     The Notice shall advise the Settlement Class of their rights, including the right to

be excluded from or object to the Settlement Agreement or its terms.  The Notice shall specify

that any objection to this Settlement Agreement, and any papers submitted in support of said

objection, shall be considered by the Court at the Final Approval Hearing, only if, on or before

the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person

making an objection files notice of his or her intention to do so and at the same time (a) files

copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk

of the Court, (b) files through the Court's CM/ECF system, if represented by counsel, and (c) delivers copies of such papers via mail, hand or overnight delivery service to both Class Counsel and Defendant's Counsel.

**4.4**     Any Settlement Class Member who intends to object to this Settlement Agreement must include (i) his/her full name, current address, telephone number, the e-mail address used when OSSProxy was installed on the Person's computer, and current e-mail address (if different), (ii) an affirmation that OSSProxy was installed on the Person's computer and that he, she or it is a member of the Settlement Class, and (iii), in the absence of any of the above information, an explanation as to why the Person believes he, she or it is a member of the Settlement Class; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); provide a statement as to the number of objections made to any class action settlement by the objector or their counsel and whether the objector intends to appear at the Final Approval Hearing with or without counsel.  Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Notice, and at the same time provide copies to Class Counsel and Defendant's Counsel, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his, her or its objections and be forever barred from making any such objections in the Action or any other related action or proceeding.  To be valid, the objection must be filed and delivered to Class Counsel and Defendant's Counsel on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

**4.5**     A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his, her or its current address, telephone number, the e-mail address used when OSSProxy was installed on the Person's computer, and current e-mail address (if different), a signature, the case name and number, and a statement that he, she or it is a member of the Class wishes to be excluded for purposes of this Settlement. Any requests to be excluded that do not include all of the foregoing information, that are sent to an address other than that designated in the Notice, or that are not postmarked within the time specified shall be invalid, and the Persons listed in such a request shall be members of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved.  Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

## 5.     SETTLEMENT ADMINISTRATION

**5.1**     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities performed under this Settlement Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices, and such records will be made available to Class

Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, the Notice Plan, administration and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to members of the Settlement Class on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement Agreement within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement Agreement;

(b)     Receive requests from Settlement Class Members to exclude themselves from the Settlement Agreement and promptly provide to Class Counsel and Defendant's Counsel a copy thereof upon receipt. If the Settlement Administrator receives any exclusion requests from Settlement Class Members after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

(c)     Provide weekly reports to Class Counsel and Defendant's Counsel as provided in the contract to be entered into by Defendant with the Settlement Administrator, including without limitation, reports regarding the number of Claim Forms received.

(d)     Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms and any other documents or correspondence received by the Settlement Administrator relating to the Settlement Agreement at any time upon reasonable notice.

**5.2**     The Settlement Administrator shall employ reasonable procedures to screen Claim Forms for abuse or fraud, including by cross-referencing the contact information provided on the Claim Forms against the Class List, and where a Claimant's contact information does not appear on the Class List, the Settlement Administrator shall request from that Claimant further information.  The Settlement Administrator shall reject a Claim Form, or any part of a claim for a payment reflected therein, where there is evidence of abuse or fraud.  The Settlement Administrator shall also reject a Claim Form that does not contain all requested information necessary to screen the claim for fraud or abuse, after giving the Claimant a reasonable opportunity to provide any requested missing information.

**5.3**     Both Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members.  The Settlement Administrator shall follow any agreed decisions of Defendant's Counsel and Class Counsel.  To the extent Defendant's Counsel and Class Counsel are not able to agree on the disposition of a challenge, the Settlement Administrator shall timely decide such challenge.  Within thirty (30) days after the Claims Deadline, the Settlement Administrator shall submit to Defendant the names of all Settlement Class Members who submitted Approved Claim Forms.

**5.4**     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

**5.5**     The Final Approval Hearing shall be at least ninety (90) days after the Notice described in Paragraph 4.2(h) is provided and at a time the Court shall set.

**5.6**     Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely file a Claim Form will not be entitled to receive any cash award or any other benefits pursuant to this Settlement Agreement, but will otherwise be bound together with all Settlement Class Members by all of the terms of this Settlement Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5.7**     The Settlement Administrator and Class Counsel shall keep the Class List and all personal information obtained therefrom, including the identity, telephone numbers, email addresses, and U.S. mailing addresses of the Settlement Class Members strictly confidential. The Parties agree that the Class List may not be used for any purpose other than effectuating the terms of this Agreement or duties arising thereunder, including the provision of Class Notice.

## 6.     TERMINATION OF SETTLEMENT

**6.1**     Subject to Paragraph 9 below, the Class Representatives, on behalf of the Settlement Class, or Defendant, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within ten (10) days, of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme

- 26 -

Court; (v) or the date upon which an Alternative Judgment, as defined in Paragraph 9.1 of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (vi) the conditions set forth in Exhibit H, to be filed under seal with the Court, occur.

## 7.    PRELIMINARY AND FINAL APPROVAL

**7.1**    Promptly after the execution of this Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, appointment of Class Counsel and the Class Representatives, and entry of Preliminary Approval, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination in accordance with the Notice Plan.

**7.2**    At the time of the submission of this Agreement to the Court as described above, Class Counsel and Defendant's Counsel shall request that, after Notice is disseminated to the Settlement Class, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**    After Notice is disseminated to the Settlement Class, the Parties shall request and obtain from the Court a Final Judgment.  The Final Judgment will (among other things):

(a)    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Agreement, including all exhibits thereto;

(b)    approve this Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate this Agreement according to its terms and

provisions; and declare this Agreement to be binding on, and have *res judicata* and preclusive

effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of

Plaintiffs and all other Settlement Class Members, Releasing Parties, and their heirs, executors

and administrators, successors and assigns;

(c)      find that the Notice and the Notice Plan implemented pursuant to this

Agreement (1) constitute the best practicable notice under the circumstances, (2) constitute

notice that is reasonably calculated, under the circumstances, to apprise Settlement Class

Members of the pendency of the Action, their right to object to or exclude themselves from this

Agreement and to appear at the Final Approval Hearing, (3) are reasonable and constitute due,

adequate and sufficient notice to all Persons entitled to receive notice, and (4) meet all applicable

requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United

States Constitution and the rules of the Court;

(d)      find that the Class Representatives and Class Counsel adequately

represented the Settlement Class for purposes of entering into and implementing this Agreement;

(e)      dismiss the Action (including all individual claims and Settlement Class

claims presented thereby) on the merits and with prejudice, without fees or costs to any party

except as provided in this Agreement and determined by the Court;

(f)      incorporate the Release set forth above, make the Release effective as of

the date of the Final Judgment, and forever discharge the Released Parties as set forth herein;

(g)      permanently bar and enjoin all Settlement Class Members who have not

been properly excluded from the Settlement Class from filing, commencing, prosecuting,

intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in

any jurisdiction based on or arising out of the Released Claims;

(h)     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and its implementing documents (including all exhibits to this Agreement) as (1) shall be consistent in all material respects with the Final Judgment, or (2) do not limit the rights of Settlement Class Members;

(i)     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

(j)     incorporate any other provisions, as the Court deems necessary and just.

## 8.     CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

**8.1**     Subject to the Court's approval, comScore shall not oppose payment to Class Counsel (as approved by the Court and subject to Final Approval of the settlement) from the Settlement Fund four million six hundred sixty two thousand US dollars ($4,662,000.00), as well as Class Counsel's unreimbursed expenses incurred in the Action, as the Fee Award. The foregoing payments shall be made from the Settlement Fund and should the Court award less than these amounts, the difference in the amounts sought and the amounts ultimately awarded pursuant to this paragraph shall remain in the Settlement Fund and will be distributed to Settlement Class Members in accordance with Paragraph 2.2.

**8.2**     Class Counsel shall be paid the Fee Award, as determined by the Court, from the Settlement Fund within three (3) business days after the Effective Date.  Payment of the Fee Award shall be made via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

**8.3**      In addition to any payment to which they may be entitled under this Agreement on account of an Approved Claim, and in recognition of the time and effort they expended on behalf of the Settlement Class, subject to the Court's approval, comScore shall pay to each of the Class Representatives from the Settlement Fund an incentive award in the total amount of eleven thousand US dollars ($11,000.00).

**8.4**      The Class Representatives shall be paid the incentive awards, as determined by the Court, from the Settlement Fund within three (3) business days after the Effective Date. Payment of the incentive awards to the Class Representatives shall be made via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

**9.      CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1**      The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)      This Agreement has been signed by the Parties, Class Counsel and Defendant's Counsel;

(b)      The Court has entered an order granting Preliminary Approval of the Agreement;

(c)      The Court has entered an order finally approving the Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement; and

(d)      The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

**9.2**      If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to Paragraph 9.3 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement.  If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all Parties.  Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel set forth above, regardless of the amount awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3**      If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 9.1, or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement.  In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

**10.      MISCELLANEOUS PROVISIONS**

**10.1**      The Parties shall request that the Court stay all pending case deadlines.

**10.2**      The Parties (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement.  Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of an order granting Preliminary Approval of this Agreement, as well as entry of the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.3**      The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.4**      The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.5**      The Parties and their counsel agree not to disparage, denigrate, or speak negatively about, or otherwise communicate to any Person unfavorable, derogatory, or negative facts, ideas, opinions, or impressions about one another. Notwithstanding, nothing herein shall

prevent any of the Parties or their counsel from publicly referring to or discussing this lawsuit, the claims and defenses alleged therein, or the settlement embodied in this Agreement.

**10.6** Plaintiffs and Class Counsel represent and warrant that they will not provide any form of supplemental notice to members of the Settlement Class that is not specifically agreed upon by Defendant and approved by the Court. However, nothing contained herein shall limit Class Counsel's right to communicate with the members of the Settlement Class regarding the regarding the lawsuit or the settlement.

**10.7** Whether or not the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a) is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b) is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c) is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Class or Subsclass, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any

fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. However, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(e)     is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or

without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**10.8**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.9**    The waiver by one party of any breach of this Agreement by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.10**    All of the Exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.11**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.12**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.13**    Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or party and that they are fully entitled to release the same.

**10.14**    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take

appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.15** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.16** This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.17** The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.18** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

**10.19** This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of a neutral Mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

**10.20** Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Rafey S. Balabanian, Edelson PC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; and Stephen A. Swedlow, Quinn Emanuel Urquhart & Sullivan, LLP, 500 West Madison Street, Suite 2450, Chicago, Illinois 60661.

[**REST OF PAGE INTENTIONALLY LEFT BLANK. SIGNATURE PAGES FOLLOW**]

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: March____, 2014    **PLAINTIFF JEFF DUNSTAN**

               _____
               Individually and as representative of the Class

Dated: March ____, 2014    **PLAINTIFF MIKE HARRIS**

               _____
               Individually and as representative of the Class

Dated: March ____, 2014    **COMSCORE, INC., a Delaware corporation**

               By: _____

               Name:_____

               **COMSCORE, INC.'S:**

               (Title):_____

**IT IS SO STIPULATED BY COUNSEL FOR THE PARTIES:**

Dated: March ___, 2014                         **EDELSON P.C.**


                                               By: _____

                                               Rafey S. Balabanian
                                               Attorneys for Plaintiffs and the Class



Dated: March ___, 2014                         **QUINN EMANUEL URQUHART AND SULLIVAN, LLP**


                                               BY: _____

                                               Stephen A. Swedlow
                                               Attorneys for Defendant comScore, Inc.



Dated: March ___, 2014                         **STACK AND O'CONNOR CHARTERED**


                                               By: _____

                                               Paul F. Stack
                                               Attorneys for Defendant comScore, Inc.

# EXHIBIT A

**_Dunstan et al. v. comScore, Inc._, Case No. 1:11-cv-05807 (N.D. Ill.)**
**CLAIM FORM**

In order to be eligible for monetary relief, you must complete this claim form.

**Name**: _____  _____  _____
                  *(First)*                        *(Middle)*     *(Last)*

**Address**: _____
                   *(Street)*

_____  ____ ____  ____ ____ ____ ____ ____
                 *(City)*                 *(State)*     *(Zip Code)*

---

**Email Address**: _____
*This must be the email address you used when comScore's software was on your computer.*

**Current Email Address** (if different from above)**:** _____

**Contact Phone Number: (** ___ ___ ___ **)** ___ ___ ___ **–** ___ ___ ___ ___
*Please provide a phone number where you can be reached if further information is required.*

---

By submitting this claim form and inputting the appropriate information below, I declare that I believe I am a member of the Settlement Class and that the following information is correct:

comScore's software was installed on my computer at some time in 2005 or after [please check one box]:
    ☐ Yes
    ☐ No
    ☐ I don't know

The specific comScore software installed on my computer was / is called [please check all boxes that apply]:
    ☐ Online Market Intelligence
    ☐ RelevantKnowledge
    ☐ PremierOpinion
    ☐ Something else / I don't know

When comScore's software was installed on my computer [please check all boxes that apply]:
    ☐ I resided in the United States or one of its territories
    ☐ I used my computer to access the internet
    ☐ I don't know

If you don't know when comScore's software was running on your computer, what the version of comScore's software running on your computer was called, or whether you used your computer in the United States or one of its territories while comScore's software was installed and/or running on your computer, please explain (1) how you downloaded and installed comScore's software and (2) why you believe you are a member of the Settlement Class:

    ☐ Under penalty of perjury, all information provided in this claim form is true and correct to the best of my knowledge and belief.

---

Signature: _____  Date: _____

***Your claim will be submitted to the Settlement Administrator for review. If you want to better understand the expected amount that will be paid to individual class members based on the current number of claims filed, contact Class Counsel for further information at XXX-XXX-XXXX.***

# EXHIBIT B

<u>LEGAL NOTICE</u>

# IF SOFTWARE FROM COMSCORE CALLED "RELEVANTKNOWLEDGE" OR "PREMIEROPINION" HAS BEEN INSTALLED ON YOUR COMPUTER, YOU MAY BE ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A Federal Court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

*1-XXX-XXX-XXXX*

*www.[settlementwebsite.net]*

*comScore Class Action*
Class Action Administrator
P.O. Box 0000
City, State 00000-0000

First-Class
Mail
US Postage
Paid
Permit #__

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
Postal Service: Please do not mark barcode

## XXX

XXX—1234567-8

First Last
C/O
Addr1   Addr2
City, St  ZipCode  Country

---

A settlement has been reached in a class action lawsuit claiming that comScore Inc. ("comScore") violated federal privacy laws by collecting data from consumers' computers without consent. The Plaintiffs allege that comScore includes its data collection software, called RelevantKnowledge or PremierOpinion, with free third party digital products like screensavers. Once the third party software is installed, Plaintiffs allege that comScore's software collects information from consumers' computers without their consent. Plaintiffs claim that this collection of information violates the Stored Communications Act, the Electronic Communications Privacy Act, and the Computer Fraud and Abuse Act. comScore denies that it violated the law, and asserts that everyone who installed its data collection software (*i.e.*, RelevantKnowledge and PremierOpinion) consented. The lawsuit is called *Dunstan v. comScore, Inc.*, No. 11-cv-5807 and is in the United States District Court for the Northern District of Illinois.

◆   **Am I included in the Settlement?** Our records indicate that you may be a "Class Member" under the settlement. The settlement covers a "Class" consisting of: all individuals who, at any time since 2005, had comScore's data collection software downloaded and installed on their computers via a bundling partner, and used their computer in interstate commerce and/or communication. You are receiving this notice because comScore's records indicate that comScore's software (RelevantKnowledge or PremierOpinion) was installed on your computer sometime after 2005.

◆   **What Can I Get?** If the settlement is approved by the Court, eligible class members can receive an equal (known as *pro rata*) share of the $14,000,000 settlement fund, after notice and settlement costs, incentive awards and attorneys' fees, are first paid. Class members who wish to better understand the expected amount that will be paid on valid claims based on the number of claims filed at that point can contact Class Counsel for further information at XXX-XXX-XXXX. comScore has also agreed to take certain steps to modify its disclosures and the process for obtaining consent for the download and installation of its software.

◆   **How Do I Get a Payment?** You must submit a timely and properly completed Claim Form signed under penalty of perjury no later than [claim deadline]. You may use the Claim Form attached to this Notice or submit one online at www.[settlement website.net].

◆   **What are My Other Options?** If you file a claim or do nothing, your rights will be affected. If you don't want to be legally bound by the settlement, you must exclude yourself by [date]. Unless you exclude yourself from the settlement, you won't be able to sue or continue to sue comScore in a separate lawsuit about the issues in this case. If you exclude yourself, you cannot get a settlement payment, but you will keep the right to sue comScore over the legal issues in this case. If you stay in the settlement (i.e., don't exclude yourself), you may object to any of its terms. Your objection must be filed no later than [date].

◆   **Who Represents Me?** The Court has appointed lawyers from Edelson PC to represent you as "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your expense. Jeff Dunstan and Mike Harris are Class Members like you, and the Court appointed them as the "Class Representatives."

◆   **When Will the Court Consider the Proposed Settlement?** The Court will hold what is known as the "Final Approval Hearing" at [time] on [date] at the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; and consider Class Counsel's request for attorneys' fees of up to 1/3 of the Class Settlement Fund and their expenses incurred prosecuting the case, as well as an incentive award of $11,000 to each of the Class Representatives for their services in this case. The Court has discretion to award less than these amounts.

◆   **How Do I Get More Information?** For a detailed notice or to see the settlement and other Court documents, go to www.[settlementwebsite.net], contact the administrator at 1-___-___-____ or write to comScore Class Action Administrator, [address], or call Class Counsel at 1-___-___-____.

# EXHIBIT C

**NOTICE OF CLASS ACTION SETTLEMENT**

**IF SOFTWARE FROM COMSCORE CALLED RELEVANTKNOWLEDGE OR PREMIEROPINION HAS BEEN INSTALLED ON YOUR COMPUTER, YOU MAY BE ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*Visit [settlementwebsite.net] for more information; or call 1-800-XXX-XXXX.*

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

A settlement has been reached in a class action lawsuit claiming that comScore Inc. ("comScore") violated federal privacy laws by collecting information from consumers' computers without consent. The Plaintiffs allege that comScore includes its data collection software, called RelevantKnowledge or PremierOpinion, with free third party digital products like screensavers. Once the third party software is installed, Plaintiffs allege that comScore's software collects information from consumers' computers without their consent. Plaintiffs claim that this collection of information violates the Stored Communications Act, the Electronic Communications Privacy Act, and the Computer Fraud and Abuse Act. comScore denies that it violated the law, and asserts that everyone who installed its data collection software consented. The lawsuit is called *Dunstan v. comScore, Inc.*, No. 11-cv-5807 and is in the United States District Court for the Northern District of Illinois.

- **Am I included in the Settlement?** Our records indicate that you may be a "Class Member" under the settlement. The settlement covers a "Class" consisting of: all individuals who, at any time since 2005, had comScore's data collection software downloaded and installed on their computers via a bundling partner, and used their computer in interstate commerce and/or communication. You are receiving this notice because comScore's records indicate that comScore's software (RelevantKnowledge or PremierOpinion) was installed on your computer sometime after 2005.
- **What Can I Get?** If the settlement is approved by the Court, eligible class members can receive an equal (known as *pro rata*) share of the $14,000,000 settlement fund, after notice and settlement costs, incentive awards and attorneys' fees, are first paid. Class members who wish to better understand the expected amount that will be paid to individual class members based on the current number of claims filed can contact Class Counsel for further information at XXX-XXX-XXXX. comScore has also agreed to take certain steps to modify its disclosures and the process for obtaining consent for the download and installation of its software.
- **How Do I Get a Payment?** You must submit a timely and properly completed Claim Form signed under penalty of perjury no later than [claim deadline]. You may use the Claim Form attached to this Notice or submit one online at www.[settlement website.net].
- **What are My Other Options?** If you file a claim or do nothing, your rights will be affected. If you don't want to be legally bound by the settlement, you must exclude yourself by [date]. Unless you exclude yourself from the settlement, you won't be able to sue or continue to sue comScore in a separate lawsuit about the issues in this case. If you exclude yourself, you cannot get a settlement payment, but you will keep the right to sue comScore over the legal issues in this case. If you stay in the settlement (i.e., don't exclude yourself), you may object to any of its terms. Your objection must be filed no later than [date].
- **Who Represents Me?** The Court has appointed lawyers from Edelson PC to represent you as "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your expense. Jeff Dunstan and Mike Harris are Class Members like you, and the Court appointed them as the "Class Representatives."
- **When Will the Court Consider the Proposed Settlement?** The Court will hold what is known as the "Final Approval Hearing" at [time] on [date] at the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; and consider Class Counsel's request for attorneys' fees of up to 1/3 of the Settlement Fund and their expenses incurred prosecuting the case, as well as an incentive award of $11,000 to each of the Class Representatives for their services in this case. The Court has discretion to award less than these amounts.
- **How Do I Get More Information?** For a detailed notice or to see the settlement and other Court documents, go to www.[settlementwebsite.net], contact the administrator at 1-___-___-____ or write to comScore Class Action Administrator, [address], or call Class Counsel at 1-___-___-____.

# EXHIBIT D

## NOTICE OF CLASS ACTION SETTLEMENT

THE INSTALLATION OF [SOFTWARE BRAND] ON YOUR COMPUTER MAY ENTITLE YOU TO COLLECT MONEY FROM A CLASS ACTION SETTLEMENT.

*Visit www[settlementwebsite.net] for more information.*

The settlement of a class action lawsuit relating to comScore, Inc.'s software (including [software brand]) has been preliminarily approved by a federal court in the Northern District of Illinois. Because [software brand] is installed on your computer, you may be a member of the Settlement Class. **The purpose of this notice is to inform you that, if you are a Settlement Class member, you must decide whether to participate in the Settlement or take other action.**

As a Settlement Class member, you have the right to:

 (i)   Participate in the Settlement by filing a claim for a cash payment;
 (ii)  Request to be excluded from the Settlement by [date]; and/or
 (iii) Hire an attorney to appear and represent you.

If you are a member of the Settlement Class and you do nothing, your rights will be affected even if you choose not to submit a claim. **Please visit www[settlementwebsite.net] for more information, including how to file a claim, how to request to be excluded from the settlement—by mailing a letter asking to be excluded—or how to contact the Settlement Administrator and/or attorneys involved in the case.**

At issue in this lawsuit is whether the operation of comScore's data collection software (including [software brand]) violates certain federal privacy laws. The lawsuit claims that comScore violated federal privacy laws—the Stored Communications Act, the Electronic Communications Privacy Act, and the Computer Fraud and Abuse Act—by using its software to collect information from consumers' computers without consent. comScore denies it engaged in wrongful conduct or violated any law and maintains that it always employs the best practices in honoring consumer privacy. Please visit the www[settlementwebsite.net] for more information.

# EXHIBIT E

If either of the following software developed by comScore, Inc. has been installed on your computer, you may be entitled to money from a class action settlement: RelevantKnowledge or PremierOpinion.

If comScore's software, RelevantKnowledge or PremierOpinion, has been installed on your computer, you may get money from a class action settlement.

If you have had RelevantKnowledge or PremierOpinion, downloaded and installed on your computer, you may be entitled to money from a class action settlement.

If you have had RelevantKnowledge or PremierOpinion software installed on your computer, you may get money from a class action settlement involving comScore, Inc.

# EXHIBIT F

**IF SOFTWARE FROM COMSCORE CALLED RELEVANTKNOWLEDGE OR PREMIEROPINION, HAS BEEN INSTALLED ON YOUR COMPUTER, YOU MAY BE ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.**
**www.[settlementwebsite.net]**

## COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

A settlement has been reached in a class action lawsuit alleging that Defendant comScore, Inc. ("comScore") used its data collection software to collect information from consumers' computers without their consent. If you are a part of the Settlement Class, your legal rights may be affected whether or not you act. Please read this Notice carefully. Visit www[settlementwebsite.net] to read the full notice and view other court documents.

### What is the Lawsuit About?

The lawsuit claims that comScore includes its data collection software, called RelevantKnowledge or PremierOpinion, with free third party digital products like screensavers. Once the third party software is installed, Plaintiffs allege that comScore's software collects information from consumers' computers without their consent. Plaintiffs claim that this collection of information violates federal privacy laws—specifically, the Stored Communications Act, the Electronic Communications Privacy Act, and the Computer Fraud and Abuse Act.

comScore vigorously denies that it violated any law and maintains that it always employs best practices in honoring consumer privacy. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with further litigation.

### How Do I Know if I am a Class Member?

You are a Class member if you have had comScore's data collection software downloaded and installed onto your computer at any time since 2005 via one of comScore's bundling partners and you used your computer in interstate commerce and/or communication. More detailed information concerning the Class can be found at www[settlementwebsite.net].

### What Can I Get From the Settlement?

If you are a Settlement Class member and the Court approves the Settlement, you may be entitled to money. Each Settlement Class member who submits a valid claim will be entitled to an equal (known as *pro rata*) share of the $14,000,000 settlement fund. Class members who wish to better understand the expected amount that will be paid to individual class members based on the current number of claims filed can contact Class Counsel for further information at XXX-XXX-XXXX.

The Settlement also requires comScore to take certain steps to modify its disclosures and the process for obtaining consent for the download and installation of its software. The Settlement Agreement available at www[settlementwebsite.net] describes the full details of the Settlement terms.

### How Do I Submit a Claim for Payment?

To qualify for a cash payment, you must submit a timely and properly completed claim form signed under penalty of perjury. You may submit this online at [website] no later than [deadline], or you may mail a completed claim form **postmarked no later than [deadline]** to *Dunstan et al. v. comScore, Inc.,* Settlement Administrator, [address]. Only claims that meet the requirements of the Settlement Agreement will be eligible for payment.

### What are My Other Options?

You will be a member of the Settlement Class unless you exclude yourself from the Settlement. If you do not wish to be a Settlement Class member, you may exclude yourself by sending a letter to the settlement administrator no later than [deadline]. If you choose to exclude yourself, you give up your right to any payment or to object to the Settlement, but you retain any rights you may currently have to sue comScore over the legal issues in this action. If you choose to bring your own lawsuit, you will have to hire and pay for your own lawyer.

You and/or your lawyer also have the right to appear before the Court and/or object to the proposed Settlement. Objecting is telling the Court you don't like something about the Settlement. You can object ONLY if you stay in the Settlement Class. Your written objection must be filed with the Court and delivered to the attorneys for all parties to the lawsuit no later than **[objection/exclusion deadline]**. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www[settlementwebsite.net].

If you do nothing you will remain a Settlement Class member, and if the Court approves the Settlement, you will be bound by all orders and judgments of the Court. However, you need to timely submit a valid claim form to get a payment. If the Settlement is approved, your claims relating to the alleged unauthorized collection of data through comScore's software will be fully and finally resolved and released.

### Who Represents Me?

The Court has appointed lawyers from Edelson PC that brought the lawsuit to represent the Class. These attorneys are referred to as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### When will the Court Consider the Proposed Settlement?

The Court will hold the "Final Approval Hearing" to determine the fairness of the Settlement on **[date]** in the United States Courthouse, 219 South Dearborn Street, Courtroom 2141, Chicago, IL, 60604. There, the Court will hear any objections concerning the Settlement. The hearing may be postponed to a different date or time without notice. You are not required to come to this hearing.

At the hearing to determine the fairness of the settlement, Class Counsel will ask the Court for attorneys' fees of up to 1/3 of the settlement fund and for expenses incurred investigating the facts, litigating the case, and negotiating the Settlement. The Court has also appointed Class Representatives, and Class Counsel will ask the Court for an incentive award of $11,000 to each of these individuals for their services in helping bring and settle this case, which will be paid from the Settlement fund. The Court may award less than these amounts.

### How Do I Get More Information?

This Notice is only a summary of the lawsuit and proposed settlement. For more information including the full notice, go to www[settlementwebsite.net], contact the settlement administrator at (XXX) XXX-XXXX or [address], or call Class Counsel at 1-866-354-3015.

By Order of the Court Dated: **[date]**

# EXHIBIT G

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS</u>

# IF COMSCORE, INC.'S SOFTWARE, CALLED RELEVANTKNOWLEDGE OR PREMIEROPINION, HAS BEEN INSTALLED ON YOUR COMPUTER, CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.

*A federal court authorized this notice. You are <u>not</u> being sued.  It is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against comScore, Inc. ("comScore").  The class action lawsuit is about whether comScore collected information from consumers' computers through its data collection software without getting their consent.
- The Court decided this lawsuit should be a class action and you are included if you had comScore's software downloaded and installed on your computer at any time since 2005 and you used your computer in interstate commerce and/or communication.  For an explanation of what it means to use your computer in interstate commerce and/or communication [click here]
- Those included the Settlement will be eligible to receive an equal share of the settlement fund that comScore has agreed to establish, and each individual who submits a valid claim will receive an equal (known as *pro rata*) share of the $14,000,000 settlement fund, after notice and settlement costs, incentive awards and attorneys' fees, are first paid.  comScore has also agreed to take certain steps to modify its disclosures and the process for obtaining consent for the download and installation of its data collection software.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | This is the only way to receive a payment. |
| DO NOTHING | You will receive no payment under the Settlement, and will give up your rights to sue the Defendant about the issues in this case. |
| ASK TO BE EXCLUDED FROM THE SETTLEMENT | You will receive no payment under the Settlement, but you will keep any rights you may have to separately sue the Defendant about the same legal issues resolved by this Settlement. |
| OBJECT TO THE SETTLEMENT | Write to the Court explaining why you don't like the Settlement. |
| GO TO THE SETTLEMENT HEARING | Ask to speak in Court about the Settlement |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court still has to decide whether to approve the Settlement.  Payments will be provided only after any issues with the Settlement are first resolved by the Court.  Please be patient.

# BASIC INFORMATION

## 1. Why was this notice issued?

A Court authorized this Notice to let you know about a proposed Settlement with the Defendant. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge James F. Holderman of the U.S. District Court for the Northern District of Illinois is overseeing this class action. The case is known as *Dunstan et. al v. comScore, Inc.*, No 1:11-cv-05807. The people who sued are called the Plaintiffs. The company they sued, comScore, is called the Defendant.

## 2. What is a class action and what is this lawsuit about?

In a class action, one or more people called "Class Representatives" (in this case, Jeff Dunstan and Mike Harris") sue on behalf of a group of people who have similar claims. Together, these people are called a "Class" or "Class Members." In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Before there was a Settlement, the Court decided that this lawsuit should be a class action.

# THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

## 3. What is this lawsuit about?

The lawsuit alleges that comScore uses its data collection software to unlawfully collect information from consumers' computers. In particular, the lawsuit claims that comScore bundles its data collection software (called "RelevantKnowledge" or "PremierOpinion") with free digital products so that when consumers download the free products, they also download comScore's software. The lawsuit claims that comScore violated federal privacy laws—specifically the Stored Communications Act, the Electronic Communications Privacy Act, and the Computer Fraud and Abuse Act—by using its software to collect information from consumers' computers without consent.

comScore denies the allegations and is entering into the Settlement to avoid burdensome and costly litigation. The Settlement is not an admission of wrongdoing, and the Court has not decided in favor of Plaintiffs or comScore.

More information about the Plaintiffs' complaints filed in the lawsuit and the Defendant's answers can be found in the "Court Documents" section of this website.

## 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than years from now, if at all. The Class Representatives and their attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT

You need to determine whether you are affected by this Settlement.

| 5. Am I part of the Settlement? |
| --- |

The Court decided that this Settlement includes a Class of "all individuals who, at any time since 2005, had comScore's data collection software downloaded and installed on their computers via a bundling partner, and used their computer in interstate commerce and/or communication." Everyone who fits this description is a member of the Class.

If you downloaded and installed one of the two versions of comScore's data collection software (called "RelevantKnowledge" or "PremierOpinion"), then you most likely did so through one of comScore's bundling partners. All of the data collection software covered by this Settlement was distributed by comScore through the internet using "bundling partners." Bundling partners are individuals or companies who distribute their own software (like screensavers or photo editing software) for free over the internet (called "freeware") and, through an agreement with comScore, have "bundled" comScore's data collection software with the downloadable freeware. So, if you were to download a free screensaver from one of comScore's bundling partners, you may have been asked to install comScore's data collection software over the course of the screensaver's installation, and if you did so, then you would likely be a member of the Class.

If you're still not sure whether you used your computer in interstate commerce and/or communication or downloaded the software through a bundling partner, then view the frequently asked questions ("FAQs") section of this website [link] for further explanation. You can also call the Class Action Administrator at [1-XXX-XXXX]. Or, you can get free help by calling or writing the lawyers in this case, at the phone number and address listed in questions 8 and 19.

| 6. What is comScore's software and what does it do? |
| --- |

The data collection software relevant to this Settlement (called "RelevantKnowledge" or "PremierOpinion") is distributed by comScore through the internet in bundled software packages. For example, a person may be asked to install comScore's software after that person downloads and then installs a free screensaver that was "bundled" with comScore's data collection software.

Once comScore's data collection software is installed on a computer, it collects different types of data and sends much of that information back to comScore for analysis, packaging, and sale to comScore's clients, often in the form of anonymized, aggregated consumer reports. The types of data collected by the software include, for example, the websites that are visited, the information that is inputted into visited websites, and information concerning the computer itself (like whether the computer has a word processing program installed).

To see if comScore's software is (or was) installed on your computer, view the FAQs [link]. You can also call the Class Action Administrator at [1-XXX-XXX-XXXX]. Or, you can get free help by calling or writing the lawyers in this case, at the phone number and address listed in questions 8 and 19.

3

## 7. How do I know if comScore's software was installed on my computer?

If comScore's data collection software was (but is no longer) installed on your computer, you, or someone with access to your computer, must have removed it at some point. There are a few ways this could have happened. In many cases, the software is removed using Windows' Add/Remove Programs function (known as "Programs and Features in Vista and Windows 7), which is a step a person would have to initialize (it doesn't happen automatically). It is often possible to access the Windows System Logs to see if the software was removed in the past using the Add/Remove Programs function.

In other cases, the software may have been removed by an Anti-Virus program. If this happened to you, you would have seen a report from your Anti-Virus program indicating that RelevantKnowledge or PremierOpinion was detected and then removed from your computer.

RelevantKnowledge or PremierOpinion could presently be running on your computer. Just look in the "Programs" section of your computer's start menu for either of those programs.

To see if comScore's software is (or was) installed on your computer, view the frequently asked questions ("FAQs") [link]. You can also call the Class Action Administrator at [(###) ###-####] to ask if you are a member of the Settlement Class. Or, you can get free help by calling or writing the lawyers in this case, at the phone number and address listed in questions 8 and 19.

## 8. I'm still not sure if I am included?

If you are still not sure whether you are included, you can visit the website www[settlementwebsite.net] for more information. You can also get free help by calling the lawyers in this case at 1-866-354-3015.

# THE SETTLEMENT BENEFITS

## 9. What does the Settlement provide?

**Payments to Class Members:** As part of the Settlement, Class Members who submit valid claim forms before the deadline of [claims deadline] will each receive an equal (or *pro rata*) share of the monies in the Settlement Fund. The amount that class members will receive will be dependent on the total number of valid claim forms submitted by the Settlement Class Members. If the number of valid claims submitted by Class Members is low, then the amount of individual payments to those Class Members who submitted valid claims will go up, to a maximum of $11,000. But if the number of valid claims submitted by Class Members is high, then the amount of individual payments to those Class Members who submitted valid claims will go down. Class members who wish to better understand the expected amount that will be paid on valid claims based on the number of claims filed at that point can contact Class Counsel for further information at XXX-XXX-XXXX.

All un-cashed issued to Settlement Class Members and any monies remaining in the Settlement Fund that go unclaimed will be distributed to one or more not-for-profit organizations, institutions, and/or programs approved by the Court. A list of the proposed *cy pres* recipients will be posted on this website [**URL**] by [**Date**].

4

**Injunctive Relief:** comScore has also agreed to the entry of a Court order—called an injunction—designed to modify the disclosure and consent process for consumers who download and install its data collection software on their computers. In particular, it has agreed to (i) modify the terms of its user licensing agreement so it accurately discloses and identifies the information collected and the third party company collecting it, (ii) require its third party bundling partners to include a hyperlink to the software's terms and monitor the partners' compliance with their terms, (iii) provide consumers easy-to-understand instructions on how to uninstall the software, and (iv) continue to its practice of hiring a third party to perform audits of its compliance, except the audits will expand to account for the requirements of this Settlement and, in the case of noncompliance, correct any identified violations.

comScore has also agreed to pay for certain costs of sending notice to the Class and for administration costs of the Settlement. Additional information about the Settlement, including a more detailed description of the monetary and injunctive relief afforded to the Settlement Classes in the Settlement Agreement, is available in the "Court Documents" section of the www[settlementwebsite.net].

| 10. When will I get my payment? |
| --- |

The final hearing to consider the fairness of the Settlement is scheduled for [Fairness Hearing Date]. If the Court approves the settlement, and after any appeals process is completed, eligible Class Members whose claims were approved by the Settlement Administrator will be sent a check. Please be patient. All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

| 11. How do I get benefits? |
| --- |

If you are a Class Member and you want to participate in the Settlement, you must complete and submit a truthful Claim Form by [Claims Deadline]. Claims Forms can be found and submitted on-line or you may have received a Claim Form by email or in the mail with a summary of this notice. To submit a Claim Form on-line or to request a paper copy to submit it by mail, go to www[settlementwebsite.net].

## THE LAWYERS REPRESENTING YOU

| 12. Do I have a lawyer in this case? |
| --- |

Yes, the Court has appointed lawyers Jay Edelson, Rafey S. Balabanian, Chandler R. Givens, and Benjamin S. Thomassen from Edelson PC as the attorneys to represent you and the other Class Members. These attorneys are called "Class Counsel." The contact information for the lawyers in this case appear in section XX below.

| 13. Should I get my own lawyer? |
| --- |

You don't need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer yourself. For example, you can ask

your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

| **14. How will the lawyers get paid?** |
| --- |

Class Counsel will ask the Court for attorneys' fees of up to $4,662,000, and reimbursement of the expenses they incurred in prosecuting this case. Class Counsel will also ask the Court to award the Class Representatives $11,000 each for serving as the Plaintiffs in this case. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representatives. The Court may award less than the amounts requested. comScore will pay the amounts awarded by the Court in addition to the amounts paid to Class Members and for certain notice and administration costs.

## YOUR RIGHTS AND OPTIONS

| **15. What happens if I do nothing?** |
| --- |

If you do nothing, you won't get any payment or any other benefits under the Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims or legal issues being resolved by this Settlement.

| **16. What happens if I ask to be excluded?** |
| --- |

If you exclude yourself from the Settlement, you can't claim any money or receive any benefits as a result of the settlement. You will keep your right to start your own lawsuit against comScore for the same legal claims made in this lawsuit. You will not be legally bound by the Court's judgments related to the Class and Defendant in this class action.

| **17. How do I ask to be excluded?** |
| --- |

You can ask to be excluded from the Settlement. To do so, you must send a letter stating that you want to be excluded from the Settlement in *Dunstan et. al v. comScore, Inc.*, No 1:11-cv-05807. Your letter must also include (1) your full name, telephone number, current address, and the email address used while comScore's software was on your computer; (3) a statement that you installed comScore's software on your computer and the version of the software (i.e., RelevantKnowledge or Premier Opinion) (or, if you can't provide that information), a statement why you believe you are a member of the Settlement Class. You must mail your exclusion request no later than [objection/exclusion deadline] to:

*Dunstan et al. v. comScore, Inc.* Settlement Administrator
0000 Street
City, ST 00000

You can't exclude yourself on the phone or by fax or email.

## 18. If I don't exclude myself, can I sue the Defendant for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue the Defendant for the claims in this lawsuit and resolved by this Settlement.

## 19. How do I object to the Settlement?

If you're a Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Dunstan et. al v. comScore, Inc.*, No 1:11-cv-05807.  Your letter or brief must also (1) identify the reasons for your objections (including citations and supporting evidence) and attach any materials you are relying on to make your objections; (2) your full name, telephone number, current address, and the email address used while comScore's software was on your computer; (3) a statement that you installed comScore's software on your computer and the version of the software (i.e., RelevantKnowledge or Premier Opinion) or, if you can't provide that information, a statement why you believe you are a member of the Settlement Class; and (4) indicate whether you want to appear and speak at the Final Approval Hearing, with our without your own lawyer, and also state the number of objections that you or your lawyer has made to any other class action settlement (*see* Questions XX-XX).  Your objection and any supporting papers must be filed with the Court and mailed or delivered to Class Counsel and comScore's counsel at the following addresses, postmarked no later than [deadline].

| Court | Class Counsel | Defendant's Counsel |
|-------|---------------|---------------------|
| *Dunstan v. comScore*, No. 11-5807 Clerk of the US District Court Everett McKinley Dirksen Building & United States Courthouse 219 South Dearborn Street, Chicago, IL 60604 | Jay Edelson Rafey S. Balabanian Chandler Givens Benjamin Thomassen Edelson PC 350 North LaSalle St Suite 1300 Chicago, IL 60654 | Andrew H. Schapiro Stephen Swedlow Michelle Schmit Quinn Emanuel Urquhart & Sullivan, LLP 500 West Madison St Suite 2450 Chicago, IL 60661 |

Class Counsel will file with the Court and post on this settlement website its request for attorneys' fees two weeks prior to [objection/exclusion deadline].

## 20. What's the difference between objecting to the Settlement and excluding myself?

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object to the Settlement only if you stay in the Class (i.e., don't exclude yourself from the Settlement). Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at ___ a.m./p.m. on [date], 2014 before Judge James F. Holderman in Courtroom 2141 of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. The purpose of this hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representatives. At that hearing, the Court will listen to any objections and arguments concerning the fairness of the Settlement. The hearing may be postponed to a different date or time without notice. If you timely objected to the Settlement and told the Court that you intend to appear and speak at the Final Approval Hearing you will receive notice of any change in the date of that hearing.

### 22. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed and mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay another lawyer to attend, but you don't have to.

### 23. May I speak at the hearing?

Possibly. You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include a statement in your letter or brief objecting to the Settlement saying that it is your "Notice of Intent to Appear in *Dunstan et. al v. comScore, Inc.*, No 1:11-cv-05807." You must also include your full name, telephone number, current address, and the email address used while comScore's software was on your computer; the version of comScore's software that was on your computer (i.e., RelevantKnowledge or Premier Opinion), and a statement that you downloaded the software while residing in the United States or one of its territories or used your computer to access the internet (or, if you can't provide that information, a statement why you believe you are a member of the Settlement Class). If a lawyer will be appearing on your behalf, you also need to include the name and address of your lawyer. Your objection and notice of intent to appear must be filed with the Court and mailed to Class Counsel and comScore's counsel no later than [date], 2014. You cannot speak at the Final Approval Hearing if you exclude yourself from the Settlement.

## GETTING MORE INFORMATION

### 24. How do I get more information?

You can visit www[settlementwebsite.net] for Court Documents and updated information about the lawsuit and the Settlement as it becomes available. You may also call the Settlement Administrator at [1-XXX-XXXX] or contact Class Counsel at (866) 354-3015 (*see* Question 8 above), if you have

any questions.  Before doing so, however, please read this full Notice carefully.  You may also find additional information elsewhere on this website.  Questions may not be directed to the Court.  **PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT**

**QUESTIONS? 1-XXX-XXXX TOLL FREE, OR VISIT WWW[SETTLEMENTWEBSITE.NET]**

# EXHIBIT H
## [FILED PROVISIONALLY UNDER SEAL]