IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>COMSCORE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:11-cv-5807<br><br>Hon. James F. Holderman<br><br>Magistrate Judge Young B. Kim |

## **PRELIMINARY APPROVAL ORDER**

This matter having come before the Court on the motion of Plaintiffs for preliminary approval (the "Motion for Preliminary Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiffs Mike Harris and Jeff Dunstan (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class, and Defendant comScore, Inc. ("Defendant"), as set forth in the Parties' Stipulation of Class Action Settlement (the "Agreement" or "Settlement"), and having duly considered the papers and arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.  Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

2.  The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that there is cause to believe that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, and (iii) with respect to the form of notice of the material terms of the

Agreement to Settlement Class Members for their consideration and reaction (Exhibit A to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

3. On April 2, 2013, the Court granted in part Plaintiffs' motion for class certification and certified the following class and subclass:

> All individuals who have had, at any time since 2005, downloaded and installed comScore's tracking software onto their computers via one of comScore's third party bundling partners.

4. By Minute Order entered November 12, 2013, the Court granted the Parties' stipulated request to modify the class definition and modified the definition of the class to:

> All United States residents who have had, at any time since 2005, comScore's tracking software downloaded and installed on their computers via one of comScore's third party bundling partners.

5. Pursuant to the Agreement, as well as Federal Rules of Civil Procedure 23(b)(3) and (c)(1)(C), the Court hereby modifies the definition of the class as follows:

> All individuals who, at any time since 2005, had comScore's Data Collection Software downloaded and installed on their computers via a bundling partner, and used their computer in interstate commerce and/or communication.

6. The Court hereby confirms the appointment of Plaintiffs Mike Harris and Jeff Dunstan as the Class Representatives.

7. The Court hereby confirms the appointment of Jay Edelson, Rafey S. Balabanian, Chandler R. Givens and Benjamin S. Thomassen of Edelson PC, as Class Counsel.

8. On October 1, 2014 at 1:00 P.M. in courtroom 1801 of the Everett McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Class

Counsel's application for attorneys' fees and expenses, and incentive awards to Plaintiffs, should be granted, and in what amount. No later than August 20, 2014, Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses, and the incentive awards to the Class Representatives. No later than September 17, 2014, Plaintiffs must file papers in support of final approval of the Settlement and respond to any written objections. Defendants may (but are not required to) file papers in support of final approval of the Settlement, so long as they do so no later than September 17, 2014.

9. Pursuant to the Agreement, KCC Class Action Services ("KCC") is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order. To aid in the efficient submission of Claim Forms, the Agreement provides for Settlement Class Members to submit Claim Forms either online without the need for a written signature or in paper with a written signature. However, by submitting an online Claim Form, such Settlement Class Members shall be bound to the same extent as if they had used a manual signature.

10. The Court approves the proposed Notice Plan for giving notice to the Settlement Class (i) directly (using e-mail, post card, and "push" notice through comScore's software as installed on certain Settlement Class members' computers), (ii) through publication and an online media campaign, and (iii) by establishing a Settlement Website at the web address of http://www.datacollectionsettlement.net, as more fully described in the Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than July 21, 2014, in accordance with the terms of the Agreement.

11. Each person who meets the definition of the Settlement Class and who wishes to exclude themselves from the Settlement Class must submit his or her request for exclusion in writing, identifying the case caption *Harris v. comScore*, 1:11-cv-05807 (N.D. Ill.), and providing his, her or its current address, telephone number, the e-mail address used when OSSProxy was installed on the Person's computer, and current e-mail address (if different), a signature, and a statement that he, she or it is a member of the Class and wishes to be excluded for purposes of this Settlement. Any requests to be excluded that do not include all of the foregoing information, that are sent to an address other than that designated in the Notice, or that are not postmarked within the time specified shall be invalid, and the Persons listed in such a request shall be members of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved. All requests to be excluded must be received by the Settlement Administrator no later than the Objection/Exclusion Deadline, which is September 3, 2014.

12. Any member of the Settlement Class may comment in support of or in opposition to the Settlement; *provided, however*, that all comments and objections must be filed with the Court and received by Class Counsel and Defendant's Counsel prior to the Objection/Exclusion Deadline, which is September 3, 2014. A Settlement Class Member who objects to the Settlement need not appear at the Final Approval Hearing for his or her objection to be considered by the Court; however, to be valid, any objection and all papers, briefs, pleadings, or other documents that any objector would like the Court to consider ("Objections") must be filed with the Court, with a copy delivered to Class Counsel and Defendant's Counsel, no later than Objection/Exclusion Deadline approved by the Court and specified in the Notice. All Objections shall include the caption *Harris v. comScore*, Case No. 1:11-cv-05807 (N.D. Ill.), and provide (i)

his/her full name, current address, telephone number, the e-mail address used when OSSProxy was installed on the Person's computer, and current e-mail address (if different), (ii) an affirmation that OSSProxy was installed on the Person's computer and that he, she or it is a member of the Settlement Class, and (iii), in the absence of any of the above information, an explanation as to why the Person believes he, she or it is a member of the Settlement Class; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); provide a statement as to the number of objections made to any class action settlement by the objector or their counsel and whether the objector intends to appear at the Final Approval Hearing with or without counsel. While that declaration is *prima facie* evidence that the objector is a member of the Settlement Class, Plaintiffs or Defendant or both may take any objector's deposition or request documents from any objector regarding the matter, subject to Court approval.

13. If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and the incentive awards in accordance with the deadline and procedure set forth in the Notice, and the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must file a notice of intention to appear with the Court and serve a copy upon Class Counsel and Defendant's Counsel no later than Objection/Exclusion Deadline, and comply with all other requirements of the Court for such an appearance.

14. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of Paragraph 12, above and as detailed in the Notice, and at the same time provide copies to Class Counsel and Defendant's Counsel, shall not be permitted to object to the

Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means and shall be deemed to have waived his, her or its objections and be forever barred from making any such objections in the Action or any other related action or proceeding.

15. The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to denies the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent the Parties from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

16. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

//

//

Dated this 6th day of June, 2014.

_____
JAMES F. HOLDERMAN
UNITED STATES DISTRICT JUDGE

7