## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MIKE HARRIS and JEFF DUNSTAN, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> COMSCORE, INC., a Delaware corporation, <br><br> Defendant. | Case No. 1:11-cv-5807 <br><br> Hon. James F. Holderman <br><br> Magistrate Judge Young B. Kim |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

The Court has considered the Parties' Class Action Settlement Agreement entered into by Plaintiffs Mike Harris and Jeff Dunstan, individually and as Class Representatives, and Defendant comScore, Inc. (dkt. 345-2), as well as Plaintiffs Motion for Final Approval of the Settlement Agreement (dkt. 363), Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award (dkt. 358), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on October 1, 2014, and the record in the Action, and good cause appearing,

It is hereby ORDERED, ADJUDGED, and DECREED THAT:

1. Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3. On June 6, 2014, the Court granted Preliminary Approval to the Settlement Agreement and modified the definition of the certified class to apply to the following Settlement Class:

Case: 1:11-cv-05807 Document #: 369 Filed: 10/01/14 Page 2 of 7 PageID #:6817

> All individuals who, at any time since 2005, had comScore's Data Collection Software downloaded and installed on their computers via a bundling partner, and used their computer in interstate commerce and/or communication.

(Dkt. 353.)

4. The notice provided to the Settlement Class pursuant to the Settlement Agreement and order granting Preliminary Approval (dkt. 353), including (i) direct notice to the Settlement Class via email, U.S. Mail, and "web pop" or "push" notice to Settlement Class members' computers, (ii) publication in *Parade*, *People*, and *Rolling Stone* magazines, (iii) interactive Settlement Website, (iv) a dedicated toll-free number, and (v) an extensive online media campaign, fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

5. Class Member Leora Brown of Casa Grande, AZ has submitted a valid request to be excluded from the Settlement Class and is hereby excluded. No Class Member has objected to any of the terms of the Settlement Agreement.

6. The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice, and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

7. This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair

value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to the disputed factual and legal circumstances of and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arms' length negotiations between the Parties, including negotiations presided over by Magistrate Judge Young B. Kim of this District, support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

8. The Court has specifically considered the factors relevant to class settlement approval, *see*, *e.g.*, *Synfuel Techs., Inc.* v. *DHL Express (USA), Inc.,* 463 F.3d 646, 653 (7th Cir. 2006), including, *inter alia*, the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of Class Counsel, and the stage of the proceedings and amount of discovery completed at the time of settlement, and upon consideration of such factors finds that the settlement is fair, reasonable, and adequate to all concerned. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

9. The Court finds that the Class Representatives and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

10. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

11. This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

12. On or before October 22, 2014, Plaintiffs and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims) and to the extent the Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors; and, to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them, shall be deemed to have released Defendant comScore, Inc., as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, and Persons, firms, trusts, and corporations, officers, directors, other individuals or entities in which the Defendant has a controlling interest or which is affiliated with it, from any and all

actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations(including "Unknown Claims" as defined in the Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Stored Communications Act, the Electronic Communications Privacy Act, or the Computer Fraud and Abuse Act, a contract, or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged monitoring of and collecting data from Plaintiffs' computers using OSSProxy, including but not limited to all claims that were brought, alleged, argued, raised, or asserted in the Action.

13. On or before October 22, 2014, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

14. The Court has also considered Plaintiff's Motion for attorneys' fees to Class Counsel and adjudges that the payment of $4,662,000 is fair and reasonable as the market price for legal services based on a hypothetical *ex ante* bargain between the Settlement Class and Class

5

Counsel. *Sutton* v. *Bernard*, 504 F.3d 688, 692 (7th Cir. 2007); *see also Williams* v. *Rohm and Haas Pension Plan*, 658 F.3d 629, 635 (7th Cir. 2011). In addition, the Court awards Class Counsel its unreimbursed actual costs and expenses in the amount of $101,069.13. Such payments shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

15. The Court has also considered Plaintiffs' Motion and supporting declarations for an incentive award to the Class Representatives. The Court adjudges that the payment of an incentive award in the amount of $11,000 to each of the named Class Representatives, to compensate them for their efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16. All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within ninety (90) days of issuance shall be directed evenly to The Center for Privacy and Technology at Georgetown University Law Center, and the Stanford University Security Laboratory, which the Court approves as appropriate *cy pres* recipients. Based on the number of Class Member claims, no funds will remain in the Settlement Fund for *cy pres* distribution.

17. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

18. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as

they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

19. Without affecting the finality of this Final Judgment for purposes of appeal, until October 22, 2014 the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

20. This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Court Judge

Date: October 1, 2014